**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Southern Division)**

| | |
|---|---|
| **PALM TRAN, INC. – AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN**<br>**301 N. Olive Avenue**<br>**West Palm Beach, FL 33401**<br><br>**– Individually and on Behalf of All Others Similarly Situated –**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**EMERGENT BIOSOLUTIONS INC.**<br>**400 Professional Drive, Suite 400**<br>**Gaithersburg, MD 20879**<br>**(Montgomery County)**<br><br>**ROBERT G. KRAMER SR.**<br>**400 Professional Drive, Suite 400**<br>**Gaithersburg, MD 20879**<br>**(Montgomery County)**<br><br>**RICHARD S. LINDAHL**<br>**400 Professional Drive, Suite 400**<br>**Gaithersburg, MD 20879**<br>**(Montgomery County)**<br><br>**SYED T. HUSAIN**<br>**400 Professional Drive, Suite 400**<br>**Gaithersburg, MD 20879**<br>**(Montgomery County)**<br><br>    **Defendants.** | **Case No. 8:21-cv-955-PX** |
| **ALAN I. ROTH,**<br>**5129 Dixie Hwy, Suite 105**<br>**Louisville, KY 40216,**<br>**Individually and On Behalf of All Others Similarly Situated,**<br><br>     **Plaintiff,** | **Case No. 1:21-cv-01189-CCB** |

|  |  |
|---|---|
| v. <br><br> **EMERGENT BIOSOLUTIONS INC.,** <br> **400 Professional Drive, Suite 400,** <br> **Gaithersburg, MD 20879,** <br><br> **and** <br><br> **ROBERT G. KRAMER,** <br> **400 Professional Drive, Suite 400,** <br> **Gaithersburg, MD 20879,** <br><br> **and RICHARD S. LINDAHL,** <br> **400 Professional Drive, Suite 400,** <br> **Gaithersburg, MD 20879,** <br><br> **and** <br><br> **SYED T. HUSAIN,** <br> **9310 Athena Circle, Suite 130** <br> **La Jolla, CA 92037,** <br><br> **Defendants.** |  |
| **STEPHEN M. WEISS, Individually and On Behalf of All Others Similarly Situated,** <br><br> **Plaintiff,** <br> v. <br><br> **EMERGENT BIOSOLUTIONS INC., ROBERT G. KRAMER, RICHARD S. LINDAHL and SYED HUSAIN,** <br><br> **Defendants.** | **Case No. 8:21-cv-01368-PX** |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT GRAND SLAM ASSET MANAGEMENT, LLC'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     PROCEDURAL BACKGROUND.......................................................................... 2

III.    STATEMENT OF FACTS ..................................................................................... 2

IV.     ARGUMENT........................................................................................................ 4

        A.    The Court Should Consolidate the Pending Actions ............................... 4

        B.    Movant Should Be Appointed Lead Plaintiff ......................................... 5

              1.    The Procedure Required by the PSLRA ...................................... 5

              2.    Movant Satisfies the Lead Plaintiff Requirements of the PSLRA.............. 6

                    a)    Movant Timely Moved for Appointment as Lead Plaintiff ............ 6

                    b)    Movant Has the Largest Financial Interest in the .......................... 7

                    Relief Sought by the Class........................................................... 7

                    c)    Movant Otherwise Satisfies the Requirements of Rule 23 ............. 7

        C.    The Court Should Approve Movant's Choice of Counsel..................................... 9

V.      CONCLUSION.................................................................................................... 10

Proposed Lead Plaintiff Grand Slam Asset Management, LLC ("Movant") submits this memorandum of law in support of the motion for: (i) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointment of Movant as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approval of Movant's selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel and Goldman & Minton P.C. ("Goldman & Minton") as Liaison Counsel.

## I.    PRELIMINARY STATEMENT

The above-captioned actions (together, the "Actions") are to the best of Movant's knowledge, the only federal securities class action lawsuits brought in this district against Emergent BioSolutions Inc. ("EBS" or the "Company") and the Individual Defendants (Robert G. Kramer, Sr., Richard S. Lindahl, Syed T. Husain) for violations of Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5) concerning the publicly traded securities of the Company, which trades on the New York Stock Exchange ("NYSE") under the symbol "EBS."  The original class period alleged in *Palm Trans, Inc. – Amalgamated Transit Union Local 1577 Pension Plan v. Emergent BioSolutions Inc., et al.*, 21-cv-955, and *Roth v. Emergent BioSolutions, Inc.*, et al., 21-cv-01189, was later expanded to April 24, 2020 through April 16, 2021 inclusive (the "Class Period") with the filing of *Weiss v. Emergent Biosolutions Inc., et al.*, 21-cv-01368-PX.

