# EXHIBIT D

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| PALM TRAN, INC. – AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EMERGENT BIOSOLUTIONS INC., ROBERT G. KRAMER SR., RICHARD S. LINDAHL, and SYED T. HUSAIN, <br><br> Defendants. | Civil No. 8:21-cv-00955-PX |
| ALAN I. ROTH, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EMERGENT BIOSOLUTIONS INC., ROBERT G. KRAMER SR., RICHARD S. LINDAHL, and SYED T. HUSAIN, <br><br> Defendants. | Civil No. 8:21-cv-01189-PX |
| STEPHEN M. WEISS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EMERGENT BIOSOLUTIONS INC., ROBERT G. KRAMER SR., RICHARD S. LINDAHL, and SYED T. HUSAIN, <br><br> Defendants. | Civil No. 8:21-cv-01368-PX |

**JOINT DECLARATION IN SUPPORT OF
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS
AND APPROVAL OF SELECTION OF COUNSEL**

We, Stefan Cowell and Robert D. Klausner, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the Nova Scotia Health Employees' Pension Plan ("NSHEPP") and the City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale P&F" and, collectively with NSHEPP, the "Funds"), pursuant to Federal Rule of Civil Procedure 42 and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for consolidation of the pending securities class actions on behalf of common stock investors of Emergent BioSolutions Inc. ("Emergent"), appointment as Lead Plaintiffs in the consolidated action, and approval of the Funds' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel (the "Lead Plaintiff Motion").

2.      We are informed of and understand the requirements and duties imposed by the PSLRA.  We each have personal knowledge about the information in this Joint Declaration relating to our own actions and the movant with which we are individually associated.

3.      As attested in the accompanying Certifications, NSHEPP and Fort Lauderdale P&F each purchased a significant number of shares of Emergent common stock during the alleged class period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this litigation.

4.      The Funds believe that the securities class action claims against Emergent are meritorious and should be led by dedicated and sophisticated institutional investors that are committed to maximizing the recovery on behalf of the class of investors.  Moreover, the Funds recognize that they are like-minded institutional investors, which suffered substantial losses in their Emergent stock investments and which have mutual shared interests in seeking to recover

1

their losses and those of the other class members through this litigation.  It is for these reasons that the Funds decided to seek joint appointment as Lead Plaintiff in this action.

5.      Prior to filing our Lead Plaintiff Motion, we each separately assessed the merits of this litigation and of seeking appointment as Lead Plaintiff with our counsel.  We then participated in a joint conference call with attorneys from Pomerantz, wherein we discussed the merits of this action, the status of the proceedings, the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, the Funds' ability to work together and to jointly fill the lead plaintiff role, and efforts to facilitate future communication and collaboration.

6.      The Funds understand and appreciate the Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to monitor this action to ensure it is prosecuted efficiently. Here, the Funds have fulfilled this responsibility by selecting and retaining Lead Counsel with a proven history of handling this type of complex litigation.  In this case, the Funds selected Pomerantz to serve as Lead Counsel.  Based on the Funds' work with Pomerantz in prior litigations, as well as the firm's experience in achieving substantial recoveries in securities class actions and individual securities lawsuits, the Funds believe that Pomerantz is well-qualified to jointly represent them as lead plaintiffs and to represent the class of investors.

7.      Pomerantz has been directed to prosecute this action in an efficient, cost-effective manner while obtaining the best possible result for the investor class.  The Funds will continue to supervise counsel and actively oversee the prosecution of the action for the benefit of the class of investors by, among other things, having personnel of NSHEPP and Fort Lauderdale P&F review pleadings, monitor the litigation and significant developments, instruct counsel, attend hearings as warranted, and oversee any future resolution-oriented discussions or negotiations.

2

8.      We are confident that NSHEPP and Fort Lauderdale can effectively collaborate with another and, if appointed lead plaintiffs, can efficiently and effectively oversee this litigation for the benefit of the class of Emergent investors.


[*The rest of this page is intentionally left blank*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to the Nova Scotia Health Employees' Pension Plan are true and correct to the best of my knowledge.

Executed this ___ day of ___June 14___, 2021.

_____
(signature)

Stefan Cowell
Chief Executive Officer
Nova Scotia Health Employees' Pension Plan

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing statements relating to the City of Fort Lauderdale Police & Firefighters' Retirement System are true and correct to the best of my knowledge.

Executed this 17th day of June, 2021.

_____
(signature)

Robert D. Klausner
General Counsel
City of Fort Lauderdale Police & Firefighters' Retirement System

5