UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| PALM TRAN, INC. – AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil No. PX-21-00955 CLASS ACTION |
| Plaintiff, | ) ) | |
| vs. | ) | |
| EMERGENT BIOSOLUTIONS INC., et al., | ) ) | |
| Defendants. | ) ) | |
| ALAN I. ROTH, Individually and on Behalf of All Others Similarly Situated, | ) ) | Civil No. PX-21-01189 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) | |
| EMERGENT BIOSOLUTIONS INC., et al., | ) ) | |
| Defendants. | ) ) | |
| STEPHEN WEISS Individually and on Behalf of All Others Similarly Situated, | ) ) | Civil No. PX-21-01368 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) | |
| EMERGENT BIOSOLUTIONS INC., et al., | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

4840-2814-8975.v1

## I.    INTRODUCTION

Presently pending in this District are three related securities class action lawsuits (the "Related Actions") on behalf of all persons or entities who purchased or otherwise acquired Emergent BioSolutions Inc. ("Emergent" or the "Company") common stock between April 24, 2020 through April 16, 2021 against Emergent and three of its executives, alleging violations of the Securities Exchange Act of 1934 ("1934 Act").[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, consolidation is appropriate because the Related Actions assert the same 1934 Act claims against identical defendants.  *See* Fed. R. Civ. P. 42(a).

Thereafter, the PSLRA directs courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, Western Pennsylvania Electrical Employees Insurance Trust Fund and Western Pennsylvania Electrical Employees Pension Fund (the "Western Pennsylvania Funds") should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Western Pennsylvania Funds' selection of Robbins Geller Rudman & Dowd LLP to serve as Lead Counsel and Silverman |

---

[1]    The Related Actions are: *Palm Tran, Inc. - Amalgamated Transit Union Local 1577 Pension Plan v. Emergent BioSolutions Inc.*, No. 8:21-cv-00955-PX (D. Md.), filed on April 19, 2021; *Roth v. Emergent BioSolutions In*c., No. 8:21-cv-01189-PX (D. Md.), filed on May 14, 2021; and *Weiss v. Emergent BioSolutions Inc.*, No. 8:21-cv-01368-PX, filed on June 2, 2021.  The *Palm Tram* action asserts a class period of July 6, 2020 through March 31, 2021 and the *Roth* and *Weiss* actions assert a class period of April 24, 2020 through April 16, 2021.  For purposes of this motion, the longest and most inclusive alleged class period is used (April 24, 2020 – April 16, 2021).  *See, e.g.*, *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of [the lead plaintiff] analysis, we use the longer class period with the earlier start date.").

Thompson | Slutkin | White LLC to serve as Local Counsel, should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND[2]

Emergent is a specialty biopharmaceutical company that develops vaccines and antibody therapeutics for infectious diseases. ¶3. Headquartered in Gaithersburg, Maryland, Emergent's common stock is traded on the New York Stock Exchange under the ticker "EBS." ¶19.

In response to the COVID-19 pandemic, Emergent signed a series of deals with Johnson & Johnson ("J&J") and AstraZeneca worth a combined $876 million to provide contract development and manufacturing organization services to produce the companies' COVID-19 vaccine candidates. ¶3. In April 2020, Emergent announced that it had entered into an agreement with J&J to manufacture J&J's COVID-19 vaccine candidate at the Company's Baltimore facility. Under the deal, Emergent would provide drug substance manufacturing services and reserve large-scale manufacturing capacity for J&J. ¶25.

The Related Actions allege that, during the Class Period, defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including that: (i) Emergent's Baltimore facility had a history of manufacturing issues increasing the likelihood for massive contaminations; (ii) the Baltimore facility had received a series of FDA citations as a result of these contamination risks and quality control issues; (iii) Emergent had been forced to discard millions of doses of COVID-19 vaccines after workers at the facility deviated from manufacturing standards; and (iv) as a result of the foregoing, Defendants' public statements about Emergent's ability and capacity to mass manufacture multiple

---

[2]    These allegations are based on the *Roth* complaint (the "Complaint"). All "¶__" and "¶¶__" references are to the Complaint.

