

**Matthew L. Tuccillo**
Partner

July 9, 2019

**Via Electronic Case Filing**

The Honorable Lucy H. Koh
United States District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

    *Melucci v. Corcept Therapeutics, Inc.*, No. 5:19-cv-1372-LHK-SVK (N.D. Cal.)

Dear Judge Koh:

    My firm, Pomerantz LLP ("Pomerantz") represents lead plaintiff movant the Nova Scotia Health Employees' Pension Plan ("NSHEPP") in this action. I write on behalf of NSHEPP to address the Court's concerns expressed in its Order of July 2, 2019 (Dkt. No. 55).

    The Court rejected NSHEPP's proposal, jointly submitted with competing lead plaintiff movant the "Ferraro Group," consisting of Mr. James Ferraro ("Ferraro") and the Ferraro Family Foundation (the "Foundation"), for a stipulated co-lead structure to oversee this securities fraud class action. NSHEPP made this proposal to ensure that, as a sophisticated institutional investor with over CAD $8.1 billion in assets and considerable experience overseeing securities fraud litigation, both as an individual opt out litigant (*see In re BP p.l.c. Securities Litigation*, MDL 2185 (S.D. Tex.)) and as a court-appointed PSLRA lead plaintiff (*see Edwards v. McDermott International, Inc.*, No. 4:18-cv-4330; lead plaintiff order appended hereto as Exhibit A), NSHEPP would oversee the important claims at issue. With NSHEPP at the helm, the Ferraro Group's Fed. R. Civ. P. 23 adequacy issues would diminish in importance.

    The Court's stated desire for a "cost-effective resolution of the instant case" and its view that having "two co-lead Plaintiffs in this single case" would be "excessive" strongly militate against appointing the Ferraro Group – which itself is a proposed co-lead plaintiff arrangement – to lead the prosecution of this action. The Ferraro Group's prior submissions to this Court have not provided *any* insights into the Foundation's assets, leadership structure, voting procedures, or litigation experience. *See, e.g., Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 WL 7348107, at *11-*12 (N.D. Cal. Jan. 12, 2006) (rejecting investor's lead plaintiff motion, despite claiming the greatest financial interest in the litigation by a $3.5 million margin,

mltuccillo@pomlaw.com

600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com

NEW YORK    CHICAGO    LOS ANGELES    PARIS

# POMERANTZLLP

The Honorable Lucy H. Koh
July 9, 2019
Page 2

after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, *inter alia*, its "authority, transparency, and structure"); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 425 (S.D. Tex. 2000) (rejecting lead plaintiff motion by investor group that "provided no meaningful information" regarding members); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (finding movant inadequate to serve as lead plaintiff where it "has not proffered any information regarding its identity, resources, and experience"). The Foundation's annual report, filed with the Florida Division of Corporations on February 11, 2019 and appended hereto as Exhibit B, indicates that it has *three* directors, and a public records search by NSHEPP's counsel uncovered under $5 million in Foundation ledger value assets. There is no evidence that the Foundation has ever been involved in overseeing litigation of *any* kind. No proffer was made as to how the Foundation's directors will vote (*e.g.*, simple majority vs. unanimous) on decisions relevant to the conduct of this action or how the Ferraro Group would weigh Mr. Ferraro's views against those of the Foundation. Nor was any proffer made as to Mr. Ferraro's experience overseeing securities fraud claims.

Thus, the Ferraro Group has failed to demonstrate why its appointment as lead plaintiff would not expose the class to unwarranted risks of disjointed decision-making and inefficient litigation oversight. Courts often decline to appoint proposed groups of investors as lead plaintiffs absent a proffer that the group can effectively and efficiently prosecute the litigation on behalf of the class. *See, e.g., Gemstar-Tv Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 450-51 (C.D. Cal. 2002) (denying investor group's lead plaintiff motion, despite having the largest articulated loss by a $12 million margin, where "group members provided little detail concerning the procedures they have implemented to 'provide for efficient prosecution of the action,'" they "provide[d] no explanation of...alleged 'procedures and rules that will govern [its] decision making process,'" and "there is no evidence that conflicts among group members would be resolved efficiently"); *Schriver v. Impac Mortg. Holdings, Inc.*, Nos. SACV 06-31 CJC (RNBx) *et al.*, 2006 WL 6886020, at *9 (C.D. Cal. May 2, 2006) (denying investor group's lead plaintiff motion, despite the largest articulated loss, because "it has not made the required preliminary showing of adequacy" due to a lack of "declarations by group members indicating how they intend to work together in the litigation..., outlining their qualifications," or indicating that they are even amenable to appointment as lead plaintiff as a separate group"); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479EJL-CWD, 2011 WL 759553, at *6 (D. Idaho Feb. 24, 2011) (denying investor group's lead plaintiff motion, despite the largest articulated loss, because "[i]nstead of explaining how [its] members...are prepared to work together to manage this litigation on behalf of the proposed class, the [group] has submitted merely boilerplate certifications discussing the stock purchases and alleged losses for the group's two members.").



The Honorable Lucy H. Koh
July 9, 2019
Page 3

By contrast, NSHEPP made a robust, uncontested proffer as to its adequacy to represent the class through efficient, coherent, decisive, and experienced oversight of this litigation. *See* Dkt. No. 32 at 7-8 and 12; Dkt. No. 51 at 5-6. NSHEPP is a sophisticated, institutional investor experienced in overseeing complex securities fraud litigation, both individually and on a class-wide basis. For these reasons, and those set forth in NSHEPP's prior filings (*see* Dkt. Nos. 32 and 51), which describe NSHEPP's financial interest in the litigation based on both its considerable economic loss and its retention of the greatest number of shares of any competing movant, NSHEPP is the "most adequate plaintiff" that is "most capable of adequately representing the interests of class members," within the meaning of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B). The class of Corcept investors at issue would be best served by NSHEPP's appointment as lead plaintiff and its choice of counsel, Pomerantz, as lead counsel. *See, e.g.,* *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) ("The underlying assumption of the PSLRA's lead plaintiff provisions is that the greater resources and litigation experience possessed by institutional investors makes them better equipped to serve as lead plaintiffs in securities class actions."); *In re Critical Path*, 156 F. Supp. 2d 1102, 1109 (N.D. Cal. 2001) ("[W]hile it may be true that losing a high percentage of one's net worth due to an alleged fraud contributes to one's desire to prosecute a lawsuit against the wrongdoer, that desire is no substitute for the experience and resources of an institutional investor with, presumably, an in-house legal team and experience in the securities business.").

On behalf of NSHEPP, I thank the Court for its time and attention. If the Court has any further questions or concerns, or if it wishes to entertain any additional briefing or docketed letters, I would respectfully request that the parties be given 8 days (until July 17, 2019) to do so. I am the Pomerantz Partner with primary responsibility for representation of NSHEPP in this and other litigations, and, unfortunately, I have suffered a death in my family within the past week and am scheduled to be out of the office the remainder of this work week.

Respectfully submitted,

Matthew L. Tuccillo

Encl.

Cc:  Counsel of record (via ECF)