UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| PALM TRAN, INC. – AMALGAMATED TRANSIT UNION LOCAL 1577 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | Civil No. PWG-21-00955 CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) | |
| EMERGENT BIOSOLUTIONS INC., et al., ) ) | |
| Defendants. ) ) | |
| ALAN I. ROTH, Individually and on Behalf of All Others Similarly Situated, ) ) | Civil No. PWG-21-01189 CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) | |
| EMERGENT BIOSOLUTIONS INC., et al., ) ) | |
| Defendants. ) ) | |
| STEPHEN WEISS Individually and on Behalf of All Others Similarly Situated, ) ) | Civil No. PWG-21-01368 CLASS ACTION |
| Plaintiff, ) ) | |
| vs. ) | |
| EMERGENT BIOSOLUTIONS INC., et al., ) ) | |
| Defendants. ) ) | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

4844-5022-6930.v1

Of the two remaining movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only Western Pennsylvania Electrical Employees Insurance Trust Fund and Western Pennsylvania Electrical Employees Pension Fund (the "Western Pennsylvania Funds") satisfy all of the requirements to be appointed as lead plaintiff. Without aggregating their losses, Nova Scotia Health Employees' Pension Plan ("NSHEPP") and the City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale P&F") do not have the largest financial interest – the Western Pennsylvania Funds do.[1]

NSHEPP and Fort Lauderdale P&F's only substantive argument against the Western Pennsylvania Funds' candidacy is that they have not provided any information about themselves to the Court. *See* ECF No. 35 at 11-13. That is a red herring. The Western Pennsylvania Electrical Employees Pension Fund has significant experience serving as lead plaintiff in securities litigation actions. *See, e.g.*, *Haroutunian v. Mentor Graphics Corp.*, No. 3:16-cv-00470-PK (D. Or.); *Steamfitters Local 449 Pension Fund v. Advanta Corp.*, No. 2:09-cv-04730-CMR (E.D. Pa.); *Backe v. Novatel Wireless, Inc.*, No. 3:08-cv-01689-H-RBB (S.D. Cal.); *W. Pa. Elec. Emps. Pension Fund v. Candela Corp.*, No. 1:08-cv-10551-DPW (D. Mass.). The Western Pennsylvania Funds' website also provides detailed descriptions of the funds: http://wpeebenefitfunds.com/wpee/, and the Western Pennsylvania Funds file publicly available Form 5500s with the U.S. Department of Labor[2] which contain detailed information including the number of participants, number of employers contributing

---

[1]    *See* ECF No. 34 at 2 (noting Western Pennsylvania Funds' loss of $237,384 compared to NSHEPP's $190,726 loss and Fort Lauderdale P&F's $135,113 loss); *see also* ECF Nos. 20-3, 16-4.

[2]    *See* https://www.efast.dol.gov/portal/app/disseminatePublic?execution=e2s1.

to each plan, and financial statements.  In short, there is a wealth of public information about the Western Pennsylvania Funds beyond prior service as lead plaintiff in securities cases.[3]

NSHEPP and Fort Lauderdale P&F's attempt to characterize the Western Pennsylvania Funds as a similarly artificial grouping also fails.  *See* ECF No. 35 at 8.  As discussed in their opposition memorandum, although two Western Pennsylvania Funds are legally distinct, they are "essentially one person for purposes of the Reform Act."  *See, e.g., Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1157 n.11 (N.D. Cal. 1999).  Indeed, the Western Pennsylvania Funds' single Certification was signed by a single individual.  *See* ECF No. 20-2.  Surely NSHEPP and Fort Lauderdale P&F are not seriously contending that Mr. Dunleavy (the signatory) should have convened a conference call with himself to discuss his plans to oversee and direct the litigation.

By contrast, as an artificially created, lawyer-driven group – two unrelated investors from two different countries – whose losses were aggregated solely for the purposes of claiming a larger financial interest, NSHEPP and Fort Lauderdale P&F's competing motion should be denied.  In fact, the very same day the opposition briefs were filed in this case, counsel for NSHEPP and Fort Lauderdale P&F argued in *Nichols v. Romeo Power Inc.*, No. 1:21-cv-03362 (S.D.N.Y.) **against** such an artificial grouping: "[A]s an attorney-created assemblage of unrelated investors, the Yao Group is inadequate under Rule 23 and impermissible under the PSLRA and thus ineligible for the 'most adequate plaintiff' presumption – a point on which all competing movants agree."  *See* Ex. A attached hereto at 1-2.  As a similarly "attorney-created assemblage of unrelated investors,"

---

[3]    NSHEPP and Fort Lauderdale P&F's primary authority, *Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021), is inapposite as it involved an unknown individual who stated she was a homemaker and only provided information about her husband's assets, which did not "alleviate the Court's concern about whether [movant] possesses the requisite experience to supervise this high-stakes litigation. With a mere three years of experience in investing in securities, there is good cause to doubt that Li may be adequate to appreciate the nature of the role of Lead Plaintiff."  *Id.* at *4 (footnote omitted).

4844-5022-6930.v1

NSHEPP and Fort Lauderdale P&F are also "inadequate under Rule 23 and impermissible under the PSLRA" and their motion be denied.

NSHEPP and Fort Lauderdale P&F have not offered any proof that the Western Pennsylvania Funds cannot adequately represent the class or that the Western Pennsylvania Funds are subject to a unique defense.  Consequently, the Western Pennsylvania Funds should be appointed Lead Plaintiff and their selection of Lead Counsel should be approved.

DATED:  July 20, 2021

Respectfully submitted,

SILVERMAN THOMPSON SLUTKIN
  & WHITE LLC
ANDREW C. WHITE (VSB No. 08821)
WILLIAM N. SINCLAIR (VSB No. 28833)

s/ William N. Sinclair
WILLIAM N. SINCLAIR

201 N. Charles Street, 26th Floor
Baltimore, MD  21201
Telephone:  410/385-2225
410/547-2432 (fax)
awhite@mdattorney.com
bsinclair@mdattorney.com

[Proposed] Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (*pro hac vice* to be filed)
JENNIFER N. CARINGAL(*pro hac vice* to be filed)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiffs

- 3 -

4844-5022-6930.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2021, a copy of the foregoing was electronically filed with Clerk of the Court by using the CM/ECF system, which will furnish electronic copies to all counsel.

Dated:  July 20, 2021                               /s/ William N. Sinclair
                                          William N. Sinclair, VSB No. 28833
                                          bsinclair@mdattorney.com

4844-5022-6930.v1