**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-PWG |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: All Actions | |

**<u>LEAD PLAINTIFFS' MOTION TO PARTIALLY LIFT DISCOVERY STAY</u>**

Pursuant to 15 U.S.C. § 78u-4(b)(3)(B), Lead Plaintiffs Nova Scotia Health Employees' Pension Plan and City of Fort Lauderdale Police & Firefighter's Retirement System respectfully file this motion seeking a partial lift of the discovery stay automatically imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Specifically, Lead Plaintiffs seek timely discovery of: (1) all documents that Defendants have produced to government or regulatory agencies, including Congress, the Food and Drug Administration ("FDA"), the Department of Health and Human Services ("HHS"), the Biomedical Advanced Research and Development Authority ("BARDA"), and the Securities and Exchange Commission ("SEC"), or government-sponsored entities, like Operation Warp Speed ("OWS"), and correspondence with the same, with respect to investigations, audits, or inspections concerning the facilities of Emergent Biosolutions, Inc. ("Emergent"), including the Bayview facility; (2) all documents pertaining to internal investigations or audits conducted by Defendants regarding quality control, regulatory compliance, and/or contamination risks or other deficiencies at Emergent's facilities including the Bayview facility; (3) unredacted versions of all documents cited in the 5/19/2021 Congressional Memo and the 5/10/2022 Congressional Report that were made publicly available in redacted form; (4) all documents cited by the 5/10/2022 Congressional Report but not made publicly available; and (5) all relevant documents provided to the U.S. House of Representatives' Committee on Oversight and Reform and the Select Subcommittee on the Coronavirus Crisis (the "House Committees") by third parties Johnson & Johnson, AstraZeneca, the FDA, HHS, BARDA, or OWS.

1

Under Fourth Circuit precedent, the documents described above are all appropriate subjects of discovery that justify a partial lift of the PSLRA stay. Such a stay can be lifted when a court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party. That standard is satisfied here.

For one, Lead Plaintiffs seek a production that is particularized: they seek a limited universe of documents with respect to which the production burden is extremely low. The two categories with the greatest number of documents (categories 1 and 5 above) consist of documents already produced to a receiving party, meaning that they were already identified, reviewed for relevance, privilege-screened, Bates-stamped, and disseminated, such that discovery by Lead Plaintiffs requires little more than re-transmission of the production set. The other categories consist of discreet, easily identified document sets in the possession of either Emergent (category 2) or the House Committees (categories 3 and 4).

For another, this partial lift of the discovery stay is necessary to preserve evidence and prevent undue prejudice against Lead Plaintiffs. As Fourth Circuit courts have made clear, one of the most important reasons for allowing similar limited discovery is defendants' exposure to other civil and criminal actions arising from the conduct in question. Here, Defendants are being actively investigated by multiple Congressional Committees, FDA, and the SEC. These public entities have powerful tools at their disposal not available to Lead Plaintiffs and they are not bound by the automatic discovery stay that burdens Lead Plaintiffs. Moreover, the instability at the top of Emergent's management exposes Lead Plaintiffs to the risk of spoliation of evidence, thereby creating a need to preserve evidence by way of the partial lift of the discovery stay. Furthermore, the 5/10/2022 Congressional Report publicly released copies of emails that Emergent personnel, including the Individual Defendants sent to or received from J&J and AstraZeneca – yet, they were produced to the House Committees not by Emergent, but by J&J or AstraZeneca, giving rise to a concern that these and similar emails have not been (and are not being) preserved at Emergent.

In support hereof, Lead Plaintiffs respectfully submit the accompanying Memorandum of Law ("Memo"), with Exhibits 1 and 2 attached thereto, which are the May 19, 2021 Congressional

Memorandum and the May 10, 2022 Congressional Report, respectively.  For the reasons set forth in the Memo, Lead Plaintiffs respectfully ask the Court to partially lift the discovery stay.

Dated: July 20, 2022

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Matthew L. Tuccillo*

Matthew L. Tuccillo (admitted *pro hac vice*)
Jeremy A. Lieberman (admitted *pro hac vice*)
Jennifer Banner Sobers (admitted *pro hac vice*)
Dolgora Dorzhieva (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mltuccillo@pomlaw.com
jbsobers@pomlaw.com
ddorzhieva@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Tel.: (310) 405-7190
jpafiti@pomlaw.com

***Lead Counsel for Lead Plaintiffs and the Class***

3

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (Md. Bar No. 15824)
Daniel S. Sommers (Md. Bar No. 15822)
S. Douglas Bunch
Brendan Schneiderman
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
bschneiderman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Stuart Kaufman
(*pro hac vice* applications forthcoming)
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Fort Lauderdale Police & Firefighter's Retirement System*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2022, I electronically filed the foregoing with the Clerk of

Court using the Court's CM/ECF system, which in turn sent notice to all counsel of record.


Dated:    July 20, 2022                                    /s/ *Matthew L. Tuccillo*
                                                           Matthew L. Tuccillo