UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-PWG |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: All Actions | |

## OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

Emergent BioSolutions Inc. ("Emergent" or the "Company"), Robert G. Kramer, Sr., Richard S. Lindahl, and Syed T. Husain (collectively, the "Defendants") submit this Opposition to Plaintiffs' Motion to For Judicial Notice (the "RJN Motion") and in response to their accompanying Memorandum in Support ("Mem.").

## INTRODUCTION

Plaintiffs, via their RJN Motion, belatedly seek to inject into pending motion to dismiss proceedings a set of materials that Congressional staff published in May. Plaintiffs inexplicably waited until now to make this request, in the middle of briefing on Defendants' pending motion to dismiss the existing complaint, instead of seeking leave to amend the complaint to incorporate the materials. Worse, Plaintiffs impermissibly seek to use the materials for their *truth*, even though judicial notice would extend at most to the existence of the materials.

None of this is proper. If Plaintiffs wanted the Court to consider materials that came into existence before Defendants filed their motion to dismiss, they easily could have and should have sought leave to amend. Instead, in a bizarre and unheard-of fashion, Plaintiffs opposed the motion to dismiss with reference to materials that are not properly part of the Rule 12(b)(6) record. The Court should deny the RJN Motion.

-1-

## BACKGROUND

Plaintiffs filed this lawsuit on April 19, 2021.  On March 19, 2022, they filed the Consolidated Amended Complaint ("CAC") that remains operative.

On May 10, 2022, Rep. Carolyn B. Maloney (Chairwoman of the Committee on Oversight and Reform) and Rep. James E. Clyburn (Chairman of the Select Subcommittee on the Coronavirus Crisis) publicly released a report prepared by their congressional staff titled, "The Coronavirus Vaccine Manufacturing Failures of Emergent BioSolutions" (hereinafter the "Staff Report," RNJ Ex. 1).[1]  Reps. Maloney and Clyburn issued a press release that same day (the "Press Release," RJN Ex. 2).  The Staff Report also included numerous emails and other documents as exhibits (the "Staff Report Exhibits," RJN Exs. 3-37) (collectively, the "RJN Materials").

On May 19, 2022, pursuant to a schedule set by the Court (*see* Dkt. No. 51), Defendants filed their Motion to Dismiss.

On July 19, 2022, Plaintiffs filed their Opposition to the Motion to Dismiss and a Motion for Judicial Notice of the RJN Materials (the "Motion").

## ARGUMENT

Although under appropriate circumstances, the Court may properly take judicial notice of the existence of certain public records, that is not what Plaintiffs appear to seek.  Instead, Plaintiffs' Motion improperly: (i) seeks judicial notice not only of the existence of the RJN Materials, but the *truth* of their contents; (ii) asks the Court to consider the RJN Materials in connection with the

---

[1] Plaintiffs misdescribe the Staff Report as a report by "House Committees" (Mem. at 20).  In reality, it is the work of unidentified Congressional "staff" members who prepared the report for two representatives.  The first paragraph of the Staff Report makes this clear: "This staff report was prepared for Rep. Carolyn B. Maloney, Chairwoman of the Committee on Oversight and Reform, and Rep. James E. Clyburn, Chairman of the Select Subcommittee on the Coronavirus Crisis."  RJN Ex. 1 at 1.

pending motion to dismiss, even though the RJN Materials do not fall within the four corners of the CAC, Plaintiffs did not seek leave to amend the CAC, and Plaintiffs did not attempt to inject these materials into the proceeding until after Defendants had already filed a motion to dismiss; and (iii) seeks judicial notice of Staff Report Exhibits that are not properly susceptible to judicial notice. Thus, the Court should deny the Motion or, at minimum, make clear that any judicial notice is limited to the existence of the Staff Report and Press Release, and that such materials will not be considered in connection with the pending Motion to Dismiss, given that they do not fall within the CAC.

