

**Matthew L. Tuccillo**
Partner

April 20, 2023

**VIA ECF**

The Honorable Deborah L. Boardman
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 445A
Greenbelt, MD  20770

 Re:  *In re Emergent BioSolutions, Inc. Securities Litigation*, Civil No. 8:21-cv-00955-DLB

Dear Judge Boardman:

 I write as Lead Counsel on behalf of the Court-appointed Lead Plaintiffs in the above-referenced matter, the Nova Scotia Health Employees' Pension Plan and the City of Fort Lauderdale Police & Firefighters' Retirement System.  At yesterday's hearing on Defendants' motion to dismiss (ECF 72), Your Honor posed several questions about which Lead Plaintiffs are respectfully providing additional information via this letter.

 First, Your Honor asked if the 5/8/2020 Emergent FDA 483 Response, as pled in FAC ¶¶136-137, was made publicly available, in whole or in part, and if so when.  Today, I confirmed that the 5/8/2020 Emergent FDA 483 Response was and still is posted – in redacted format – on the FDA website, available at https://www.fda.gov/media/148809/download.   To reconfirm whether, as pled, it was publicly available on or shortly after May 8, 2020, I ran a date-restricted Google search, limited to results between May 1 and May 15, 2020.  The first hit, among search results from that restricted date range, is the 5/8/2020 Emergent FDA 483 Response, as seen on the screenshot below.  Given the foregoing, I believe that the FAC accurately pleads that a redacted version of the 5/8/2020 Emergent FDA 483 Response was publicly available on or shortly after May 8, 2020, a well-pled allegation that must be accepted as true at the Rule 12(b)(6) stage, such that any dispute by Defendants would be one of fact, unsuitable to resolution at this juncture.



Hon. Deborah L. Boardman, Page 2                                                                    April 20, 2023

Second, responding to Your Honor's questions, I said that courts often resolve motions to dismiss via two orders – a short, bottom-line order that permits the parties to proceed expeditiously into discovery where a motion is fully or partly denied (thereby lifting the PSLRA's automatic discovery stay that applied while it was pending), followed by a longer opinion stating the court's reasoning.  I specifically referenced Judge Hanks's orders resolving the motion to dismiss in my *McDermott* case, as well as Judge Rakoff's frequent use of that 2-step process to resolve motions to dismiss, both in my *Silvercorp* case and many others.  For the Court's benefit and ease of reference, I submit herewith copies of such orders, specifically, the short-form (Exhibit 1) and long-form (Exhibit 2) orders by Judge Hanks in *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-4330 (S.D. Tex.), ECFs 163 and 168 (available at 2021 WL 1421609); the short-form (Exhibit 3) and long-form (Exhibit 4) orders by Judge Rakoff in *In re Silvercorp Metals, Inc. Sec. Litig.*, No. 1:12-cv-09456-JSR (S.D.N.Y.), ECFs 46 and 50 (available at 26 F. Supp. 3d 266); and the more recent short-form (Exhibit 5) and long-form (Exhibit 6) orders by Judge Rakoff in *Karimi v. Deutsche Bank Aktiengesellschaft*, No. 22-cv-2854 (JSR) (S.D.N.Y.), ECFs 81 and 86 (available at 607 F. Supp. 3d 381), as well as his short-form order (Exhibit 7) in *Steamship Trade Ass'n of Baltimore-Int'l Longshoreman's Ass'n Pension Fund v. Olo, Inc.*, No. 22-cv-8288 (JSR) (S.D.N.Y.), ECF 50, a case where his long-form order is forthcoming.  Lead Plaintiffs respectfully submit such a 2-step approach would be both permissible and desirable in this proceeding.

Last, Your Honor asked at the hearing if in resolving Defendants' motion to dismiss, it would be necessary to specifically address every alleged misstatement.  I responded by saying it is important for any court to identify the bases supporting a full or partial grant of a Rule 12(b)(6) motion (*e.g.*, to permit a subsequent amendment to address any pleading concerns), but that it was otherwise not necessary or a good use of judicial resources for the Court to explain, statement-by-statement why such a motion was denied.  In addition to the long-form orders referenced above, which illustrate the point, I would also respectfully draw the Court's attention to some of my prior cases cited in the briefing, which explicitly state it.  *See, e.g.*, *Kendall v. Odonate Therapeutics,* No. 3:20-cv-01828-H-LL, 2021 WL 3406271 at *5 (S.D. Cal. Aug. 4, 2021) ("The Court need not address all of the statements pled in the SAC, as it concludes Plaintiff has sufficiently pled actionable statements by Defendants to survive a motion to dismiss"); *In re Toronto-Dominion Bank Sec. Litig.*, No. CV 17-1665 (NLH/JS), 2018 WL 6381882 at *8 (D.N.J. Dec. 6, 2018) ("While this Court will not walk through each and every allegation – especially considering Defendants do not present argument specific to each and every allegation – it is instructive to provide an example").  Lead Plaintiffs respectfully submit that this Court may safely follow suit.

Respectfully submitted,

Matthew L. Tuccillo

Cc:    Counsel of Record (via ECF)