**WILMERHALE**

April 21, 2023

**Michael G. Bongiorno**

+1 212 937 7220 (t)
+1 212 230 8888 (f)
michael.bongiorno@wilmerhale.com

The Honorable Deborah L. Boardman
U.S. District Court for the District of Maryland
6500 Cherrywood Lane, Suite 445A
Greenbelt, MD 20770

Re:  In re Emergent BioSolutions, Inc. Securities Litigation, Civil No. 8:21-cv-00955-DLB

Dear Judge Boardman:

I write in response to Plaintiffs' April 20, 2023 letter.  As an initial matter, I note that Your Honor did not request the letter, Plaintiffs' did not seek leave to file it, and it was unnecessary.[1]  It surfaces no new authority or factual information that counsel could not otherwise have provided in the extensive briefing and oral argument on Defendants' Motion to Dismiss (including the extraneous Motion to Partially Lift the Discovery Stay (ECF Nos. 86 & 87) and Motion for Judicial Notice (ECF Nos. 77, 78, 79)).  Regrettably, Defendants are compelled to respond to this unprompted and improper letter.

First, the letter misstates the Amended Complaint.  Although the letter now avers that the FDA made public Emergent's Form 483 Response on May 8, 2020, the Amended Complaint nowhere alleges when the FDA did so, only that Emergent transmitted it to FDA on May 8, 2020.  *See* FAC ¶ 136.  Further, the website of FDA's Office of Regulatory Affairs reflects that the document was published on May 19, 2021 (see image below).[2]  And if one inspects the properties of the PDF linked in the letter, they indicate that the file was created on May 13, 2021—over one year after the letter now asserts that the FDA made the letter public (see second image below).  Regardless, the Court should not accept counsel's untimely representation, which is outside of the four corners of the Complaint.

| Company Name | Record Date | FEI Number | Record Type | State | Establishment Type | Publish Date | Excerpt |
|---|---|---|---|---|---|---|---|
| Emergent Manufacturing Operations Baltimore LLC | 05/08/2020 | 3015448605 | 483 Response | Maryland | Contract Testing Laboratory | 05/19/2021 | … mergent-manufacturing-operations-baltimore-llc-baltimore-md- |

---

[1] Defendants note that the Local Rules do not permit surreply memoranda unless ordered by the Court.  *See* Local Rule 105.2.a.

[2] The database from which this query was run is available at https://www.fda.gov/about-fda/office-regulatory-affairs/ora-foia-electronic-reading-room.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007

Beijing    Berlin    Boston    Brussels    Denver    Frankfurt    London    Los Angeles    New York    Palo Alto    San Francisco    Washington

The Honorable Deborah L. Boardman
Page 2

**WilmerHale**

| | |
|---|---|
| Title: | Emergent Manufacturing Operations Baltimore LL… |
| Author: | FDA, ORA, HHS |
| Subject: | ORA Electronic Reading Room |
| Keywords: | FDA; ORA; HHS; Emergent, Manufacturing; Operations; 2020, 483; Response Letter; |
| Created: | 5/13/21, 3:26:26 PM |
| Modified: | 5/18/21, 10:31:31 PM |
| Application: | - |

The letter also incorrectly asserts that courts "often" rule on a motion to dismiss in two phases to allow discovery to proceed while courts prepare a full opinion. In support, the letter cites only a handful of cases, none of which is from this jurisdiction. Surely if this procedure was so routine, the letter would have included authority from this District. Cases from this District that Plaintiffs cited in their Opposition confirm that the opposite is true. *See, e.g.*, *Black re Martek Biosciences Corp.*, 1:05-cv-01224-MJG; *In re 2U, Inc. Sec. Class Action*, 8:19-cv-03455-TDC; *In re Coventry, Inc. Sec. Litig.*, 8:09-cv-02337-AW; *In re Mun. Mortg. & Equity, LLC, Sec. & Deriv. Litig.*, 1:08-md-01961-MJG; *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 1:03-md-01539-CCB; *In re Sinclair Broadcast Grp., Inc. Sec. Litig.*, 1:18-cv-02445-CCB; *In re Under Armour Sec. Litig.*, 1:17-cv-00388-RDB; *Lefkoe v. Jos. A. Bank Clothiers*, 1:06-cv-01892-WMN. Certainly none of Plaintiffs' authority compels the Court to proceed in this manner. And given that the Court already considered and denied Plaintiffs' Motion to Partially Lift the Discovery Stay (ECF No. 113), such a maneuver is unwarranted.

Finally, neither of the authorities cited in the letter—which also are not from this District—supports the letter's assertion that the Court must specify the bases for dismissal in such a manner as to give Plaintiffs a roadmap to amend the Complaint, but need not provide any specificity that might allow Defendants to articulate a basis for an appeal or for the parties to narrow the scope of the dispute going forward. *See Kendall v. Odonate Therapeutics, Inc.*, No. 3:20-cv-01828-H-JLB, 2021 WL 3406271 at *5 (S.D. Cal. Aug. 4, 2021) (addressing statements by category); *In re Toronto-Dominion Bank Sec. Litig.*, No. CV 17-1665-NLH-JS, 2018 WL 6381882, at *8 (D.N.J. Dec. 6, 2018) (addressing statements by category and noting that Defendants did not present argument as to every challenged statement). Moreover, the Opposition itself acknowledges that the challenged statements are distinct and that Plaintiffs allege them to be false or misleading for different reasons. *See, e.g.*, Opp. at 13-14 (categorizing "business operations" statements), and therefore, for these reasons, and the reasons articulated at oral argument, the Court should consider each statement separately.

Very truly yours,

*/s/ Michael G. Bongiorno*

Michael G. Bongiorno

cc:  Counsel of Record (via ECF)