**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: All Actions | |

**ANSWER AND DEFENSES TO THE FIRST AMENDED CLASS ACTION**
**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

Defendants Emergent BioSolutions, Inc. ("Emergent") and Robert G. Kramer, Sr. (collectively, "Defendants") submit this Answer and Defenses to the First Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed on March 19, 2022 by Lead Plaintiffs Nova Scotia Health Employees' Pension Plan and City of Fort Lauderdale Police & Firefighter's Retirement System ("Plaintiffs"). For the avoidance of doubt, although the Answer responds to allegations regarding Richard S. Lindahl, the responses herein are not made on behalf of Mr. Lindahl because the Court dismissed all claims against him. Likewise, responses to allegations concerning statements made prior July 6, 2020 or after May 19, 2021 and statements related to the so-called "reported results fraud" and/or "internal controls fraud" should not be interpreted as an admission or acknowledgment that such allegations are relevant or otherwise proper and actionable given the Court's dismissal of all claims concerning those allegations. The Answer is based on the current knowledge of Defendants, who reserve their rights to revise and/or supplement this Answer. Except as otherwise stated herein, Defendants deny every allegation in the Complaint. Defendants also deny averments in the table

of contents, headings, and subheadings of the Complaint.  Defendants further note that any

defined terms used in response to the Complaint refer to terms specifically defined in the Answer

and not any defined terms used in the allegations set forth in the Complaint, unless otherwise

stated herein.

1.      The allegations in Plaintiffs' preamble purport to describe or characterize the

Complaint, which speaks for itself, and therefore the allegations require no response.

2.      The allegations purport to describe or characterize the Complaint, which speaks

for itself, and therefore the allegations require no response.  Defendants note, however, that the

Court dismissed the Complaint's claims as to challenged statements made before July 6, 2020

and after May 19, 2021 and all claims against Mr. Lindahl.

3.      Defendants admit that, in 2012, under the Obama-Biden Administration, Bayview

was selected as one of three CIADM facilities.  Defendants also admit that, in the context of the

urgent response to the complex and novel global pandemic, Emergent entered into contracts with

the U.S. government, J&J, and AstraZeneca, at the insistence of the U.S. government and

BARDA, to provide vaccine drug substance, the total estimated value of which varied over time.

Defendants further admit that Emergent began early-stage development of the production of bulk

drug substance for AstraZeneca in Bayview facility Area 1 in August 2020 before moving

production to Area 3, and for J&J in Bayview facility Areas 1 and 2 in November 2020.

Defendants otherwise deny all allegations of this Paragraph.

4.      To the extent the allegations purport to describe or characterize the Complaint,

which speaks for itself, the allegations require no response.  Further, to the extent the allegations

state legal conclusions, they require no response.  To the extent they require a response,

Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph,

including without limitation that Emergent and its facilities "bore longstanding, serious, undisclosed deficiencies" that "materially increased the risks of catastrophic errors that would derail the COVID-19 vaccine manufacturing process" that contamination risk was "persistent" or "pervasive," that risks were "ignored," or that training was "woefully deficient."

5.      The allegations purport to describe or characterize earnings call transcripts, Emergent's written response to an FDA Form 483, and a press release, which speak for themselves and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Further, to the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that information was "concealed," or that Defendants made public "misstatements" or "created a false and misleading impression."

6.      To the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants admit that Mr. Kramer and Mr. Lindahl sold shares of Emergent stock (Mr. Kramer, pursuant to an approved 10b5-1 plan or as automatically triggered upon option grants to cover taxes) with total combined gross proceeds of approximately $11.5 million during the alleged Class Period, that the Compensation Committee of Emergent's Board of Directors awarded Mr. Kramer and Mr. Lindahl compensation following consultation with Emergent's external compensation consultants, that the Compensation Committee increased their salaries during the alleged Class Period pursuant to the Company's policies and following consultation with Emergent's external compensation consultants, and that Emergent closed a senior secured note offering during the alleged Class Period.  Defendants otherwise deny all allegations of this Paragraph, including

3

without limitation that the market was misled, that Mr. Kramer and Mr. Lindahl's stock sales constituted "extensive, highly-suspicious self-enrichment," that the values of Emergent's securities were artificially elevated, and that the executive compensation awarded to Mr. Kramer and Mr. Lindahl was "highly-suspicious," "huge," "overly generous," or "lavish."

7.     Defendants admit that, in March 2021, control samples for a batch of J&J bulk drug substance manufactured at Bayview, which had been sent to a J&J facility in the Netherlands, failed routine quality control testing.  Defendants also admit that an investigation report was provided to the FDA on April 5, 2021.  Defendants further admit that early-stage development of the production of AstraZeneca vaccine bulk drug substance at Bayview was discontinued and that FDA conducted an inspection of Bayview.  To the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  To the extent the allegations purport to describe or characterize an FDA report or Emergent's report to FDA, which speak for themselves, the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that the alleged stock sales and bonuses were "suspicious," the characterization that the state of the facilities was "concealed" or  "deplorable," that the U.S. government terminated early-stage development of the production of AstraZeneca vaccine bulk drug substance to eliminate any further contamination risk, or that Defendants knew or recklessly disregarded any risks at the Bayview facility.

8.     The allegations purport to describe or characterize a press release, an op-ed, Emergent's written response to an FDA Form 483, and a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which

speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Further, to the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that Defendants engaged in fraud or "downplayed" the contamination incident.

