**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: | |
| All Actions | STIPULATION AND [PROPOSED] DISCOVERY CONFIDENTIALITY ORDER |

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this _____ day of _____, _____, by the United States District Court for the District of Maryland, ORDERED:

1.      Designation of Discovery Materials as "Confidential":  All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) With the exception of re-productions of documents made in other cases/investigations, the designation of confidential information shall be made by placing or affixing on the document, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL."  One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential.  A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.  Except for documents produced for inspection at a party's facilities, the designation of confidential information shall be made prior to, or

1

contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential.  Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Any party to this litigation and any third party shall have the right to designate as "Attorneys' Eyes Only" documents produced in the course of discovery, Answers to Interrogatories, Answers to Requests for Admission, Responses to Requests for Production of Documents, and deposition testimony and deposition exhibits that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  One who provides material may designate it as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only in good faith.  The designation of Attorneys' Eyes Only information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

(c) To the extent document are re-produced in this litigation that were originally produced in other cases or investigations, any party to this litigation and any third party shall have the right to designate confidential information using the existing confidentiality designations made and stamps applied in that other case or investigation.  Such designations shall be treated as confidential as though the stamps referenced in paragraphs 1(a) and 1(b) above were applied to the documents.  To the extent there is any question as to whether a document has been designated as confidential pursuant to this Order, the parties to this litigation and/or any third party, as appropriate, shall meet

2

and confer in good faith regarding those designations. Any documents re-produced with existing confidentiality designations are subject to the same procedures for challenging a confidentiality designation set forth in paragraph 4 below.  Moreover, after the initial re-production, documents either withheld or produced with redactions in other cases or investigations  for any reason other than the attorney-client privilege or work product doctrine (as logged),shall be re-examined to determine whether they can be produced or produced with lesser redactions in this litigation.

(d) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Any testimony which describes a document which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described above, shall also be deemed to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively.

(e) Information or documents designated as Confidential and Confidential - Attorneys' Eyes Only under this Order shall not be used or disclosed by the parties or counsel for the parties or by any person identified in subparagraph (f) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).  The parties shall not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has/have been certified.

(f) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)     Disclosure may be made to counsel, employees of counsel, and non-employee contract staff hired by counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such person to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.  To satisfy this requirement, counsel for the parties may internally circulate a copy of the order to attorneys and staff working on this matter.

(ii)    Disclosure may be made only to executive leadership of a party as required in good faith to oversee the conduct of this litigation and to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed;

(iii)   Disclosure may be made to court reporters engaged for deposition, those persons, if any, specifically engaged for the limited purpose of making litigation copies or reproductions of documents (photocopies, demonstratives, etc.), and external e-discovery vendors.  Prior to disclosure to any such person(s) must agree to be bound by the terms of this Order.

(iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; provided they have signed a non-disclosure agreement in the substantially in the form attached hereto as Exhibit A;

(v)     Disclosure may be made to the Court and court personnel;

(vi)    Disclosure may be made to any mediators or arbitrators engaged by the

parties;

(vii)    Disclosure may be made to deponents and witnesses (and counsel for the

witnesses) to the extent reasonably necessary in connection with their

testimony in this Action or the preparation thereof, but a person identified

solely in this subparagraph may not be permitted to retain copies of any

Confidential materials.

(g) Material produced and marked as Attorneys' Eyes Only may be disclosed only to counsel for the receiving party and the individuals described in Paragraph 1(f)(i), (iii), (iv), and (v) and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

(h) Except as provided in subparagraphs 1(f) and 1(g) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(i) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order or any portion thereof shall be immediately marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively, by the party in possession thereof, if that word does not already appear thereon.

2.    Confidential Information Filed with Court.  To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim

Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

4.     Challenging Designation of Confidentiality. If counsel for a party receiving documents or information designated as Confidential or Confidential – Attorneys' Eyes Only objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 21 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Confidential – Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Confidential – Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court upon motion. The burden of proving the

confidentiality of designated information remains with the party asserting such confidentiality.

5.      Inadvertent or Unintentional Disclosure of Confidential Information.  To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Confidential – Attorneys' Eyes Only within a reasonable time after disclosure.  Such notice shall constitute a designation of the material as Confidential or Confidential – Attorneys' Eyes Only under this Discovery Confidentiality Order.

6.      Inadvertent or Unintentional Disclosure of Privileged Information.  When the inadvertent or mistaken disclosure of any material protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.  Such inadvertent or mistaken disclosure of such material shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

7.      Party Use of Own Materials.  Nothing in this Discovery Confidentiality Order limits any disclosing party's use or disclosure of its own documents, materials, or information that has been designated as Confidential.

