**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: All Actions | STIPULATION AND [PROPOSED] ORDER REGARDING NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION |

Whereas, the parties have stipulated, and hereby request, consistent with L.R. 104.14 the entry of an order providing, that the attorney-client privilege and work product protection shall not be waived under certain circumstances as specified herein;

Accordingly, it is this _____ day of _____, _____, by the United States District Court for the District of Maryland, ORDERED:

1.        Non-Waiver of Attorney-Client Privilege and Work Product Protection.  Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Fed. R. Evid. 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a

1

party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

2.　　Return of Privileged or Protected Materials. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to, Fed. R. Civ. P. 26(b)(5)(B). In assessing the validity of any claim of Privilege or Protection, the court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question.

3.　　For purposes of Paragraph 2, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means.

4.　　For purposes of Paragraph 2, "actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

5.      Nothing herein shall be construed to require any party or person to produce any document or information protected by the attorney client privilege, attorney work product doctrine, or other applicable privilege.

**STIPULATED AND AGREED**

Dated: 12/7/2023                          Respectfully submitted,

**POMERANTZ LLP**

*/s/ Matthew L. Tuccillo*

Matthew L. Tuccillo (admitted *pro hac vice*)
Jeremy A. Lieberman (admitted *pro hac vice*)
Jennifer Banner Sobers (admitted *pro hac vice*)
Dolgora Dorzhieva (admitted *pro hac vice*)
Zachary Denver (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Fax: (212) 661-8665
jalieberman@pomlaw.com
mltuccillo@pomlaw.com
jbsobers@pomlaw.com
ddorzhieva@pomlaw.com
zdenver@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Tel.: (310) 405-7190
jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

**COHEN MILSTEIN SELLERS & TOLL
    PLLC**

*/s/ S. Douglas Bunch*

Steven J. Toll (Md. Bar No. 15824)
Daniel S. Sommers (Md. Bar No. 15822)

3

S. Douglas Bunch (admitted *pro hac vice*)
Brendan Schneiderman (admitted *pro hac vice*)
1100 New York Avenue N.W.
Suite 500, East Tower
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com
bschneiderman@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**

*/s/ Robert D. Klausner*

Robert D. Klausner
Stuart Kaufman
(*pro hac vice* applications forthcoming)
7080 NW 4th Street
Plantation, Florida 33317
Tel.: (954) 916-1202
Fax: (954) 916-1232
bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Fort Lauderdale Police & Firefighter's Retirement System*

Dated: 12/7/2023

**WILMER CUTLER PICKERING HALE AND DORR LLP**

*/s/ Michael G. Bongiorno*

Michael G. Bongiorno*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Michael.Bongiorno@wilmerhale.com
Phone: (212) 230-8800
Facsimile: (212) 230-8888

Timothy J. Perla*

4

Dan Willey*
Kim A. Crowley*
60 State Street
Boston, MA 02109
Phone: (617) 526-6000
Facsimile: (617) 526-5000
Timothy.Perla@wilmerhale.com
Dan.Willey@wilmerhale.com
Kim.Crowley@wilmerhale.com

*\ Pro hac vice*

**MILES & STOCKBRIDGE P.C.**

*/s/ William M. Krulak, Jr.*

William M. Krulak, Jr. (Fed. Bar No. 26452)
Ariana K. DeJan-Lenoir (Fed. Bar No. 20522)
100 Light Street
Baltimore, Maryland 21202
(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

***Attorneys for Defendant Emergent BioSolutions Inc.***

Dated: 12/7/2023

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Veronica E. Callahan*

Veronica E. Callahan*
250 West 55th Street
New York, NY 10019
Phone: (212) 836-8000
Facsimile: (212) 836-8689
Veronica.callahan@arnoldporter.com

Stephanna F. Szotkowski*
70 West Madison Street, Ste. 4200
Chicago, IL 60602
Phone: (312) 583-2300
Facsimile: (312) 583-2360
Stephanna.szotkowski@arnoldporter.com

5

Chasity A. Fair*
601 Massachusetts Ave., NW
Washington, DC 20001
Phone: (202) 942-5000
Facsimile: (202) 942-5999
Chasity.fair@arnoldporter.com

*Pro hac vice*

**MILES & STOCKBRIDGE P.C.**

*/s/ William M. Krulak, Jr.*

William M. Krulak, Jr. (Fed. Bar No. 26452)
Ariana K. DeJan-Lenoir (Fed. Bar No. 20522)
100 Light Street
Baltimore, Maryland 21202
(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

***Attorneys for Defendant Syed T. Hussain***

Dated: 12/7/2023

**MILLER & CHEVALIER CHARTERED**

*/s/ Kirby D. Behre*

Kirby D. Behre
Margot Laporte*
900 16th Street NW
Washington, DC 20006
Phone: (202) 626-5800
Facsimile: (202) 626-5801
kbehre@milchev.com
mlaporte@milchev.com

*Pro hac vice*

**MILES & STOCKBRIDGE P.C.**

*/s/ William M. Krulak, Jr.*

William M. Krulak, Jr.
Ariana K. DeJan-Lenoir
100 Light Street
Baltimore, Maryland 21202

6

(410) 385-3448
wkrulak@milesstockbridge.com
adejanlenoir@milesstockbridge.com

***Attorneys for Defendant Robert G. Kramer, Sr.***

**IT IS SO ORDERED**

Dated: _____


_____
Deborah L. Boardman
UNITED STATES DISTRICT JUDGE