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Movant should be appointed as Lead Plaintiff because, to the best of counsel's knowledge: (1)

Movant has the largest financial interest in the relief sought by the Class because Movant acquired EBS securities and suffered at least $203,683.56 in losses as a result of Defendants' misconduct (*see* Guiney Decl., Ex. 3); and (2) Movant's claims are typical of the claims of the Class and they will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movant's selection of Wolf Haldenstein as Lead Counsel for the Class should be approved because the firm is eminently qualified and highly experienced in complex securities class actions and has the experience and resources to efficiently prosecute this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Exchange Act clearly provides that movants need not file their own complaint to serve as lead plaintiffs. Rather, lead plaintiff is any member of the putative class who has "either filed the complaint or made a motion in response to notice under subparagraph (A)(i)." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus, Movant is a proper and timely movant to serve as lead plaintiff under the express terms of the Exchange Act.

## II.    PROCEDURAL BACKGROUND

On April 19, 2021, May 14, 2021, and June, 2, 2021, the Actions were filed in this Court alleging, *inter alia*, violations of the Exchange Act on behalf of all persons and entities, other than Defendants and their affiliates, who had purchased shares during the Class Period and who were damaged thereby. On April 19, 2021, counsel for Plaintiff Palm Tran, Inc. – Amalgamated Transit Union Local 1577 Pension Plan published a notice of pendency of the class action, advising members of the proposed Class of their right to move this Court to serve as lead plaintiff no later than 60 days from the date of publication, by June 18, 2021. *See* Guiney Decl., Ex. 1.

## III.    STATEMENT OF FACTS

The Actions allege that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as SEC Rule 10b-5, by making materially false and misleading statements and material

omissions.   Specifically, the Actions allege that Defendants misrepresented and/or failed to disclose that: (1) EBS's Baltimore plant had a documented history of multiple citations by the FDA in connection with control and data manufacturing issues; (2) Emergent was the recipient of multiple citations by the FDA in connection with  quality control and data integrity issues; (3) EBS's Baltimore plant had a heightened risk of manufacturing problem including contamination risks; (4) the Company previously had to discard the equivalent of millions of doses of COVID-19 vaccines after workers at the Baltimore plant deviated from manufacturing standards;  and (5) as a result, Defendants' public statements about EBS's ability and capacity to mass manufacture multiple COVID-19 vaccines at its Baltimore manufacturing site were materially false and misleading and/or lacked a reasonable basis. *Palm Tran, Inc*., Compl., ¶¶ 23-29.[1]

When the truth was revealed, EBS's stock price declined precipitously from $92.91 at close on March 31, 2021 down to $80.46 at the close of trading on April 1, 2021 – a $12.45 drop equating to over a 13% decline in share price.  As additional information leaked into the market, EBS stock continued to decline closing at $78.62 per share on April 5, 2021 and subsequently from $77.64 on April 16, 2021 to close at $67.87 per share on April 19, 2021, when the Company revealed that "at the request of the FDA, Emergent agreed not to initiate the manufacturing of any new material at its Bayview facility and to quarantine existing material manufactured at the Bayview facility pending completion of the [FDA] inspection and remediation of any resulting findings."  *Weiss* Compl., ¶¶ 12-13.[2]

As a result of Defendants' wrongful acts and omissions, Movant and other Class members

---

[1] All citations to "*Palm Tran Inc*., Compl. ¶ __" are to the corresponding paragraph of ECF No. 1 in the *Palm Tran. Inc*., action (8:21-cv-00955-PX).

[2] All citations to "*Weiss*, Compl., ¶ __" are to the corresponding paragraphs of ECF No. 1 in the *Weiss* action (8:21-cv-01368-PX).

suffered significant losses and damages.  *Weiss* Compl., ¶ 14.