COVID-19 vaccines at its Baltimore facility were materially false and/or misleading and/or lacked a reasonable basis. ¶37.

On March 31, 2021, *The New York Times* published an article reporting on the accidental contamination of COVID-19 vaccines developed by J&J and AstraZeneca at Emergent's Baltimore facility. The article reported that up to 15 million doses of J&J's vaccine were contaminated after Emergent employees had mixed up the ingredients of the two COVID-19 vaccinations in late February 2021, and that this contamination had gone undiscovered for days until J&J's quality control checks uncovered it. ¶¶38-39. On April 1, 2021, the *Associated Press* reported that the FDA had "repeatedly . . .cited Emergent for problems such as poorly trained employees, cracked vials and problems managing mold and other contamination around one of its facilities" and that an April 2020 FDA inspection of Emergent's Baltimore facility had revealed "a series of quality control shortcomings." ¶¶40-41. On this news, Emergent's stock declined over 13% from a close of $92.91 per share on March 31, 2021, to $80.46 per share at the close of trading on April 1, 2021. ¶42.

*The New York Times* published several additional articles concerning the problems at Emergent's Baltimore plant. For example, on April 3, 2021, it was reported that the Biden administration had made the "extraordinary move" of putting J&J in charge of Emergent's "troubled Baltimore manufacturing plant" and "moved to stop the plant from making [the] vaccine by AstraZeneca." ¶43. And on April 6, 2021 *The New York Times* reported that an "examination . . . of manufacturing practices at the Baltimore facility found serious problems, including a corporate culture that often ignored or deflected missteps and a government sponsor, the Biomedical Advanced Research and Development Authority, that acted more as a partner than a police officer." ¶44.

Then, on April 19, 2021, Emergent announced that "at the request of the FDA, Emergent agreed not to initiate the manufacturing of any new material at its Bayview facility and to quarantine

- 3 -

existing material manufactured at the Bayview facility pending completion of the [FDA's] inspection and remediation of any resulting findings." ¶47. On this news, Emergent's stock declined over 12% from a close of $77.64 per share on April 16, 2021, to close at $67.87 per share on April 19, 2021. ¶48.

As a result of defendants' wrongful acts and omissions, and the declines in the price of Emergent's common stock, the Western Pennsylvania Funds and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate when actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Indeed, "[c]onsolidation is often appropriate in the case of multiple securities fraud actions that are based on the same public statements and reports." *In re Royal Ahold N.V. Sec. and ERISA Litig*., 219 F.R.D. 343, 348 (D. Md. 2003). Moreover, "[a]ny differences in class period length or damages do not detract from the fact that all the actions involve common factual questions and allegations." *Id.*

The Related Actions here share sufficiently common legal and factual questions to warrant consolidation. The Related Actions, despite alleging different, yet overlapping, class periods, present virtually identical factual and legal issues, assert identical claims under the securities laws, and name identical defendants. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to

the parties from consolidation.   Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits.  Thus, consolidation is appropriate here.  *Id.*

## B.      The Western Pennsylvania Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  The Western Pennsylvania Funds meet each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.      The Western Pennsylvania Funds' Motion Is Timely

On April 19, 2021, a notice for the first-filed *Palm Tran* action was published on *Globe Newswire*, which advised class members of the pendency of the action, the alleged claims, its class definition, and the option of moving the Court to be appointed as lead plaintiff within 60 days, or by June 18, 2021.  *See* Declaration of William N. Sinclair in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Sinclair Decl."), Ex. A.  June 18, 2021 is a legal holiday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is June 21, 2021.  Because

- 5 -

4840-2814-8975.v1

the Western Pennsylvania Funds' motion was timely filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2.    The Western Pennsylvania Funds Possess the Largest Financial Interest

As indicated in their Certification and loss chart, the Western Pennsylvania Funds purchased 5,330 shares of Emergent common stock during the Class Period and suffered approximately $237,384 in losses.  *See* Sinclair Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the Western Pennsylvania Funds satisfy the PSLRA's "largest financial interest" requirement.