*First*, the Motion posits that the Court should take judicial notice of the RJN Materials because they substantiate certain allegations of the CAC. *See, e.g.*, Mem. at 30 ("Taken, together, the 5/10/2022 Congressional Report and the RJN Exhibits strongly corroborate the FAC's falsity and scienter pleading and undermine Defendants' Motion.").[2] The problem, however, is that, particularly at the motion to dismiss stage, judicial notice is at most of the existence of the RJN Materials, not the truth of their contents. *In re Marriott Int'l Inc. Customer Data Sec. Breach Litig.*, No. 19-md-2879, 2020 WL 6290670, at *8 n.9 (D. Md. Oct. 27, 2020) ("I note that even if I were to take notice of the existence of the document, I may not take judicial notice of the *truth* of matters outside the challenged pleading.") (internal quotation marks omitted); *see also Layani v. Ouzana*, No. ELH-20-420, 2021 WL 805405, at *23 (D. Md. Mar. 3, 2021) ("[T]aking judicial notice of the article does not entail accepting the truth of its content."); *In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.* 876 F. Supp. 2d 616, 626 n.7 (D. Md. 2012) (same); *Metro. Creditors*

---

[2] Indeed, Plaintiffs not only assert that the Court should judicially notice facts purportedly discussed in the CJN Materials for their truth, but that the Court should also accept the *conclusions* of the CJN Materials for their truth. *See* Mem. at 21-30.

*Tr. v. PricewaterhouseCoopers, LLP*, 463 F. Supp. 2d 1193, 1198 (E.D. Wa. 2006) (same).[3]  This in turn renders the Staff Report and Press Release irrelevant—the mere fact that the report and press release were published has no bearing on the sufficiency of the CAC.  It may be that Plaintiffs would seek during the merits phase of this case (if there is one) to prove that the contents of the materials are true.  But that is a disputed issue of fact, not a matter susceptible to judicial notice.  The Court should not waste its time considering judicial notice of irrelevant matters.  Instead, it should deny the Motion.  At minimum, the Court should make clear that any judicial notice does not extend to the truth of the RJN Materials.[4]

Second, Plaintiffs compound their error by positing that the Court should consider the RJN Materials in connection with the pending motion to dismiss even though they do not fall within the four corners of the CAC.  *See* Opp. at 11-13, 16, 18-20, 22-23, 25 (citing RJN exhibits to support allegations that challenged statements were false or misleading); *id.* at 34, 40-41, 46, 48, 52-53 (citing RJN exhibits to support scienter allegations).  This request improperly conflates the scope of what may be judicially noticed under Fed. R. Evid. 201 with the scope of the record that may be considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Settled Fourth Circuit law holds that Rule 12(b)(6) "generally limits the court to an examination of the complaint and

---

[3] This rule makes sense because judicial notice is confined to matters that are not subject to reasonable dispute.  *See* Fed. R. Evid. 201(b).  Although Defendants do not dispute that congressional staff recently published a report and that two representatives recently published a press release, Defendants very much dispute the conclusions therein.

[4] Allowing Plaintiffs constructively to amend the CAC by judicial notice also exacerbates the puzzle pleading issues that Defendants raised in the Motion to Dismiss.  *See* Memorandum in Support of Defendants' Motion to Dismiss (Dkt. 72) at 6-7.  The RJN Motion makes no effort to tie any of the findings or exhibits to any challenged statement, adding to the guesswork that the CAC already improperly demands and requiring Defendants and the Court to flip between the two briefs to construct Plaintiffs' arguments.  Further, if the supposed facts were alleged in the CAC, they would be subject to the pleading requirements of the PSLRA.  Plaintiffs should not be permitted to dodge those requirements by instead pleading through the RJN Motion.

any documents that are attached to it." *Lewis v. Best Buy Stores, L.P.*, Nos. 2:15-00394, 2:15-00395, 2015 WL 2452997, at *3 (S.D. W. Va. May 22, 2015) (citing *CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir.2009)). Although courts sometimes also evaluate public records that are susceptible to judicial notice, they must be "integral" to the complaint. *Id.* Here, the Staff Report and Press Release did not even exist when Plaintiffs filed the CAC. Although the Staff Report Exhibits existed, virtually none of them is mentioned in the CAC.[5] And Plaintiffs have not sought leave to amend the CAC. Thus, regardless of whether the Court judicially notices the RJN Materials, they have no bearing on the pending motion to dismiss. If Plaintiffs wished for the RJN Materials to have relevance to the pending motion to dismiss, they should have timely sought to amend the CAC.[6]