9.     To the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.

10.     Defendants admit that in April 2021, Emergent announced that Mr. Husain would voluntarily depart Emergent to pursue another opportunity and that Emergent's EVP for Manufacturing and Technical Operations would take a personal leave of absence.  To the extent the allegations purport to describe or characterize news reports, press releases, SEC filings, FDA inspection reports and Emergent's responses, which speak for themselves, the allegations do not require a response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

11.     The allegations purport to describe or characterize a news report, press releases, and an op-ed, which speak for themselves, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

12.     To the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.

13.     The allegations purport to describe or characterize an op-ed and a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the

5

Coronavirus Crisis, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Further, to the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

14.     To the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

15.     The allegation states a legal conclusion, and therefore requires no response.

16.     The allegation states a legal conclusion, and therefore requires no response.

17.     Defendants admit that Emergent's headquarters are located at 400 Professional Drive, Suite 400, Gaithersburg, Maryland 20879.  To the extent the allegations state a legal conclusion, no response is required.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

18.     The allegation states a legal conclusion, and therefore requires no response.  To the extent they require a response, Defendants deny the allegations.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Nova Scotia Health Employees' Pension Plan's purchase of Emergent common stock, and therefore deny them.  Defendants otherwise deny all allegations of this Paragraph.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding City of Fort Lauderdale Police & Firefighter's Retirement

System's purchase of Emergent common stock, and therefore deny them.  Defendants otherwise deny all allegations of this Paragraph.

21.     Defendants admit the allegations.

22.     Defendants admit that Mr. Kramer was the President and CEO of Emergent and a member of Emergent's Board of Directors until August 17, 2023.  To the extent the allegations purport to describe or characterize Emergent's website, it speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited website for a complete statement of its contents.

23.     Defendants admit that Mr. Lindahl was and is Executive Vice President, CFO, and Treasurer of Emergent.  To the extent the allegations purport to describe or characterize Emergent's website, it speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited website for a complete statement of its contents.  Defendants note that the Court dismissed the Complaint's claims against Mr. Lindahl.

24.     Defendants admit that Mr. Husain served as Emergent's SVP and the head of Emergent's CDMO business unit.  Defendants further admit that prior to his tenure at Emergent, Defendant Husain's professional experience including working for approximately five years at Alcami Corporation during which time he was Chief Commercial Officer, and VP and Head of API Business Unit, and for approximately nine years at Lonza, during which time he was Head of Chemical Development & Manufacturing Business Unit, Head of Sales & Business Development, Chemical Development & Manufacturing, and Manager, Associate Director and Director, Sales & Business Development.

25.     To the extent the allegations purport to describe or characterize the Complaint, it speaks for itself, and therefore the allegations require no response.  Defendants otherwise deny

all allegations of this Paragraph. Defendants note that the Court dismissed the Complaint's claims against Mr. Lindahl.

26. The allegation purports to describe or characterize the Complaint, which speaks for itself, and therefore no response is required.

27. The allegation purports to describe or characterize the Complaint, which speaks for itself, and therefore no response is required.

28. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Defendants deny the allegations.

29. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Defendants deny the allegations.

30. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Defendants deny the allegations.

31. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Defendants deny the allegations.

32. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations. To the extent a further response is required, Defendants deny the allegations.

33.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations.  To the extent a further response is required, Defendants deny the allegations.

34.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations.  To the extent a further response is required, Defendants deny the allegations.

35.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations.  To the extent a further response is required, Defendants deny the allegations.

36.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations.  To the extent a further response is required, Defendants deny the allegations.

37.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations.  To the extent a further response is required, Defendants deny the allegations.

38.     Defendants admit that the U.S. experienced cases of COVID-19 in 2020 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny them.  Defendants otherwise deny the allegations of this Paragraph.

39.     Defendants admit that shut-downs occurred in 2020 in the United States related to COVID-19 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny them.  Defendants otherwise deny the allegations of this Paragraph.

40.    Defendants admit that the number of reported COVID-19 cases increased between March and April 2020 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny them.  Defendants otherwise deny the allegations of this Paragraph.

41.    Defendants admit that treatments and solutions were sought in 2020 to address the COVID-19 pandemic but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny them.  Defendants otherwise deny the allegations of this Paragraph.

42.    Defendants admit that the Trump Administration announced Operation Warp Speed in 2020 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny them.  Defendants otherwise deny the allegations of this Paragraph.

43.    Defendants admit that Moderna and BioNtech/Pfizer developed vaccines but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny them.  Defendants otherwise deny the allegations of this Paragraph.

44.    Defendants admit that J&J and AstraZeneca also developed vaccines, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and therefore deny them.  To the extent a response is required to the footnote in the allegations, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations.  Insofar as other allegations refer to Janssen, Defendants' responses should be read as though Janssen refers to J&J.  Defendants otherwise deny the allegations of this Paragraph and the footnote to this Paragraph.

45. Defendants deny that Emergent has six segments and otherwise admit the allegations during the purported Class Period.

46. Defendants admit the allegations during the purported Class Period.

47. Defendants admit the allegations during the purported Class Period.

48. Defendants deny that the Bayview facility was "central" to Emergent's CDMO business and otherwise admit the allegations during the purported Class Period.  To the extent a response is required to the images in the allegations, Defendants admit that they are photos of the Bayview facility.  The images otherwise speak for themselves.

49. Defendants deny the characterization "touts" and otherwise admit the allegations during the purported Class Period.

50. Defendants admit that Emergent was selected to be the sole domestic manufacturer of bulk drug substance for the J&J and AstraZeneca COVID-19 vaccines and that it received support from the U.S. government.  Defendants otherwise deny all allegations of this Paragraph.

51. Defendants admit that in 2020, Emergent's revenue growth was primarily attributable to the CDMO segment and that Emergent entered into manufacturing agreements. Defendants otherwise deny all allegations of this Paragraph.

52. The allegations purport to describe or characterize press releases, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.