8.      Reservation of Rights.  This Discovery Confidentiality Order shall not deprive any party of it right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

9.      Survival.  This Discovery Confidentiality Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

10.     Return of Confidential Material at Conclusion of Litigation.  At the conclusion of this litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party or destroyed instead of being returned, with a notice sent to the originating party as to the completion of the destruction.  The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**STIPULATED AND AGREED**

Dated: 12/7/2023                                          Respectfully submitted,

                                                         **POMERANTZ LLP**

                                                         _/s/ Matthew L. Tuccillo_

                                                         Matthew L. Tuccillo (admitted _pro hac vice_)
                                                         Jeremy A. Lieberman (admitted _pro hac vice_)
                                                         Jennifer Banner Sobers (admitted _pro hac vice_)
                                                         Dolgora Dorzhieva (admitted _pro hac vice_)
                                                         Zachary Denver (admitted _pro hac vice_)

8

600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mltuccillo@pomlaw.com
jbsobers@pomlaw.com
ddorzhieva@pomlaw.com
zdenver@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Tel.: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

**COHEN MILSTEIN SELLERS & TOLL
    PLLC**

*/s/ S. Douglas Bunch*

Steven J. Toll (Md. Bar No. 15824)
Daniel S. Sommers (Md. Bar No. 15822)
S. Douglas Bunch (admitted *pro hac vice*)
Brendan Schneiderman (admitted *pro hac vice*)
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
bschneiderman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

**KLAUSNER,   KAUFMAN,   JENSEN   &
LEVINSON**

*/s/ Robert D. Klausner*

Robert D. Klausner

9

Stuart Kaufman
(*pro hac vice* applications forthcoming)
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

***Additional Counsel for City of Fort Lauderdale
Police & Firefighter's Retirement System***

Dated: 12/7/2023

**WILMER CUTLER PICKERING HALE
AND DORR LLP**

*/s/ Michael G. Bongiorno*

Michael G. Bongiorno*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Michael.Bongiorno@wilmerhale.com
Phone: (212) 230-8800
Facsimile: (212) 230-8888

Timothy J. Perla*
Dan Willey*
Kim A. Crowley*
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000
Timothy.Perla@wilmerhale.com
Dan.Willey@wilmerhale.com
Kim.Crowley@wilmerhale.com

*\* Pro hac vice*

**MILES & STOCKBRIDGE P.C.**

*/s/ William M. Krulak, Jr.*

William M. Krulak, Jr. (Fed. Bar No. 26452)
Ariana K. DeJan-Lenoir (Fed. Bar No. 20522)
100 Light Street
Baltimore, Maryland 21202

10

(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

***Attorneys for Defendant Emergent BioSolutions Inc.***

Dated: 12/7/2023

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Veronica E. Callahan*

Veronica E. Callahan*
250 West 55th Street
New York, NY 10019
Phone: (212) 836-8000
Facsimile: (212) 836-8689
Veronica.callahan@arnoldporter.com

Stephanna F. Szotkowski*
70 West Madison Street, Ste. 4200
Chicago, IL 60602
Phone: (312) 583-2300
Facsimile: (312) 583-2360
Stephanna.szotkowski@arnoldporter.com

Chasity A. Fair*
601 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 942-5000
Facsimile: (202) 942-5999
Chasity.fair@arnoldporter.com

*\* Pro hac vice*

**MILES & STOCKBRIDGE P.C.**

*/s/ William M. Krulak, Jr.*

William M. Krulak, Jr. (Fed. Bar No. 26452)
Ariana K. DeJan-Lenoir (Fed. Bar No. 20522)
100 Light Street
Baltimore, Maryland 21202
(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

11

*Attorneys for Defendant Syed T. Hussain*

Dated: 12/7/2023                              **MILLER & CHEVALIER CHARTERED**

*/s/ Kirby D. Behre*

Kirby D. Behre
Margot Laporte\*
900 16th Street NW
Washington, DC 20006
Phone: (202) 626-5800
Facsimile: (202) 626-5801
kbehre@milchev.com
mlaporte@milchev.com

*\* Pro hac vice*

**MILES & STOCKBRIDGE P.C**.

*/s/ William M. Krulak, Jr.*

William M. Krulak, Jr.
Ariana K. DeJan-Lenoir
100 Light Street
Baltimore, Maryland 21202
(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

*Attorneys for Defendant Robert G. Kramer, Sr.*

**IT IS SO ORDERED**

Dated: _____

_____

Deborah L. Boardman
UNITED STATES DISTRICT JUDGE

12