## IV.     ARGUMENT

### A.      The Court Should Consolidate the Pending Actions

Under the lead plaintiff provisions of the Exchange Act, 15 U.S.C. § 78u-4, *et seq*., if multiple actions involving "substantially the same claim or claims" are pending, the Court tasked with selecting the lead plaintiff should postpone that selection "until after the decision on the motion to consolidate is rendered.  As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Accordingly, the Actions should be consolidated pursuant to Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Broad discretion is given to the court under this rule to consolidate cases pending within the District.  9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (2d ed. 1987).

The Actions assert claims against the same Defendants and involve common questions of law and fact.  Specifically, the Actions allege that EBS materially misrepresented and/or failed to disclose that the Company's receipt of multiple citations from the FDA regarding quality control and data integrity issues and that EBS's Baltimore plant had a history of quality control and manufacturing issues and thus, presented a significant risk of manufacturing problems.  Further, the Actions allege that investors were misled regarding the Company discarding the equivalent of millions of doses of COVID-19 vaccines after workers deviated from manufacturing standards.  When actions involving a common question of law or fact are pending before a court, the court

may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. *See Stone v. Agnico-Eagle Mines, Ltd*., 280 F.R.D. 142, 143-44 (S.D.N.Y. 2012). In so doing, a district court has discretion in determining whether consolidation is appropriate. Here, there is no reason to proceed with two separate class actions covering the same putative classes and alleged wrongdoing.

Moreover, the consolidation of related proceedings pursuant to Rule 42(a) will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties: it would make little sense to have two competing class actions litigating the same dispute. *See* Manual for Complex Litigation ("Manual") § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).

Movant further requests, for the purpose of efficient and effective case administration, that additional class actions filed in or transferred to this Court, arising out of the same operative facts and alleging substantially the same causes of action, be similarly consolidated herewith and subject to the Court's order, as set forth in the [Proposed] Order. *See* Guiney Decl., Ex. 6.

### B.      Movant Should Be Appointed Lead Plaintiff

#### 1.      The Procedure Required by the PSLRA

The PSLRA governs the appointment of lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On April 19, 2021, notice was published on *Globe Newswire* in connection with the Actions, thus triggering the requirements of the PSLRA. *See* Guiney Decl., Ex. 1.

Second, within 60 days after publication of the first notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not he or she has previously filed a complaint in the action.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  That period of time expires on June 18, 2021.

Third, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by class members and shall appoint as lead plaintiffs the members of the class who the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. § 78u-4(a)(3)(B).

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –

    (aa)    has either filed the complaint or made a motion in response to a notice . . ;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2. Movant Satisfies the Lead Plaintiff Requirements of the PSLRA

### a) Movant Timely Moved for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA, Movant has timely moved to be appointed Lead Plaintiff within the requisite time frame on behalf of all members of the Class.  Movant has duly signed and filed a certification declaring Movant's willingness to serve as a representative party on behalf of the Class.  *See* Guiney Decl., Ex. 2.  In addition, Movant has selected and retained experienced and competent counsel to represent themselves and the Class.  *See* Guiney Decl., Ex. 4.

As Movant has filed the motion by the statutory deadline, Movant is entitled to be considered for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

6

### b)      Movant Has the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court must appoint as Lead Plaintiff the Class member or members who represent the largest financial interest in the relief sought by the action.  During the Class Period, Movant suffered losses of approximately $203,683.56 based on Class Period purchases of EBS securities, as a result of Defendants' misconduct.  *See* Guiney Decl., Ex. 3.  Therefore, Movant has a significant financial interest in this case.  Movant has not received notice of any other applicant having a greater financial interest in the Action.  Accordingly, Movant should be appointed as Lead Plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B).

### c)      Movant Otherwise Satisfies the Requirements of Rule 23

In addition to possessing a significant financial interest, the lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party is typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class.  *See* Fed. R. Civ. P. 23(a).  "'A wide ranging analysis under Rule 23 is not appropriate at this initial stage of the litigation and should be left for the Court's later consideration of a motion for class certification.'"  *Chamblee v. Terraform Power, Inc.*, Civil Action No. PX 16-981, 2016 U.S. Dist. LEXIS 98619, at *4 (D. Md. July 28, 2016) (quoting *In re USEC Securities Litigation*, 168 F. Supp. 2d 560, 566).  And of these four prerequisites, only two – typicality and adequacy – impact the analysis of competing motions for appointment as lead plaintiff.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *Chamblee*, 2016 U.S. Dist. LEXIS 98619, at *4.

Accordingly, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy requirements, and the court's inquiry into whether a movant satisfies the typicality and adequacy requirements need not be extensive.