### 3.    The Western Pennsylvania Funds Otherwise Satisfy Rule 23

In addition to having the largest financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage of the litigation, courts focus on the typicality and adequacy requirements. *Knurr v. Orbital ATK, Inc*., 220 F. Supp. 3d 653, 658 (E.D. Va. 2016).  Only a *prima facie* showing of typicality and adequacy is required. *See Royal Ahold*, 219 F.R.D. at 350.  "The requirement of typicality is satisfied if the movant's claim arises from the same course of events as those of the other potential class members and relies on similar legal theories to prove the defendants' liability." *Id*.  "Adequacy depends on whether the movant 'has the ability to represent the claims of the class vigorously, whether it has obtained adequate counsel, and whether there is a conflict between the movant's claims and those asserted on behalf of the class.'" *Id.*  (citation omitted).

The Western Pennsylvania Funds satisfy the typicality requirement as they seek to represent a class of similarly situated purchasers of Emergent common stock and suffered a loss as a result of defendants' alleged misconduct.  Consistent with the PSLRA, the Western Pennsylvania Funds'

4840-2814-8975.v1

Certification sets forth their transactions in Emergent common stock during the Class Period. The Western Pennsylvania Funds have not conflated their own financial interest with the Emergent transactions of any third-party entities in which the Western Pennsylvania Funds may have invested. As such, the Western Pennsylvania Funds have a significant direct interest in the outcome of this Action, ensuring they will vigorously and adequately represent the class.

As institutional investors, the Western Pennsylvania Funds are familiar with the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake those responsibilities on behalf of the putative class in this case. *See* Sinclair Decl., Ex. B. Accordingly, the Western Pennsylvania Funds are precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see also City of Monroe Emps' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors.").

The Western Pennsylvania Funds' common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel (discussed below) confirm their satisfaction of the Rule 23 requirements.

## C.    The Western Pennsylvania Funds' Selection of Counsel Should Be Approved

The PSLRA provides that the most adequate plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v); *see also*

- 7 -

*Knurr*, 220 F. Supp. 3d at 662.   Here, the Western Pennsylvania Funds have selected Robbins Geller to serve as Lead Counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[3]  Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *id.*  ("There is no question that Robbins Geller is qualified to litigate this class action lawsuit—it has a long record of success in these types of cases."); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous").

Notably, in 2021, Robbins Geller has already recovered $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and in 2020, the Firm recovered $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) – the top two securities class action recoveries in 2020.  Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu*

---

[3]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 8 -

*v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

Additionally, the Pension Fund has selected Silverman Thompson, a firm with significant securities litigation and class action experience, to serve as Local Counsel. Accordingly, the Western Pennsylvania Funds' selection of counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions should be consolidated as they involve common legal and factual questions. Additionally, the Western Pennsylvania Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Western Pennsylvania Funds respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead and Local Counsel.

DATED:  June 21, 2021                                  SILVERMAN THOMPSON SLUTKIN
                                                                          & WHITE LLC
                                                                      ANDREW C. WHITE (VSB No. 08821)
                                                                      WILLIAM N. SINCLAIR (VSB No. 28833)


                                                                          s/ William N. Sinclair
                                                                      WILLIAM N. SINCLAIR

---

[4]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4840-2814-8975.v1

201 N. Charles Street, 26th Floor
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com

[Proposed] Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (*pro hac vice* to be filed)
JENNIFER N. CARINGAL(*pro hac vice* to be filed)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs

4840-2814-8975.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of June, 2021, a copy of the foregoing was electronically filed with Clerk of the Court by using the CM/ECF system, which will furnish electronic copies to all counsel.

Dated:  June 21, 2021                             /s/ William N. Sinclair
                                          William N. Sinclair, VSB No. 28833
                                          bsinclair@mdattorney.com

4840-2814-8975.v1