*Finally*, even if the Staff Report and Press Release are treated as public records susceptible on that basis to judicial notice of their existence, the Court should not extend judicial notice to the Staff Report Exhibits as public records. Defendants are aware of no authority (and Plaintiffs cite

---

[5] The exhibits that Defendants attached to their Motion to Dismiss are distinct from the RJN Materials for this very reason. The Motion to Dismiss exhibits were all referenced in the CAC and incorporated by reference, such that notice is appropriate. *Yates v. Mun. Mortg. & Equity, LLC*, 744 F.3d 874, 881 (4th Cir. 2014).

[6] It would be particularly unfair for the Court to consider the RJN Materials on the pending motion to dismiss given Plaintiffs' gamesmanship. Although the Staff Report and Press Release became public before Defendants moved to dismiss, Plaintiffs did nothing at the time—they neither sought leave to amend the CAC nor filed the RJN Motion. Instead, they allowed Defendants to brief their entire motion to dismiss based on the CAC, and only after that did Plaintiffs for the first time (months after publication of the Staff Report and Press Release) announce their intent to rely on the RJN Materials. Defendants are now in the untenable position of having moved to dismiss based on the CAC. Although Defendants could attempt to address the materials on reply in the event the RJN Motion is granted, they should have had the opportunity to do so in their opening brief if Plaintiffs wished to inject the materials into the proceeding.

Plaintiffs' tactics are further laid bare by their contention that, should the Court dismiss the CAC despite the RJN Motion, it must nevertheless give Plaintiffs a second bite at the apple and allow them to amend the CAC to include the RJN Materials (something they could have done before Defendants even moved to dismiss). Opp. at 55 n.83.

none) for the proposition that any document becomes a public record simply because a governmental report or press release cites it. Such a rule would make no sense because the basis for judicial notice is the absence of any reasonable ability to dispute the accuracy and authenticity of the document. *See* Fed R. Evid. 201(b). The mere fact that a government report cites a document does not put the authenticity or the accuracy of the contents of that document beyond dispute.[7]

## CONCLUSION

For the foregoing reasons, the Court should deny the Motion.

Dated:   August 5, 2022                    Respectfully submitted,

                                           _/s/_William M. Krulak, Jr._____

                                           **MILES & STOCKBRIDGE P.C.**

                                           William M. Krulak, Jr. (Fed. Bar No. 26452)
                                           Ariana K. DeJan-Lenoir (Fed. Bar No. 20522)
                                           100 Light Street
                                           Baltimore, Maryland 21202
                                           (410) 385-3448
                                           wkrulak@milesstockbridge.com
                                           adejanlenoir@milesstockbridge.com

---

[7] Further, while there is some variation in judicial opinions, documents such as emails (which are many of the Staff Report Exhibits) are generally not susceptible to judicial notice. *See, e.g.*, *In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 626 n.21 (S.D.N.Y. 2005) ("The complaint contains no reference to these emails, which do not constitute the sort of facts 'not subject to reasonable dispute' of which the Court may properly take judicial notice."); *see also Layani*, 2021 WL 805405, at *23 (declining to notice emails not integral to Complaint or plaintiffs' claims); *RSMCFH, LLC v. FareHarbor Holdings, Inc.*, 361 F. Supp. 3d 981, 987 (D. Haw. 2019) (declining to notice email not referenced in complaint); *Wise v. Biowish Techs., Inc.*, No. 18-676-RGA, 2019 WL 4344273, at *6 (D. Del. Sept. 12, 2019) (declining to notice emails used by defendants to advance statute of limitations argument).

-7-

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Michael G. Bongiorno (NY Bar No. 4347316)*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Michael.Bongiorno@wilmerhale.com
Phone: (212) 230-8800
Facsimile: (212) 230-8888

Timothy J. Perla (MA Bar No. 660447)*
Arjun K. Jaikumar (MA Bar No. 691311)*
Kim A. Crowley (MA Bar No. 707072)*
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendants*


*\* Pro hac vice*