53. Defendants admit that on May 30, 2020, BARDA issued Emergent a task order valued at approximately $628 million to reserve capacity in multiple Emergent locations and expand manufacturing capacity as part of Operation Warp Speed and that the task order was

11

issued under Emergent's 2012 contract with BARDA that established Emergent's Bayview facility as a CIADM for pandemic preparedness.  Insofar as the allegations purport to describe or characterize a contract and a press release, they speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.  To the extent a response is required to the footnote in the allegations, it purports to describe or characterize the Complaint, and therefore no response is required.

54.     The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.

55.     Defendants admit that Emergent began early-stage development of the production of AstraZeneca bulk drug substance in August 2020 within Area 1 and then later Area 3 of the Bayview facility.  Emergent only made bulk drug substance that was then released to J&J.  J&J was solely responsible for the fill/finish and ultimate release of any vaccine.  The second sentence of this Paragraph purports to describe or characterize a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

56.     Insofar as the allegations purport to describe or characterize a securities filing, which speaks for itself, the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.  To the extent a response is required to the chart in the

allegations, it is copied and pasted from a securities filing, which speaks for itself, and therefore the allegations do not require a response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents.

57.     Defendants lack knowledge and information sufficient to form a belief as to the market's "focus," and therefore deny the allegations. Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein. Defendants otherwise deny all allegations of this Paragraph.

58.     Defendants deny the allegations.

59.     Defendants deny the allegations.

60.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

61.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

62.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

63.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

13

64. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

65. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

66. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations. To the extent a response is required to the image in the allegations, Defendants admit that they are photos of an Emergent facility. The images otherwise speak for themselves.

67. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

68. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

69. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations concerning what an unidentified purported witness stated. To the extent a further response is required, Defendants deny the allegations.

70. Defendants deny the allegations.

71. To the extent the allegations purport to describe or characterize an FDA website, it speaks for itself, and therefore the allegations require no response. Defendants respectfully

refer the Court to the cited website for a complete statement of its contents.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations.

72.      Defendants admit that FDA provided Emergent with the full text of FDA's inspection reports with respect to Emergent facilities and that Emergent had the ability to engage in discussion with FDA and submit responses.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' FOIA requests and therefore deny them.  Defendants otherwise deny all allegations of this Paragraph. To the extent a response is required to the footnote in the allegations, defendants deny the allegations.

73.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' FOIA requests and therefore deny them.  The remaining allegations that purport to characterize or quote the FDA inspection reports, which speak for themselves, require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

74.      Defendants admit the allegations.

75.      The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

76.      The allegations purport to describe or characterize Emergent's written response to an FDA Form 483, which speaks for itself, and therefore the allegations do not require a

15

response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

77.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

78.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

79.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

80.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

81.     The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

16

82.     The allegations purport to describe or characterize Emergent's written response to an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

83.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

84.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

85.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

86.     Defendants admit the allegation.

87.     The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

88.     The allegations purport to describe or characterize Emergent's written response to an FDA Form 483, which speaks for itself, and therefore the allegations do not require a

17

response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

89.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

90.     Defendants admit the allegations.

91.     The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

92.     The allegations purport to describe or characterize Emergent's written response to an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

93.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

94.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

95.     Defendants admit the allegation.

96.     The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

97.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

98.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

99.     The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

100.    Defendants admit the allegation.

101.    The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

102.    The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

103.    The allegations purport to describe or characterize an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

104.    The allegations purport to describe or characterize Emergent's written response to an FDA Form 483, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

105.    The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

106.    The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

107.    The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants

respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

108.   The allegations purport to describe or characterize FDA inspection reports and FDA Forms 483, which speak for themselves, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

109.   Defendants admit that the FDA conducted more than one inspection of Bayview during the alleged Class Period.  Defendants otherwise deny all allegations of this Paragraph.

110.   The allegations purport to describe or characterize an FDA inspection report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.  To the extent a response is required to the footnotes in the allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' FOIA requests and therefore deny the allegations.  To the extent the allegations in the footnotes purport to describe or characterize an FDA inspection report, which speaks for itself, the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of the footnotes.

111.   The allegations purport to describe or characterize an FDA Form 483 report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants

21

restate the responses to the specified allegations as if fully set forth herein.  Defendants otherwise deny all allegations of this Paragraph.

112.    The allegations purport to describe or characterize an FDA Form 483 report, which speaks for itself, and therefore the allegations do not require a response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  Defendants otherwise deny all allegations of this Paragraph.

113.    Defendants admit that the cover letter to Emergent's April 30, 2021 written response to the Form 483 was signed by Dino Muzzin, SVP Manufacturing and Interim General Manager, Emergent Manufacturing Operations Baltimore, LLC and that its contents were not public at the time the response was submitted to FDA.  To the extent the allegations purport to describe or characterize the Complaint, which speaks for itself, no response is required.  Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  Defendants otherwise deny all allegations of this Paragraph.

114.    The allegations purport to describe or characterize a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

115.    The allegations purport to describe or characterize a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus

Crisis, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

116.    Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein. Defendants otherwise deny all allegations of this Paragraph.

117.    The allegations purport to describe or characterize a press release and a news report, which speak for themselves, and therefore the allegations require no response. Defendants deny that the that the description is complete or accurate.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  To the extent a response is required to the footnote in the allegations, Defendants deny the allegations.

118.    The allegations purport to describe or characterize a news article, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

119.    The allegations purport to describe or characterize a news article, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

120.    The allegations purport to describe or characterize a news article, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the

Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

121.    The allegation purports to describe or characterize letters from Congressional committees to J&J and AstraZeneca requesting certain documents, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

122.    Defendants admit that on May 19, 2021, the Majority Staff of the House of Representatives Committee on Oversight and Reform and its Select Subcommittee on the Coronavirus Crisis issued a memorandum containing preliminary findings from an investigation of Emergent.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that an "extensive review" of Emergent corporate documents was undertaken.  Defendants otherwise deny all allegations of this Paragraph.