The Rule 23(a) typicality requirements are satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the claims of other class members, and plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortgage Co.,* 2008 U.S. Dist. LEXIS 95506, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 4, 2008). However, Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.* Movant easily satisfies this requirement. As with every other member of the Class, Movant purchased EBS securities at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Movant's claims therefore arise from the same circumstances as those of all other Class members and may be proven based on the same legal theories as those the absent Class members could use to prove Defendants' liability. In that regard, Movant is identical to all other members of the Class.

Movant easily satisfies this requirement. Like all members of the Class, Movant held EBS common stock during the Class Period, and has suffered damages from Defendants' false and misleading statements and omissions contained in the Company's public statements and SEC filings. Movant's substantial financial interest indicates its incentive to vigorously represent the Class's claims. Because the claims asserted by Movant are based on the same legal theories as the Class, the "injury to the named plaintiff and the conduct affecting the class" is essentially identical. *Id.* Accordingly, the typicality requirement is met here.

In addition, Movant must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This adequacy requirement is satisfied where movants demonstrate that: (1) they

have "the ability and incentive to represent the claims of the class vigorously;" (2) they have "obtained adequate counsel;" and (3) there is no "conflict between [the movant's] claims and those asserted on behalf of the class." *See City of Monroe Employees' Ret. Sys v. Hartford Fin. Servs. Gp.*, 269 F.R.D. 291, 297 (S.D.N.Y. 2010). To demonstrate adequacy, Movant points to the damages suffered as a result of their purchases of EBS securities based on false and misleading statements and omissions contained in the Company's public statements and SEC filings. Movant is undoubtedly an adequate lead plaintiff because Movant's interests in aggressively pursuing the claims against Defendants are aligned with the interests of the members of the Class who were similarly harmed. Additionally, no evidence of conflict between the interests of Movant and the Class exists, and there is nothing to indicate that Movant will do anything but vigorously pursue the claims on behalf of the Class. Rather, Movant has expressed in the Certification its willingness to represent the Class as Lead Plaintiff. *See* Guiney Decl., Ex. 2.

Moreover, as demonstrated below, Movant has selected and retained competent, experienced counsel that is indisputably qualified to conduct this complex litigation in an efficient, effective, and professional matter. Lastly, Movant is not subject to unique defenses and there is no evidence that Movant seeks anything other than the greatest recovery for the Class consistent with the merits of the claims.

Accordingly, Movant satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### C.    The Court Should Approve Movant's Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class they seeks to represent. Movant has selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class. Wolf Haldenstein has more than four decades of extensive experience in successfully prosecuting complex securities

9

class actions and has frequently served as lead counsel in major actions in this and other courts. *See* Guiney Decl., Ex. 4. Wolf Haldenstein is unquestionably qualified to serve as Lead Counsel for the Class, and will provide the Class with the highest caliber of legal representation. Similarly, Goldman & Minton has extensive experience in prosecuting actions of this nature and is well-qualified to serve as liaison counsel. *See* Guiney Decl., Ex. 5.

As there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy – this Court should appoint Movant as Lead Plaintiff and approve Movant's selection of Wolf Haldenstein as Lead Counsel for the Class and Goldman & Minton as Liaison Counsel.

## V.    CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court: (1) consolidates the actions pursuant to Fed. R. Civ. P. 42(a); (2) appoints Movant as Lead Plaintiff in this action; (3) approves its selection of Wolf Haldenstein as Lead Counsel for the Class and Goldman & Minton as Liaison Counsel; and (4) grants such other relief as the Court may deem just and proper.

DATED: June 18, 2021                              RESPECTFULLY SUBMITTED,

/s/ Thomas J. Minton
Thomas J. Minton – No. 03370
**GOLDMAN & MINTON P.C.**
3600 Clipper Mill Road, Suite 201
Baltimore, MD 21211
Tel: (410) 783-7575
Fax: (410) 783-1711
tminton@chamcitylegal.com

*Proposed Liaison Counsel*

Matthew M. Guiney
Patrick Donovan
**WOLF HALDENSTEIN ADLER**

10

**FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
guiney@whafh.com
donovan@whafh.com

*Counsel for Movant and*
*Proposed Lead Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 18, 2021, I electronically filed the foregoing and all related documents with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Thomas J. Minton
Thomas J. Minton – No. 03370