123.    The allegation purports to describe or characterize the May 19, 2021 Congressional Memo, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

124.    The allegation purports to describe or characterize the May 19, 2021 Congressional Memo, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.  To the extent a response is required to the footnotes in the allegations, they purport to describe or characterize exhibits to the memorandum, which speak for themselves, and therefore the allegations require no response.

Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this footnote.

125. The allegations purport to describe or characterize the May 19, 2021 Congressional Memo, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

126. To the extent the allegations state legal conclusions, they require no response. To the extent they require a response, Defendants deny the allegations.

127. To the extent the allegations purport to describe or characterize the Complaint, which speaks for itself, no response is required. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding actions by the World Health Organization and the COVID-19 global pandemic. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

128. To the extent the allegation purports to describe or characterize the Complaint, which speaks for itself, no response is required. To the extent the allegations state legal conclusions, they require no response. To the extent they require a response, Defendants deny the allegations.

129. The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

25

130.   To the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

131.   The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

132.   Defendants deny the allegation.   Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

133.   The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

134.   The allegations purport to describe or characterize a press release, earnings call transcript, earnings presentation, and securities filing, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.  To the extent a response is required to the

26

footnote in the allegations, it purports to describe or characterize the Complaint, and therefore no response is required.

135.    Defendants deny the allegations.   Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

136.    The allegations purport to describe or characterize Emergent's written response to an FDA Form 483, which speaks for itself, and therefore the allegations require no  response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that Messrs. Kramer, Lindahl, and Husain "authorized" FDA Form 483 Responses. Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.  To the extent a response is required to footnote 13 in the allegations, Defendants deny the allegations.  To the extent a response is required to footnote 14 in the allegations, Defendants admit that GxP, as used in the letter describes a range of compliance-related quality guidelines and regulations applicable to the pharmaceutical industry. Defendants deny the remaining allegations in the footnotes.

137.    Defendants deny the allegation.   Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

138.    The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

139.   Defendants deny the allegation.   Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

140.   The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

141.   Defendants deny the allegation.   Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

142.   The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

143.   The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

144.   Defendants deny the allegation.   Defendants further note that the Court dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

145.   The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer

28

the Court to the cited documents for a complete statement of their contents.  Defendants

otherwise deny all allegations of this Paragraph.  Defendants further note that the Court

dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

146.    The allegations purport to describe or characterize presentation materials, which

speak for themselves, and therefore the allegations require no response.  Defendants respectfully

refer the Court to the cited document for a complete statement of its contents.  Defendants

otherwise deny all allegations of this Paragraph.  Defendants further note that the Court

dismissed the Complaint's claims as to challenged statements made prior to July 6, 2020.

147.    Defendants deny the allegation.   Defendants further note that the Court dismissed

the Complaint's claims as to challenged statements made prior to July 6, 2020.

148.    The allegations purport to describe or characterize a press release, which speaks

for itself, and therefore the allegations require no response.  Defendants respectfully refer the

Court to the cited document for a complete statement of its contents.  Defendants otherwise deny

all allegations of this Paragraph.

149.    Defendants deny the allegation.

150.    The allegations purport to describe or characterize analyst reports, which speak

for themselves, and therefore the allegations require no response.  Defendants respectfully refer

the Court to the cited documents for a complete statement of their contents.  Defendants

otherwise deny all allegations of this Paragraph.

151.    The allegations purport to describe or characterize a news report, which speaks

for itself, and therefore the allegations require no response.  Defendants respectfully refer the

Court to the cited document for a complete statement of its contents.  Defendants otherwise deny

all allegations of this Paragraph.

152.    Defendants deny the allegation.

153.    The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

154.    Defendants deny the allegation.

155.    The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

156.    Defendants deny the allegation.

157.    The allegations purport to describe or characterize a press release, earnings call transcript, and securities filing, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

158.    Defendants deny the allegation.

159.    The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

160.    The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully

refer the Court to the cited document for a complete statement of its contents.  Defendants

otherwise deny all allegations of this Paragraph.

161.     Defendants deny the allegation.

162.     The allegations purport to describe or characterize presentation materials, which

speak for themselves, and therefore the allegations require no response.  Defendants respectfully

refer the Court to the cited document for a complete statement of its contents.  Defendants

otherwise deny all allegations of this Paragraph.

163.     Defendants deny the allegation.

164.     The allegations purport to describe or characterize the transcript of an investor

conference presentation, which speaks for itself, and therefore the allegations require no

response.  Defendants respectfully refer the Court to the cited document for a complete statement

of its contents.  Defendants otherwise deny all allegations of this Paragraph.

165.     Defendants deny the allegation.

166.     The allegations purport to describe or characterize the transcript of an investor

conference presentation, which speaks for itself, and therefore the allegations require no

response.  Defendants respectfully refer the Court to the cited document for a complete statement

of its contents.  Defendants otherwise deny all allegations of this Paragraph.

167.     Defendants deny the allegation.

168.     The allegations purport to describe or characterize a press release, earnings call

transcript, earnings presentation, and securities filing, which speak for themselves, and therefore

the allegations require no response.  Defendants respectfully refer the Court to the cited

documents for a complete statement of their contents.  Defendants otherwise deny all allegations

of this Paragraph.

169. Defendants deny the allegation.

170. The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

171. Defendants deny the allegation.

172. The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

173. Defendants deny the allegation.

174. The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

175. The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

176. Defendants deny the allegation.

177. The allegations purport to describe or characterize a transcript of a meeting, which speaks for itself, and therefore the allegations require no response. Defendants

respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

178.    Defendants deny the allegation.

179.    The allegations purport to describe or characterize a press release, earnings call transcript, earnings presentation, and securities filing, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

180.    Defendants deny the allegation.

181.    The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

182.    Defendants deny the allegation.

183.    The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

184.    Defendants deny the allegation.

185.    The allegations purport to describe or characterize a transcript of a news report, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

186.    Defendants deny the allegation.

187.    The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

188.    Defendants deny the allegation.

189.    The allegations purport to describe or characterize a televised interview and article, which speak for themselves.  Defendants respectfully refer the Court to the cited document and interview for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

190.    Defendants deny the allegation.

191.    The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

192.    Defendants deny the allegation.

193.    The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

194.    Defendants deny the allegation.

195.    The allegations purport to describe or characterize an op-ed, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court

34

to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

196.    Defendants deny the allegation.

197.    The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

198.    Defendants deny the allegation.

199.    The allegations purport to describe or characterize a press release, earnings call transcript, earnings presentation, and securities filing, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

200.    Defendants deny the allegation.

201.    The allegations purport to describe or characterize Emergent's written response to a Form 483, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that Messrs. Kramer, Lindahl, and Husain "authorized" FDA Form 483 Responses.  To the extent a response is required to the footnotes in the allegations, Defendants lack knowledge or information sufficient to form a belief as to when the FDA published the Form 483 response, and therefore deny the allegations.  To the extent the allegations purport to describe or characterize Emergent's written response to a Form 483, which speaks for itself, the allegations

require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants deny the remaining allegations in the footnotes.

202.    Defendants deny the allegation.

203.    The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

204.    Defendants deny the allegation.

205.    The allegations purport to describe or characterize written submissions to the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis and a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that Mr. Kramer's testimony "sought to minimize and downplay the scope and extent" of any contamination issues at the Bayview facility or that any of Mr. Kramer's testimony was false or misleading.  To the extent a response is required to the image in the allegations, it is a photo of Mr. Kramer testifying before Congress, and it otherwise speaks for itself.

206.    Defendants deny the allegation.

207.    The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully

refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

208. Defendants deny the allegation.

209. The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

210. Defendants deny the allegation.

211. The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

212. Defendants deny the allegation.

213. The allegations purport to describe or characterize press releases, an earnings call transcript, an earnings presentation, and a securities filing, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph.

214. Defendants deny the allegation.

215. The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

216.    Defendants deny the allegation.

217.    The allegations purport to describe or characterize presentation materials, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

218.    Defendants deny the allegation.

219.    To the extent the allegations purport to describe or characterize the Complaint, it speaks for itself, and therefore the allegations require no response.  Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  Defendants otherwise deny all allegations of this Paragraph.

220.    Defendants admit that Emergent made filings and public statements reporting revenues, net income, and earnings.  Defendants deny that Emergent's revenues, net income, and earnings were generated by and/or artificially inflated through improper practices, unreported operational setbacks, and undisclosed negative trends.  The remainder of the allegations state a legal conclusion or purport to the describe or characterize the Complaint, which speaks for itself, and therefore the allegations require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims.  Defendants otherwise deny all allegations of this Paragraph.

221.    The allegations purport to describe or characterize a press release, securities filing, and associated certifications, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a

complete statement of their contents. Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims. Defendants otherwise deny all allegations of this Paragraph.

222. The allegations purport to describe or characterize a press release, securities filing, and associated certifications, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims. Defendants otherwise deny all allegations of this Paragraph.

223. The allegations purport to describe or characterize a press release, securities filing, and associated certifications, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims. Defendants otherwise deny all allegations of this Paragraph.

224. The allegations purport to describe or characterize a press release, securities filing, and associated certifications, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims. Defendants otherwise deny all allegations of this Paragraph.

225. The allegations purport to describe or characterize a press release, securities filing, and associated certifications, which speak for themselves, and therefore the allegations

require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims.  Defendants otherwise deny all allegations of this Paragraph.

226.   The allegations purport to describe or characterize a press release, securities filing, and associated certifications, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims.   Defendants otherwise deny all allegations of this Paragraph.

227.   The allegations purport to describe or characterize a letter filed with the SEC, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims.  Defendants otherwise deny all allegations of this Paragraph.

228.   To the extent the allegations purport to describe or characterize the Complaint, it speaks for itself, and therefore the allegations require no response.  Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims.  Defendants otherwise deny all allegations of this Paragraph.

229.   Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.

Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims. Defendants otherwise deny all allegations of this Paragraph.

230. Defendants deny the allegation. Defendants further note that the Court dismissed the Complaint's "reported results fraud" claims.

231. Defendants admit that during the purported Class Period, Mr. Kramer and Mr. Lindahl signed SOX certifications and Emergent's annual reports. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's "internal controls fraud" claims.

232. The allegations purport to describe or characterize a securities filing, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's "internal controls fraud" claims.

233. The allegations purport to describe or characterize a securities filing, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's "internal controls fraud" claims.

234. The allegations purport to describe or characterize securities filings, which speaks for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's "internal controls fraud" claims.

235. The allegations purport to describe or characterize written submissions to the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis and a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, they speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's "internal controls fraud" claims.

236. Defendants deny the allegation. Defendants further note that the Court dismissed the Complaint's "reported results fraud" and "internal controls fraud" claims.

237. The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

238. The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph. To the extent a response is required to the footnote in the allegations, it purports to describe or characterize the Complaint, which speaks for itself, and therefore no response is required.

239. Defendants admit that Emergent's stock closed at $80.46 per share on April 1, 2021 from a previous closing price of $92.91 per share on March 31, 2021. To the extent the allegations purport to describe or characterize news reports or press releases, they speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the

42

Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

240.    The allegations purport to describe or characterize an analyst report, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants deny the characterization that they acted to "spin that the problem was a mere error and not necessarily a sign of something broader or systemic."  Defendants are without knowledge or information sufficient to form a basis as to the truth or falsity of the remaining allegations in this Paragraph and therefore deny them.

241.    The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

242.    Defendants admit that Emergent's stock price decreased from a closing price of $80.46 per share on April 1, 2021 to a closing price of $78.62 per share on April 2, 2021.  Defendants otherwise deny all allegations of this Paragraph.

243.    The allegations purport to describe or characterize a securities filing, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

244.    Defendants admit that Emergent's stock price decreased from a closing price of $77.64 per share on April 16, 2021 to a closing price of $67.87 per share on April 19, 2021.  Defendants otherwise deny all allegations of this Paragraph.

245.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the alleged date on which FDA published the Form 483, and therefore deny it.  The remaining allegations in this Paragraph purport to describe or characterize an FDA Form 483 report and a press release, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

246.    The allegations purport to describe or characterize a securities filing and press release, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

247.    Defendants admit that Emergent's stock price decreased from a closing price of $66 per share on April 21, 2021 to a closing price of $63.12 per share on April 22, 2021.  Defendants otherwise deny all allegations of this Paragraph.

248.    The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

249.    The allegations purport to describe or characterize an earnings call transcript, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

250.    The allegations purport to describe or characterize a news report transcript, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer

the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

251. Defendants admit that Emergent submitted a response to the FDA Form 483 that FDA subsequently posted with redactions on its website. To the extent the allegations purport to describe or characterize Emergent's written response to an FDA Form 483, it speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph. To the extent a response is required to the footnote in the allegations, it purports to describe or characterize a transcript of Mr. Kramer's congressional testimony, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents.

252. Defendants admit that Emergent's stock price decreased from a closing price of $63.15 per share on April 29, 2021 to a closing price of $60.98 per share on April 30, 2021. Defendants otherwise deny all allegations of this Paragraph.

253. The allegations purport to describe or characterize analyst reports, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph.

254. The allegations purport to describe or characterize news articles, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph.

45

255. Defendants admit that Emergent's stock price decreased from a closing price of $65.48 per share on June 10, 2021 to a closing price of $63.51 per share on June 11, 2021. To the extent the allegations purport to describe or characterize news reports, which speak for themselves, the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph.

256. The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

257. Defendants admit that Emergent's stock price decreased from a closing price of $63.12 per share on June 17, 2021 to a closing price of $60.55 per share on June 18, 2021. Defendants otherwise deny all allegations of this Paragraph.

258. The allegations purport to describe or characterize securities filings, an earnings call transcript, presentation materials, press releases, and an op-ed, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph.

259. Defendants admit that Emergent's stock price decreased from a closing price of $52.61 per share on November 4, 2021 to a closing price of $33.11 per share on November 5, 2021. Defendants otherwise deny all allegations of this Paragraph.

260. The allegation states a legal conclusion and therefore requires no response. Defendants otherwise deny all allegations of this Paragraph.

46

261. To the extent the allegations purport to describe or characterize the Complaint, which speaks for itself, no response is required. Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein. Defendants otherwise deny all allegations of this Paragraph.

262. Defendants admit that Mr. Kramer visited the Bayview facility during the purported Class Period, as defined by the Complaint, and gave a site visit to the Governor of Maryland, Larry Hogan, and his staff. To the extent the allegations purport to describe or characterize a news report, it speaks for itself, and therefore the allegations require no response. Defendants otherwise deny all allegations of this Paragraph. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. To the extent a response is required to the image in the allegations, it is a photo of Governor Larry Hogan touring the Bayview facility, and it otherwise speaks for itself.

263. The allegations purport to describe or characterize written testimony and submissions to the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of this Paragraph.

264. The allegations purport to describe or characterize a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph, including without limitation any alleged concession or admission by Mr. Kramer.

47

265.    The allegations purport to describe or characterize written submissions to the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis and a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation any alleged concession by Mr. Kramer.

266.    The allegations purport to describe or characterize a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation any alleged admission by Mr. Kramer.

267.    The allegation purports to describe or characterize an op-ed, which speaks for itself, and therefore the allegation requires no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation any alleged concession in Mr. Kramer's Op-Ed.

268.    Defendants deny the allegation.

269.    Defendants deny the allegations.   Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl.  To the extent a response is required to the footnotes in the allegations, Defendants admit that Mr. Husain never filed a Form 3.  The remaining allegations in this footnote purport to describe or characterize Emergent's 2006 Stock

Incentive Plan, 2018-2020 Performance-Based Stock Unit Award Agreement, and various Form 4s, which speak for themselves, and therefore require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants otherwise deny all allegations of the footnotes.

270. Defendants admit that Mr. Kramer entered the Class Period, as alleged in the Complaint, with 75,674 shares of Emergent common stock and the right to acquire 148,284 additional shares through stock options or RSUs. To the extent the allegations purport to quote and characterize Form 4 filings, they speak for themselves, and the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.

271. Defendants admit that Mr. Lindahl entered the Class Period, as alleged in the Complaint, with 2,506 shares of Emergent common stock and the right to acquire 22,167 additional shares through stock options or RSUs. To the extent the allegations purport to quote and characterize Form 4 filings, they speak for themselves, and the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents. Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl. To the extent a response is required to the footnote in the allegations, the allegations purport to quote and characterize Form 4 filings, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.

272. Defendants admit that the gross proceeds from Mr. Kramer's sales of Emergent common stock pursuant to an approved 10b5-1 plan or as automatically triggered upon option grants to cover taxes during the alleged Class Period were approximately $11.1 million and that

$11.1 million is approximately 31 times larger than $344,444.  Defendants further admit that the gross proceeds from Mr. Lindahl's sales of Emergent common stock during the alleged Class Period were approximately $607,973 million and that $607,973 is over 8 times larger than $72,590.  Defendants deny the remaining allegations in this Paragraph, including without limitation that the transactions were suspicious, that they support an inference of scienter, or that Defendants acted with scienter.  Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl.

273.    Defendants deny the allegations, including without limitation that the transactions were suspicious, that they support an inference of scienter, or that Defendants acted with scienter.   Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl.

274.    Defendants admit that Mr. Kramer entered into an approved 10b5-1 plan on November 13, 2020, that prior to entering into the plan, his last sale of Emergent common stock was in April 2016, that Mr. Kramer sold 88,555 shares of Emergent common stock pursuant to a 10b5-1 plan in a three-week period between January 2021 and February 2021, and that those sales ranged in price between approximately 77% and 87.2% of the stock's trading high during the alleged Class Period.  Defendants deny the remaining allegations in this Paragraph, including without limitation that the transactions were suspicious, that they support an inference of scienter, or that Defendants acted with scienter.

275.    The allegations purport to describe or characterize a news report, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

276. The allegations purport to describe or characterize a letter, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

277. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' FOIA requests and therefore deny them. Defendants otherwise deny all allegations of this Paragraph. To the extent a response is required to the footnote in the allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the American Oversight FOIA request and SEC response, and therefore deny the allegations.

278. The allegations purport to describe or characterize a transcript of Mr. Kramer's testimony before the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph, including without limitation that Mr. Kramer was presented with a "scathing assessment" of his 2020 performance.

279. Defendants admit that the Compensation Committee of Emergent's Board of Directors met on February 9, 2021, that Messrs. Kramer and Lindahl attended the meeting, and that the Compensation Committee made pay and incentive compensation in consultation with Emergent's external compensation consultants. To the extent the allegations purport to describe or characterize a memorandum of the Majority Staff of the House of Representatives Committee on Oversight and Reform and its Select Subcommittee on the Coronavirus Crisis, it speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court

to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that an alleged fraud was "raging."

280.    The allegations purport to describe or characterize memoranda from Mr. Woubishet and a memorandum of the Majority Staff of the House of Representatives Committee on Oversight and Reform and its Select Subcommittee on the Coronavirus Crisis, which speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph, including without limitation that the executive compensation package was "unjustly awarded" or "highly suspicious."  To the extent a response is required to the footnote in the allegations, Defendants admit that the cited memoranda were produced to the Congressional Committee with the described Bates numbers and made publicly available.  Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs reviewed in drafting the Complaint, and therefore deny the allegations.  Defendants otherwise deny all allegations of this footnote.

281.    The allegations purport to describe or characterize memoranda from Mr. Woubishet, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl.  Defendants otherwise deny all allegations of this Paragraph.

282.    The allegations purport to describe or characterize memoranda from Mr. Woubishet, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

283.   The allegations purport to describe or characterize a memorandum from Mr. Woubishet, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

284.   Defendants deny the allegation.

285.   The allegations purport to describe or characterize a securities filing and press release, which speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

286.   The allegations purport to describe or characterize a contract, which speaks for itself, and therefore the allegations require no response.  Defendants otherwise deny all allegations of this Paragraph.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  To the extent a response is required to the footnote in the allegations, Defendants admit that the described documents were produced to the Congressional Committee with the described Bates numbers and made publicly available.  To the extent the allegations purport to describe or characterize the documents, they speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants lack knowledge or information sufficient to form a belief as to what Plaintiffs reviewed in drafting the Complaint, and therefore deny the allegations.  Defendants otherwise deny all allegations of the footnote.

287.   The allegations purport to describe or characterize a contract, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all

53

allegations of this Paragraph, including but not limited to that payments to Emergent were "unjust."

288.   Defendants deny the allegations.

289.   Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  To the extent the allegations purport to describe or characterize securities filings, presentation materials, and an earnings call transcript, they speak for themselves, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited documents for a complete statement of their contents.  Defendants admit that Emergent's contracts and task order to begin early-stage development of the production of J&J and AstraZeneca COVID-19 vaccine bulk drug substance were collectively valued at up to approximately $1.5 billion.  Defendants otherwise deny all allegations of this Paragraph.

290.   To the extent the allegations state a legal conclusion, they require no response. To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

291.   To the extent the allegations state a legal conclusion, they require no response. To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.  Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl.

292.   To the extent the allegations state a legal conclusion, they require no response. To the extent they require a response, Defendants deny the allegations.  To the extent the allegations purport to describe or characterize the Complaint, it speaks for itself, and therefore

the allegations require no response.  Defendants otherwise deny all allegations of this Paragraph. Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl.

293.    Insofar as the allegations rely upon and cite other allegations in the Complaint, Defendants restate the responses to the specified allegations as if fully set forth herein.  To the extent the allegations purport to describe or characterize a code of conduct or Emergent's website, they speak for themselves, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document and website for a complete statement of their contents.  Defendants otherwise deny all allegations of this Paragraph.

294.    The allegations purport to describe or characterize a code of conduct, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

295.    The allegations purport to describe or characterize a code of conduct, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

296.    The allegations purport to describe or characterize a code of conduct, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

297.    The allegations purport to describe or characterize a code of conduct, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer

the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

298. The allegations purport to describe or characterize a code of conduct, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

299. The allegations purport to describe or characterize a code of conduct, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

300. Defendants deny the allegations.

301. Defendants deny the allegation.

302. The allegations purport to describe or characterize an earnings call transcript, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph.

303. The allegations purport to describe or characterize an earnings call transcript, which speaks for itself, and therefore the allegations require no response. Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph, including without limitation that the executive compensation package was "improperly awarded" or "lavish," and that Mr. Kirk's departure is "unexplained," "suspicious in timing," and supports an inference of scienter.

304.    The allegations purport to describe or characterize an earnings call transcript, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents. Defendants otherwise deny all allegations of this Paragraph, including without limitation that the timing of Ms. Oates' departure is "suspicious" and supports an inference of scienter.

305.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations made by the confidential witnesses.  To the extent a further response is required, Defendants deny the allegations. Defendants otherwise deny all allegations of this Paragraph.

306.    The allegations purport to describe or characterize a press release, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

307.    The allegations purport to describe or characterize a staff report for the Select Subcommittee on the Coronavirus Crisis, which speaks for itself, and therefore the allegations require no response.  Defendants respectfully refer the Court to the cited document for a complete statement of its contents.  Defendants otherwise deny all allegations of this Paragraph.

308.    Defendants deny the allegation.

309.    The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

310.    The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

311. The allegations state a legal conclusion and therefore require no response.   To the extent they require a response, Defendants deny the allegations.

312. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

313. The allegations state a legal conclusion and therefore require no response.   To the extent they require a response, Defendants deny the allegations.

314. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

315. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.  Further, to the extent the allegations state legal conclusion, they require no response.  To the extent they require a response, Defendants deny the allegations.

316. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.  Further, to the extent the allegations state legal conclusion, they require no response.  To the extent they require a response, Defendants deny the allegations.

317. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

318. The allegations state legal conclusions and therefore require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

319.    The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

320.    Defendants restate the responses regarding the "partially corrective disclosures" as stated elsewhere herein.  Further, to the extent the allegations state legal conclusions, they require no response.  To the extent they require a response, Defendants deny the allegations.  Defendants otherwise deny all allegations of this Paragraph.

321.    The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

322.    The allegations state legal conclusions and therefore require no response.  To the extent they require a response, Defendants deny the allegations.   Defendants otherwise deny all allegations of this Paragraph.

323.    The allegations state legal conclusions and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

324.    The allegations state legal conclusions and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

325.    The allegations state legal conclusions and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

326.    The allegations purport to describe or characterize the Complaint, which speaks for itself, and therefore no response is required.   Defendants further note that the Court dismissed the Complaint's claims against Mr. Lindahl and claims regarding statements before July 6, 2020 and after May 19, 2021. Defendants otherwise deny all allegations of this Paragraph.

59

327. The allegations purport to describe or characterize the Complaint, which speaks for itself, and therefore no response is required.

328. Defendants admit that from March 20, 2020 to November 4, 2021, Emergent securities were traded on the NYSE. To the extent the allegations state legal conclusions, they require no response.  Defendants otherwise deny all allegations of this Paragraph.

329. Defendants deny the allegations.

330. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

331. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

332. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

333. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

334. Defendants restate their responses to all preceding paragraphs as if fully set forth here.

335. The allegations purport to describe or characterize the Complaint, which speaks for itself, and therefore no response is required.   Defendants otherwise deny all allegations of this Paragraph.

336. Defendants deny the allegations.

337. Defendants deny the allegations.

338. Defendants deny the allegations.

339. Defendants deny the allegations.

340. Defendants deny the allegations.

341. Defendants deny the allegations.

342. Defendants deny the allegations.

343. The allegations state a legal conclusion, and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

344. The allegations state a legal conclusion, and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

345. Defendants restate their responses to all preceding paragraphs as if fully set forth here.

346. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

347. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

348. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

349. The allegations state a legal conclusion and therefore require no response.  To the extent they require a response, Defendants deny the allegations.

350. Defendants deny the allegation.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent they were dismissed by the Court in its Order dated September 1, 2023.

Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief may be granted, including insofar as the Complaint does not plead with particularity facts giving rise to an actionable misstatement or omission, an inference of scienter, or loss causation.

Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because at all times, and with respect to all matters referenced herein, Defendants acted in good faith, exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the purported false or misleading nature of the alleged misstatements and omissions.

Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because certain alleged misstatements were forward-looking statements, were identified as such and were accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements. Accordingly, such alleged misstatements are non-actionable under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-2(c)(1)(A), 78u-5(c)(1)(A), and under the bespeaks caution doctrine.

Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, to the extent the alleged misstatements concerned genuinely held opinions.

Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Mr. Kramer sold shares of

Emergent stock pursuant to an approved 10b5-1 plan or as automatically triggered upon option

grants to cover taxes.

Additional Defenses, Counterclaims, Cross-Claims, and Third-Party Claims

Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims,

and third-party claims not asserted that may become apparent through discovery or other

investigation.

WHEREFORE, Defendants respectfully request that this Court dismiss the Complaint

and Plaintiffs' claims, enter judgment in favor of Defendants and against Plaintiffs, award

Defendants the reasonable attorneys' fees, costs, and expenses they have incurred in the defense

of this action, and grant Defendants any additional relief that is fair and appropriate.

Dated:   October 30, 2023

*/s/ William M. Krulak, Jr.*

**Counsel for Defendant Emergent BioSolutions Inc.**
Michael G. Bongiorno (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888
michael.bongiorno@wilmerhale.com

Timothy J. Perla (admitted *pro hac vice*)
Dan Willey (admitted *pro hac vice*)
Kim A. Crowley (admitted *pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109

Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Timothy.Perla@wilmerhale.com
Dan.Willey@wilmerhale.com
Kim.Crowley@wilmerhale.com


***Counsel for Defendant Robert G. Kramer, Sr.***
Kirby Behre
Margot Laporte (*pro hac vice pending*)
MILLER & CHEVALIER
900 16th Street NW
Washington, DC 20006
Telephone: (202) 626-5800
Facsimile: (202) 626-5801
kbehre@milchev.com
mlaporte@milchev.com

***Counsel for Defendants Emergent BioSolutions Inc. and Robert G. Kramer, Sr.***

William M. Krulak, Jr. (Fed. Bar No. 26452)
Ariana K. DeJan-Lenoir (Fed. Bar No. 20522)
MILES & STOCKBRIDGE PC
100 Light St.
Baltimore, MD 21202
Telephone: (410) 385-3448
Facsimile: (410) 698-4501
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com