# Exhibit 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: <br><br> All Actions | |

## <u>STIPULATION OF SETTLEMENT</u>

This Stipulation of Settlement, dated September 12, 2024 (together with all Exhibits thereto, the "Stipulation"), is entered into by and among: (a) Lead Plaintiffs, the Nova Scotia Health Employees' Pension Plan ("NSHEPP") and City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale," and, together with NSHEPP, "Lead Plaintiffs"), individually and on behalf of all Settlement Class Members; and (b) Defendants Emergent BioSolutions Inc. ("Emergent"), Robert G. Kramer, Sr. ("Kramer"), and Syed T. Husain ("Husain") and former Defendant Richard S. Lindahl ("Lindahl") (together, "Settling Defendants").  The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle the Released Claims, subject to the approvals of the Court as set forth herein.

## I.    <u>THE LITIGATION</u>

### A.    <u>Procedural History</u>

On April 19, 2021, Palm Tran, Inc. – Amalgamated Transit Union Local 1577 Pension Plan filed a securities class action complaint in this Court styled *Palm Tran, Inc – Amalgamated Transit Union Local 1577 Pension Plan v. Emergent BioSolutions Inc., et al.*, No. 21-cv-00955 (D. Md.) (Dkt. No. 1) against Emergent, Kramer, Husain, and Lindahl, asserting claims under

Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) & 78t(a), and Rule 10b-5 (the "PalmTran Action") promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5.  Pursuant to the Private Securities Litigation Reform Act of 1995, by Order dated December 23, 2021, the Court consolidated two related actions with the PalmTran Action,[1] adopted the consolidated case caption *In re Emergent Biosolutions Inc.*, and, after the conclusion of contested lead plaintiff briefing, appointed Nova Scotia and Fort Lauderdale as Lead Plaintiffs and appointed Pomerantz LLP as Lead Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel (Dkt. No. 44).

On March 19, 2022, Lead Plaintiffs filed the First Amended Complaint (the "FAC") (Dkt. No. 54) alleging that Defendants made material misstatements and omissions between March 10, 2020 and November 4, 2021, both dates inclusive (the "Settlement Class Period").

Significant contested motion practice ensued.  On May 19, 2022, Settling Defendants filed their motion to dismiss the FAC (Dkt. No. 72), supported by extensive materials of which Defendants asked the Court to take judicial notice (Dkt. Nos. 72-3 – 72-53).  On July 19, 2022, Lead Plaintiffs filed an opposition to the motion to dismiss the FAC (Dkt. No. 80), supported by extensive materials of which Lead Plaintiffs asked the court to take judicial notice (Dkt. Nos. 79-2 – 79-38) via a motion for judicial notice (Dkt. No. 77).  On July 20, 2022, Lead Plaintiffs filed a motion to partially lift the PSLRA's statutory discovery stay (Dkt. No. 86).  On August 2, 2022, the Court held a status conference regarding the ongoing motion practice (Dkt. No. 96).  On August 5, 2022, Settling Defendants filed oppositions to Lead Plaintiffs' motion for judicial notice (Dkt. No. 98) and motion to partially lift the discovery stay (Dkt. No. 99).  On August 12, 2022, Lead

---

[1]    *Roth v. Emergent BioSolutions Inc.*, et al., 8:21-cv-01189-PWG (D. Md.) and *Weiss v. Emergent BioSolutions Inc.*, et al., 8:21-cv-01368-PWG (D. Md.), respectively.

Plaintiffs filed replies in further support of their motion for judicial notice (Dkt. No. 100) and their motion to partially lift the discovery stay (Dkt. No. 102). Oral argument on Lead Plaintiffs' motions for judicial notice and a partial lifting of the PSLRA discovery stay was conducted at a motion hearing on February 2, 2023 (Dkt. No. 111). On March 2, 2023, Settling Defendants filed a reply in further support of their motion to dismiss the FAC (Dkt. No. 115). On April 7, 2023, Lead Plaintiffs filed a notice of supplemental authority in further opposition to Defendants' motion to dismiss the FAC (Dkt. No. 117). Oral argument on Defendants' motion to dismiss the FAC was held at a hearing on April 19, 2023 (Dkt. No. 118). Post-argument letter briefs were filed by Lead Plaintiffs on April 20, 2023 (Dkt. No. 119) and Defendants (Dkt. No. 120) on April 21, 2023.

The Court resolved these cross-motions in a series of Orders. On February 3, 2023, the Court entered Orders denying Lead Plaintiffs' motion to partially lift the discovery stay and granting Lead Plaintiffs' motion for judicial notice (Dkt. No. 113). On September 1, 2023, the Court entered an Order (Dkt. No. 125) and a detailed Memorandum Opinion (Dkt. No. 124) granting in part and denying in part Settling Defendants' motion to dismiss the FAC, which dismissed all claims against former Defendant Lindahl.

On October 18, 2023, the Parties submitted their Rule 26(f) report (Dkt. No. 150). The remaining Settling Defendants answered the FAC on October 30, 2023 (Dkt. Nos. 155, 156). After a status conference (Dkt. No. 158), the Court entered its Scheduling Order on November 21, 2023 (Dkt. No. 159). In accordance therewith, the Parties exchanged Rule 26(a)(1) initial disclosures, exchanged the first set of Rule 33 interrogatories and Rule 34 requests for production, executed an ESI protocol, and exchanged responses and objections to the first set of interrogatories and requests for production. After the Parties filed their joint proposals (Dkt. Nos. 161-162), the Court entered

Orders addressing confidentiality and privilege waivers (Dkt. Nos. 163-164) on December 13, 2023.  Lead Plaintiffs served Defendants with preservation letters in February 2024.

Thereafter, the parties engaged in substantial reciprocal discovery, enabling them to gain a fulsome understanding of the strengths and weaknesses of their claims and defenses.  Lead Plaintiffs' initial requests asked Defendants to produce documents they provided to Congress, and U.S. and foreign regulators, in response to which Defendants made rolling productions totaling approximately 115,000 documents.  Lead Plaintiffs also made productions of documents, including NSHEPP's and Fort Lauderdale's production of investment management documents on April 12, 2024 and NSHEPP's production of emails and attachments on July 23, 2024.

Starting in late November 2023, Lead Plaintiffs also served subpoenas on third parties identifiable primarily from relevant, publicly available Congressional reports and pursued FOIA or similar requests from multiple U.S. regulators, and their counterparts from Canada, the European Union, and South Africa.  Lead Plaintiffs' subpoenas and requests focused on documents produced to various governmental entities,  and the third-party subpoena recipients produced approximately 3,800 documents.  On August 23, 2024, Lead Plaintiffs began to subpoena third parties for depositions.

On February 9, 2024, Lead Plaintiffs filed their motion for class certification and appointment of class representatives and class counsel (Dkt. No. 165).  Responsive notices to the motion were filed by Defendants on April 15, 2024 (Dkt. No. 167) and Lead Plaintiffs on April 16, 2024 (Dkt. No. 168).  On June 18, 2024, the Court granted Lead Plaintiffs' motion for class certification and appointment of class representatives and class counsel (Dkt. No. 178).

On February 13, 2024, counsel for Lead Plaintiffs and the Settling Defendants, along with certain insurance carriers, participated in a full-day mediation before Jed Melnick of JAMS.  In

advance of that session, the Parties exchanged detailed, confidential, mediation statements addressing liability and damages, and Lead Plaintiffs also served a responsive mediation statement, all of which also were provided to the mediator.  No settlement was reached at the mediation.

As negotiations continued for over 4 months, discovery continued apace.  Lead Plaintiffs propounded upon Defendants supplemental requests for production of documents, interrogatories, and requests for admissions in April 2024.  Lead Plaintiffs researched and prepared deposition outlines for 10 former and current Emergent employees and consultants, including the Individual Defendants, with respect to which they served a notice on June 22, 2024 and an amended notice on July 22, 2024.  Lead Plaintiffs served Defendants with a motion to compel responses to their requests for admissions on July 1, 2024, and the Parties agreed to extensions of Defendants' deadline to respond to provide time to potentially resolve this matter.

After extensive negotiations, often including weekly discussions between the Parties' counsel, the Parties reached an understanding in principle to settle the Action, and, after execution of a Memorandum of Understanding on August 26, 2024 and subsequent continued negotiations, entered into this Stipulation.  This Stipulation memorializes the agreement between the Parties to fully and finally settle the Action and to fully release all Released Claims against the Released Parties with prejudice in return for specified consideration.

**B.**    **Lead Plaintiffs' Assessment of the Claims and Benefits of Settlement**

Lead Plaintiffs believe that the claims asserted in the Action[2] are meritorious and are supported by the evidence developed to date, including numerous confidential witness statements referenced in the FAC.  Additionally, Lead Counsel is familiar with the applicable law underlying

---

[2]     As set forth below, Defendants have denied and continue to deny any and all allegations of fault, liability, wrongdoing, or damages.

the alleged claims and believes that any defenses Settling Defendants may raise can be refuted and overcome at summary judgment and/or at trial.

Nevertheless, Lead Plaintiffs and Lead Counsel also recognize the expense and length of any further prosecution of the Action through completion of discovery, trial, and appeals. Lead Plaintiffs and Lead Counsel are also mindful of inherent problems of proof of, and possible defenses to, the federal securities law violations asserted in the FAC, including, but not limited to, proof of the Settling Defendants' state of mind, which Settling Defendants have already challenged in their motion to dismiss, issues of causation and damages, and practical impediments to judgment enforcement. Lead Plaintiffs and Lead Counsel, based upon their thorough evaluation, believe that the Settlement set forth in the Stipulation is fair, reasonable, and adequate and in the best interests of the Settlement Class Members and that the Settlement confers substantial benefits upon Settlement Class Members.

### C.    Settling Defendants' Denials of Wrongdoing

Settling Defendants have denied, and continue to deny any and all allegations against them of fault, liability, wrongdoing, or damages, and deny that they have committed any act or omission giving rise to any violation or breach of law, including the U.S. securities laws, regulation, or duty, and are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Each Settling Defendant has expressly denied and continues to deny any and all allegations of wrongdoing or liability against such Settling Defendant arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Settling Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead

Plaintiffs or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Settling Defendants or by the conduct alleged in the Action. Settling Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.

Nonetheless, Settling Defendants have agreed to enter into this Stipulation to avoid the uncertainties, burden, and expense of further litigation and obtain the full and broad release of the Released Settlement Class Claims, finally and forever.  Nothing in this Stipulation shall be construed as an admission by Settling Defendants of any wrongdoing, fault, liability, or damages whatsoever.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, without any concession by Lead Plaintiffs that the Action lacks merit, and without any admission or concession by Settling Defendants of any liability or wrongdoing or lack of merit in any of the defenses that Settling Defendants have or could have asserted, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, through their respective undersigned counsel of record, that, subject to approval of the Court under Fed. R. Civ. P. 23(e), in consideration of the benefits flowing to the Parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

### B.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0    "Action" means the consolidated action, *In re Emergent BioSolutions Inc. Sec. Litig.*, Case No. 8:21-cv-00955-DLB, pending in the United States District Court for the District of Maryland.

1.1    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form in accordance with the requirements established by the Court and whose claim for recovery is allowed pursuant to the terms of this Stipulation.

1.2    "CAFA Notice" means the notice of the Settlement that counsel for Emergent, on behalf of the Settling Defendants, shall serve as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") and as set forth in ¶ 9.6.

1.3    "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4    "Claims Administrator" means the firm that will be hired by Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of either Exhibit B1 or Exhibit B2 hereto, as the Court may order, arranging for publication of Notice in the form of Exhibit C hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5    "Court" means the court overseeing the Action, the United States District Court for the District of Maryland.

1.6    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of the Stipulation have occurred and/or been met.

1.7    "Escrow Accounts" mean, collectively, the Notice & Administration Account and the Settlement Account.

1.8    "Escrow Agent" means Huntington National Bank.

1.9     "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.10    "Fee and Expense Application" means any application or applications for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; and (b) reimbursement of actual expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action, including any interest earned on such fees and expenses pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4).

1.11    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.12    "Final," with respect to this Settlement, means that (a) the Court has entered an order finally approving the Settlement in all material respects, including, but not limited to, certifying a Settlement Class for settlement purposes only, approving the scope of the Releases, and entering the Judgment, and (b) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiffs or any appeals solely related thereto.

1.13    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit E or in a similar form as adopted by the Court.

1.14    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory award to Lead Plaintiffs approved by the Court, and Notice & Administration Costs.

1.15    "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, which is to be sent to Settlement Class Members substantially in the form attached hereto as either Exhibit B1 or Exhibit B2, as the Court may order.

1.16    "Notice & Administration Account" means an interest-bearing escrow account that may be used only to pay Notice & Administration Costs.

1.17    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing the Notice and Proof of Claim and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Notice and Proof of Claim, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim forms, working with Claimants to cure defects in submitted Proof of Claim forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.18    "Officer(s)" means any officer as that term is defined in Securities and Exchange Rule 16a-1(f).

1.19    "Parties" means, collectively, the Settling Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class Members.

1.20    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, successors-in-interest, or assigns.

1.21    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court.   Any Plan of Allocation is not part of this Stipulation and Settling Defendants and Released Defendant Parties shall have no responsibility or liability with respect thereto.

1.22    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing notice thereof to the Settlement Class, via the Notice and the Publication Notice, and related matters.

1.23    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit D.

1.24    "Publication Notice" means the Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit C.

1.25    "Released Claims" means the Released Settlement Class Claims and the Released Defendant Claims.

1.26    "Released Defendant Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether asserted or unasserted, that the Settling Defendants or the Released Defendant Parties could have raised in the Action against Lead Plaintiffs or the Released Plaintiff Parties, whether arising under state, federal, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate to the commencement, prosecution or settlement of the Action (except for any derivative claims concerning the facts alleged in the FAC, and claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.27    "Released Defendant Parties" means Settling Defendants, together with each of their respective past, present, or future affiliates, divisions, joint ventures, assigns, assignees, assignors, direct or indirect parents or subsidiaries, shareholders, controlling shareholders, successors, predecessors, parent corporations, sister corporations, subsidiaries, affiliates, principals, legatees, devisees, spouses, receivers, settlors,  and entities in which a Defendant has a controlling interest, and each of their past, present, or future Officers, directors, agents, employees, independent contractors, servants, partners, partnerships, members, attorneys, controlling shareholders, advisors, financial or investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers) and immediate family members, and the legal or personal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors-in-interest, or assigns of any of the foregoing.

1.28    "Released Parties" means (a) the Settling Defendants and the Released Defendant Parties for the Released Settlement Class Claims, and (b) Lead Plaintiffs, Lead Counsel, and the Released Plaintiff Parties for the Released Defendant Claims.

1.29    "Released Plaintiff Parties" means Lead Plaintiffs, Lead Counsel, other Plaintiffs' counsel, and any Settlement Class Member.

1.30    "Released Settlement Class Claims" means any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, asserted or unasserted, class or individual in nature, mature or not mature, liquidated or unliquidated, accrued or not accrued, whether arising under any federal, state, local, administrative, statutory, common or foreign law, or any other law, rule or regulation, at law or in equity, that Lead Plaintiffs, or any other Released Plaintiff Parties: (i) directly or indirectly asserted in the FAC; or (ii) could have been or in the future might be asserted in any court or forum that arise out of, are based on, or relate to the allegations, transactions, facts, events, matters, occurrences, representations, statements, acts, disclosures, or omissions set forth in the FAC; and (iii) that arise out of, are based on, or relate to, the purchase, acquisition, sale, or disposition of shares of Emergent common stock on the New York Stock Exchange (NYSE: EBS) during the Settlement Class Period.

1.31    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.2.

1.32    "Settlement" means the settlement of the Action on the terms set forth in this Stipulation.

1.33    "Settlement Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount, from which a portion will be transferred into the Notice & Administration Account per ¶ 2.6, as may be ordered by the Court.

1.34    "Settlement Amount" means forty million dollars ($40,000,000.00) U.S. Dollars to be paid pursuant to ¶ 2.0 of this Stipulation.   No additional payment shall be made by the Parties in connection with the Settlement, including for Notice & Administration Costs, attorneys' fees and expenses, as allowed by the court, compensatory awards to Lead Plaintiffs, Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.35    "Settlement Class" means, for purposes of this Settlement only, all Persons who purchased, or otherwise acquired, the common stock of Emergent (NYSE: EBS) during the Settlement Class Period.  Excluded from the Settlement Class are Settling Defendants; members of their immediate families and their affiliates; any entity in which Settling Defendants had a controlling or partnership interest during the Settlement Class Period; any person serving as an Officer or director of Emergent during the Settlement Class Period; the judges presiding over the Action and the immediate family members of such judges; and the successors, heirs, and assigns of any excluded person.  Also excluded from the Settlement Class are those Persons who timely and validly submit a request for exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe.  The Settling Defendants shall assist in identifying the Persons to be excluded from the Settlement Class.

1.36    "Settlement Class Member" means a Person that is a member of the Settlement Class that does not exclude himself, herself or itself by filing a timely request for exclusion in accordance with the requirements set forth in the Notice.  "Settlement Class Members" means all such Persons.

1.37    "Settlement Class Period" means the period between March 10, 2020 and November 4, 2021, both dates inclusive.

14

1.38    "Settlement Distribution Order" means the Order approving the Claims Administrators' administrative determinations concerning the acceptance and rejection of the claims submitted by potential Settlement Class Members; approving of any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator; and directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.39    "Settlement Fairness Hearing" means a hearing to be held before the Court pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement of the Action on the terms and conditions in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel (to be distributed by Lead Counsel, in Lead Counsel's discretion, to any other counsel who contributed to the outcome obtained by Lead Plaintiffs for the Settlement Class) for their efforts and any compensatory awards that should be awarded to Lead Plaintiffs for their service to the Settlement Class; to hear any objections (if any) by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

1.40    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.41    "Supplemental Agreement" means the supplemental agreement between the Parties described in ¶2.13 herein.

1.42    "Taxes" and "Tax Expenses" means: (a) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (b) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.10 of the Stipulation, including, without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

1.43    "Unknown Claims" means and includes (a) any and all Released Settlement Class Claims that Lead Plaintiffs, Released Plaintiff Parties, or any Settlement Class Member do not know or suspect to exist in his, her or its favor, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement; and (b) any and all Released Defendant Claims that any Settling Defendant or other Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall be deemed to have, and by operation of the Judgment, shall have, to the fullest extent permitted by law, expressly waived and relinquished, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Parties acknowledge, and the Settlement Class Members and the other Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims"

in the definition of Released Settlement Class Claims and Released Defendant Claims was separately bargained for and a material element of the Settlement.

### C.    **The Settlement**

#### a.    **Settlement Amount**

2.0    In consideration of the full and final settlement of the Released Claims, Emergent (on behalf of itself and all other Settling Defendants) shall pay or cause to be paid, by either wire transfer or check, the Settlement Amount to the Escrow Agent as the Settlement Fund for deposit into the Settlement Account within twenty (20) business days after the later of (i) the Court's entry of an order granting preliminary approval of the Settlement, and (ii) the date that Lead Plaintiffs provide to Defendants' counsel complete wire and transfer information and instructions and a completed W-9.

2.1    The Settling Defendants', Released Defendant Parties', and other Released Parties' sole financial obligation to Lead Plaintiffs, the Settlement Class Members, and Lead Counsel under this Stipulation shall be as set forth in ¶ 2.0, and under no circumstances shall they have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement.  All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel for distribution by Lead Counsel in its discretion among itself and other Plaintiffs' counsel involved in the Action, and any compensatory award to Lead Plaintiffs as awarded by the Court, administrative, and all other approved costs, expenses, or fees of any kind whatsoever associated with the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

#### b.    **The Escrow Agent**

2.2    At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States

Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government. At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settling Defendants, other Released Parties, their counsel, and their insurers shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

<strong>c.     Handling and Disbursement of Funds by the Escrow Agent</strong>

2.3     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' counsel and Lead Counsel.

2.4     No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶2.6–2.8 regarding the Notice & Administration Account, ¶2.10 regarding Taxes, and ¶7.1 regarding Attorneys' Fees and Expenses.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall either be distributed or be returned to the parties who deposited such funds pursuant to this Stipulation and/or further order of the Court. Once the Settlement and Judgment become Final, there shall be no reversion whatsoever of any of the Settlement Amount to any of

the Settling Defendants or any other Person who or which paid any portion of the Settlement Amount.

### d.    Notice & Administration Account

2.6    Within seven (7) calendar days after payment of the Settlement Amount into the Settlement Fund, the Escrow Agent shall establish a Notice & Administration Account and may deposit into it up to five hundred thousand dollars ($500,000.00) [Subject to confirmation] from the Settlement Account.  The Notice & Administration Account may be invested and earn interest as provided for in this Stipulation, and references in this Stipulation to the Notice & Administration Account shall include such interest. The Settling Defendants, Released Defendant Parties, other Released Parties, their counsel, and their insurers shall not bear any responsibility for or liability related to the investment of the Notice & Administration Account.

2.7    Without prior approval from the Court, the Notice & Administration Account shall be used by the Escrow Agent to pay Notice & Administration Costs.  If Notice & Administration Costs exceed [Subject to confirmation] five hundred thousand dollars ($500,000.00), any such additional costs and expenses shall, subject to approval of the Court, be transferred from the Settlement Account to the Notice & Administration Account.  Any residual monies held in the Notice & Administration Account upon the completion of notice and claims administration for the Settlement shall be transferred back into to the Settlement Account.

2.8    In the event the Settlement and Judgment do not become Final or the Settlement is terminated as provided herein, within five (5) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Account, including interest earned, shall be returned to Settling Defendants or any other Person who or which paid any portion of the

Settlement Amount, *pro rata* as had been paid by them respectively, per their instructions, except for any monies paid or any then-accrued costs yet-to-be-paid for Notice & Administration Costs, Taxes, and Tax Expenses. Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments. Lead Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration. If, instead, the Settlement and Judgment become Final, once they become Final, there shall be no reversion whatsoever of any monies held in the Notice & Administration Account or Settlement Account to any of the Settling Defendants or any other Person who or which paid any portion of the Settlement Amount.

2.9    The Notice & Administration Account shall not be used to pay any portion of the Fee and Expense Award to Lead Counsel. The Escrow Agent shall maintain a record of all funds disbursed. The Released Parties shall have no obligation to pay any expenses associated with the Notice & Administration Account. In no event shall the Settling Defendants or Released Defendant Parties be responsible to pay any amount for costs, fees, or expenses related to notice and administration.

### e.    Taxes

2.10    The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1. The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund, and by extension, the Notice & Administration Account and Settlement Account, as "qualified settlement funds" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.10, including the "relation-back

election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Notice & Administration Account and Settlement Account (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶2.10(a)) shall be consistent with this ¶2.10 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)    All Taxes and Tax Expenses shall be paid out of the Settlement Fund. Settling Defendants, Released Defendant Parties, and their counsel shall not have any liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of the Settling Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(d)    Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Account without prior order from the Court.

(e)    Lead Plaintiffs, the Settlement Class Members, Lead Counsel, Settling Defendants, Settling Defendants' counsel, and the other Released Parties shall have no liability or responsibility

for Taxes and Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Settling Defendants, Settling Defendants' counsel, Lead Plaintiffs, the Settlement Class Members, Lead Counsel, and the other Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)    The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)).  Lead Plaintiffs, the Settlement Class Members, Lead counsel, Settling Defendants, Settling Defendants' counsel, or the other Released Parties are not responsible therefor, nor shall they have any liability with respect thereto.

(g)    The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.10.  Upon written request, Emergent's counsel agrees to promptly provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

## f.    Termination of Settlement

2.11    The Settling Defendants shall, acting collectively and in their sole discretion, have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Parties within ten (10) business days of:  (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to

amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Any decision with respect to any Plan of Allocation, Fee and Expense Award to Lead Counsel, or compensatory award to Lead Plaintiffs shall not be considered material to this Stipulation and shall not be grounds for termination.

2.12    Lead Plaintiffs shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Parties within ten (10) business days of:  (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect as to Settling Defendants without leave to amend and resubmit; or (d) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Any decision with respect to any Plan of Allocation, Fee and Expense Award, or compensatory award shall not be considered material to this Stipulation and shall not be grounds for termination.

2.13    If, before the Settlement Fairness Hearing, any Persons who otherwise would be members of the Settlement Class have timely filed for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate have purchased a number of securities during the Settlement Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Parties, the Settling Defendants, acting collectively and in their sole discretion, shall have the option to terminate this Stipulation in accordance with the procedures set

forth in the Supplemental Agreement.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until either a dispute arises among the Parties concerning its interpretation or application or its submission is otherwise ordered by the Court, in which case the Parties will undertake to have its submission to the Court *in camera*, to the extent permitted by the Court.

2.14    If either Settling Defendants or Lead Plaintiffs exercise their respective right to terminate the Settlement as provided in this Stipulation:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.5, 2.8, 2.10, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.4, 9.5, 9.14, 9.15, 9.16, 9.18);

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice & Administration Costs, Taxes, and Tax Expenses pursuant to ¶¶ 2.7 and 2.8 above, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Settling Defendants; and

(c)    The Parties shall revert to their respective positions in the Action prior to the execution of the MOU, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation.

**D.    <u>Class Certification</u>**

3.0    For the sole purpose of this Settlement, the Parties hereby stipulate, agree, and consent to:  (a) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Lead Plaintiffs as class representatives for the Settlement Class; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g).  Following

execution of this Stipulation, Lead Plaintiffs, with consent of the Settling Defendants, shall apply to the Court for entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto, which will certify the Action to proceed as a class action for settlement purposes only. The certification of the Settlement Class shall be binding only with respect to the Settlement and only if the Judgment becomes Final. In the event the Settlement is terminated, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, the Settling Defendants reserve the right to contest class certification and the appointment of Class Representatives, and all other rights and defenses concerning class certification and the appointment of Class Representatives and Class Counsel.

### E.  <u>Preliminary Approval Order</u>

4.0    Promptly after execution of this Stipulation, Lead Counsel and Settling Defendants' Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in the form of Exhibit A) that will, *inter alia*, (a) grant preliminary approval to the Settlement; (b) certify the Settlement Class for settlement purposes only; (c) authorize dissemination of Notice to the Settlement Class substantially in the form of Exhibits B1 or B2 and C hereto, along with provision of a Proof of Claim and Release Form substantially in the form of Exhibit D; and (d) request a date for the Settlement Fairness Hearing.

4.1    The Notice as disseminated (or, if the short-form notice in form B2 is adopted for distribution to Settlement Class Members, then the Notice as posted on the Claims Administrators' website) shall describe the Settlement; the proposed Plan of Allocation; the requests for a Fee and Expense Award for Lead Counsel, for distribution by Lead Counsel in its discretion among itself and other Plaintiffs' counsel that were involved in the Action, and a compensatory award to Lead Plaintiffs; the date of the Settlement Fairness Hearing; Settlement Class Members' rights to opt

out, object, or otherwise be heard with regard to these matters; and Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation of Settlement, Notice, Proof of Claim and Release Form, and all papers submitted in support thereof shall be posted on a website to be maintained by the Claims Administrator.

4.2     Within seven (7) days after the Court enters a Preliminary Approval Order, Emergent shall assist the Claims Administrator in obtaining, from Emergent's transfer agent, records of ownership sufficient to identify Settlement Class Members. The cost, if any, associated with compiling and/or delivering these records from the transfer agent to the Claims Administrator shall be payable to the transfer agent from the Notice & Administration Account. Lead Plaintiffs, Lead Counsel, and the Claims Administrator shall maintain this information in confidence and only for the purpose of administering this Settlement.

**F.     Releases**

5.0     The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to the Lead Plaintiffs, the Settlement Class Members, Released Plaintiff Parties, the Settling Defendants, Released Defendant Parties, the other Released Parties, and any and all Released Claims.

5.1     Upon the Effective Date of this Settlement, Released Plaintiff Parties, Lead Plaintiffs and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their successors, heirs, executors, trustees, administrators, predecessors, successors, and assigns, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever settled, released, resolved, relinquished, waived, discharged, and forever dismissed with prejudice each and every one of the Released Settlement Class Claims against each and every one of the Settling Defendants, Released Defendant Parties, and other Released Parties and shall forever be barred and enjoined from

commencing, instituting, prosecuting, or maintaining any and all of the Released Settlement Class Claims against any and all of the Settling Defendants, Released Defendant Parties, and other Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund.

5.2    Upon the Effective Date of this Settlement, and as a material condition of the dismissal with prejudice of the Action, the Settling Defendants, on behalf of themselves, their successors, heirs, executors, administrators, successors, and assigns; the current or former Officers and directors at Emergent during the Settlement Class Period; and all of the other Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and every one of the Released Defendant Claims, and shall be deemed by this Settlement to, and shall be forever enjoined from prosecuting each and every one of the Released Defendant Claims.

G.    **Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund**

6.0    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.  The distribution checks will be drawn upon the Net Settlement Fund.

6.1    Settling Defendants, Released Defendant Parties, their counsel, and their insurers shall have no involvement in, responsibility for, interest in, or liability whatsoever with respect to reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiffs.  Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows:  to pay Taxes and Tax Expenses; to pay Notice & Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Lead Plaintiffs to the extent allowed by the Court; and, upon court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation and the Plan of Allocation.

6.3     After the Effective Date, Lead Counsel, on behalf of Lead Plaintiffs, shall apply to the Court, on notice to the Settling Defendants, for the Settlement Fund Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration, including the Notice & Administration Costs, Taxes, and Tax Expenses, have been paid.

6.4     The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(a)     Each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim Form, substantially in the form of Exhibit D hereto, supported by such documents as are designated therein, including proof of the transactions claimed and the losses incurred thereon, or such other documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim, or who file a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will

in all other respects be subject to and bound by the provisions of this Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any action against Settling Defendants or the other Released Parties concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

6.5     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity of the amount of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of Claim.

6.6     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Claimants. No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Settling Defendants, Settling Defendants' counsel or insurers), the Claims Administrator, the Escrow Agent or any other agent designated by Lead Counsel, or any of the other Released Parties based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

6.7     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described in the Notice, and approved by the Court. However, if there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator under

the supervision of Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court. Under no circumstances shall Settling Defendants have any interest whatsoever in such remaining balance.

6.8    This is not a claims-made settlement. If all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Settling Defendants or any other Person who or which paid any portion of the Settlement Amount.

6.9    Settling Defendants and their respective legal counsel and insurers shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the administration, management, investment, allocation or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (f) the payment or withholding of any Taxes and Tax Expenses, or (g) any failure of Notice or failure to identify Settlement Class Members pursuant to ¶ 4.2 above.

6.10    It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court

separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

       **H.**    **Attorneys' Fees and Expenses**

      7.0    Lead Counsel may submit the Fee and Expense Application, in its sole discretion, contemporaneously with or after Lead Plaintiffs file their motion seeking Final approval of the Settlement.  Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

      7.1    Any Fee and Expense Award, including any interest thereon, shall be payable to Lead Counsel, for distribution by Lead Counsel in its sole discretion among itself and other Plaintiffs' counsel that were involved in the Action, solely from the Settlement Fund upon entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral attack, the award is lowered or the Settlement is disapproved by a final order.

      7.2    If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel shall make all necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar days after Lead Plaintiffs' counsel's receipt from the Court of notice of any order that reverses or reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3    The Fee and Expense Application is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action.  However, if the Court were to reduce the Fee and Expense Award or otherwise reject the Fee and Expense Application, in any material way, and if Lead Plaintiffs and Lead Counsel appeal such ruling(s), the Escrow Agent shall hold and retain within the Settlement Account sufficient funds to cover Lead Plaintiffs' and Lead Counsel's claim on appeal that shall not be distributed during the pendency of such appeal.

I.    **Effect of Disapproval, Cancellation or Termination**

8.0    The Effective Date of the Stipulation shall be the date upon which the last in time of the follow events occurs :

(a)    Approval by the Court of the Settlement, following the period set forth for CAFA Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as prescribed by Fed. R. Civ. P. 23;

(b)    The Settlement Amount has been paid into the Settlement Fund; and

(c)    Entry by the Court of the Judgment, which has become Final, or in the event that the Court enters an order of judgment not in all material respects in the form of the Judgment and none of the Parties elects to terminate this Settlement, the date that such alternative judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of any Fee and Expense Application, or (iii) the granting of a compensatory award to Lead Plaintiffs, shall not affect, alter, or delay the occurrence of the Effective Date.

8.1     Upon the occurrence of the Effective Date, any and all interest or right of Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance with ¶¶6.2 and 6.3 hereof.

8.2     Unless otherwise ordered by the Court, in the event the Stipulation is terminated, or is canceled, or fails to become effective for any reason, no later than ten (10) business days after written notification of such event is sent by Settling Defendants' counsel or Lead Counsel to the Escrow Agent, subject to the terms of ¶¶2.11 or 2.12 hereof, the Settlement Amount (including accrued interest), less any expenses and any costs which have either been properly disbursed or are determined to be chargeable to the Settlement Fund pursuant to ¶¶2.3–2.10 hereof, shall be refunded by the Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer pursuant to written instructions from Settling Defendants' counsel.

8.3     In the event this Settlement is terminated as provided in ¶¶2.11 or 2.12, then the terms and provisions of the Stipulation, with the exception of ¶¶2.5, 2.8, 2.10, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.4, 9.5, 9.13, 9.14, 9.16, and 9.18 hereof, shall have no further force and effect and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, the amount of any awards to Lead Plaintiffs, or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4     In the event this Settlement is terminated as provided in ¶¶2.11 or 2.12, Lead Plaintiffs, the Settlement Class Members, Lead Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any amounts actually and properly disbursed from the Notice & Administration Fund.  In addition, any expenses already incurred and properly chargeable to the Notice & Administration Fund pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation before the balance is refunded in accordance with ¶8.2.

### J.     Miscellaneous Provisions

9.0     Settling Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Settling Defendants with respect to, any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defenses that Settling Defendants have asserted or could assert in the Action or any other action.

9.1     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)     Against any of the Settling Defendants or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or the other Released Parties with respect to the truth of any fact alleged by the Lead Plaintiff in this Action or the validity of any claim that has been or could have been asserted against any of the Settling Defendants or the other Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants or the other Released Parties.

(b)    Against any of the Settling Defendants, the Lead Plaintiffs, any Settlement Class Members, or the other Released Parties, as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Settling Defendants, the Lead Plaintiffs, any Settlement Class Member, or the other Released Parties, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Lead Plaintiffs, any Settlement Class Member, or the other Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Lead Plaintiffs, and any Settlement Class Member, and the other Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(c)    Against any of the Settling Defendants or the other Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

(d)    Against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

(e)    Against the Lead Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiffs in the FAC or the Action or of any lack of merit to the claims or the Action or of

any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. 11 or any similar rule or ethical obligation.

9.2    The Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiffs, Released Plaintiff Parties, or the Settlement Class Members against the Settling Defendants and their counsel and all Released Defendant Parties and Released Parties concerning the Released Settlement Class Claims and against the Lead Plaintiffs and Settlement Class Members and their counsel by the Settling Defendants and all Released Parties concerning the Released Defendant Claims.  Accordingly, the Parties agree not to assert in any forum that the litigation was brought by Lead Plaintiffs or defended by the Settling Defendants in bad faith or without a reasonable basis.  The Parties agree that each has complied fully with Fed. R. Civ. P. 11. The Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with this litigation.  The Parties, and each of them, and their respective counsel agree that the Action was resolved in good faith, following arm's length bargaining, and that the Settlement reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.3    The Parties (a) acknowledge that it is their intent to consummate this Stipulation, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Settling Defendants' counsel agree to cooperate with one another in seeking Court approval of the

Preliminary Approval Order, the Stipulation, and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain Final approval of the Settlement.

9.4    Neither Lead Plaintiffs, the Settlement Class Members, nor the Settling Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund or if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.5    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for the Fee and Expense Award to Lead Counsel and enforcing the terms of this Stipulation.

9.6    Pursuant to CAFA, no later than ten (10) calendar days after the Stipulation is filed with the Court, Settling Defendants shall serve a proper CAFA Notice of the proposed Settlement upon those who are entitled to notice pursuant to CAFA and provide a copy of that notice and proof of service to Lead Counsel.

9.7    Except as otherwise provided for herein, each Party shall bear his, her, or its own costs.

9.8    Pending preliminary approval by the Court of the Settlement, other than by agreement of the Parties, all proceedings in this Action shall be stayed, except those in furtherance

of obtaining preliminary Settlement approval, and the Parties shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Parties.

9.9     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.10     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed as a waiver by the waiving Party of any other prior or subsequent breaches of this Stipulation or a waiver by any other Party of any breach of this Stipulation.

9.11     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.12     Once executed, this Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.13     Other than the Supplemental Agreement (as described in ¶2.13, *supra*), this Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

9.14     Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.15    This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

9.16    This Stipulation shall be binding upon, and inure to the benefit of, the successors, heirs, and assigns of the Parties. The Released Parties who do not appear on the signature lines below are acknowledged and agreed to be third-party beneficiaries of this Stipulation.

9.17    The Court shall retain jurisdiction with respect to enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of enforcing the Settlement embodied in this Stipulation.

9.18    Any disputes arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by mediation before Jed Melnick of JAMS.  If such mediation fails to produce an agreed resolution, the dispute shall be submitted to the Court.

9.19    This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Maryland and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Maryland without giving effect to that State's choice of law principles.

9.20    This Stipulation is deemed to have been prepared by counsel for all Parties, as a result of arm's length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Stipulation, it shall not be construed more strictly against one party than another.

9.21    Whenever this Stipulation requires or contemplates that a Party shall or may give notice to the other, notice shall be in writing and shall be deemed to have been duly given upon

receipt of hand-delivery, overnight courier, emailed PDF or similar-format electronic document, or facsimile transmission with confirmation of receipt.  Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Counsel, then to: | Matthew L. Tuccillo<br>Jennifer Banner Sobers<br>**POMERANTZ LLP**<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Tel: (212) 661-1100<br>Fax: (212) 661-8665<br>Email:  mltuccillo@pomlaw.com<br>Email:  jbsobers@pomlaw.com<br><br>*Lead Counsel for Lead Plaintiffs and the Settlement Class*<br><br>Michael G. Bongiorno<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Tel: (212) 937-7220<br>Email:  michael.bongiorno@wilmerhale.com<br><br>*Counsel for Defendant Emergent BioSolutions Inc.* |
| If to Defendants, then to: | Kirby D. Behre<br>**MILLER & CHEVALIER CHARTERED**<br>900 16th Street NW<br>Washington, DC 20006<br>Tel: (202) 626-5800<br>Email:  kbehre@milchev.com<br><br>*Counsel for Defendant Robert G. Kramer, Sr.*<br><br>Veronica E. Callahan<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>250 West 55th Street<br>New York, NY 10019<br>Tel: (212) 836-7272<br>Email: veronica.callahan@arnoldporter.com<br><br>*Counsel for Defendant Syed T. Husain* |

9.22    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.23    The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

9.24    All agreements by, between, or among the Parties, their counsel, and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

9.25    Lead Plaintiffs, Lead Counsel, and the attorneys, staff, experts, and consultants assisting them in this Action agree that (a) they will not intentionally assist or cooperate with any person or entity in the pursuit of legal action related to the Released Claims against the Released Parties, (b) they will not intentionally assist or cooperate with any person or entity seeking to publicly disparage or economically harm the Released Parties with respect to any matter relating to the subject matter of this Action, and (c) they will not discuss any confidential matters related to this Action or the Settlement with anyone.

9.26    Lead Plaintiffs and Lead Counsel represent and warrant that the Lead Plaintiffs are Settlement Class Members and none of the Lead Plaintiffs' claims or causes of action against one or more Settling Defendants in the Action, or referred to in this Stipulation, or that could have been

alleged against one or more Defendants in the Action have been assigned, encumbered, or in any manner transferred in whole or in part.

*** *** The Rest Of This Page Is Intentionally Left Blank *** ***

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, dated September 12, 2024.

/s/ Matthew L. Tuccillo
Matthew L. Tuccillo
**POMERANTZ LLP**
Jeremy A. Lieberman
Jennifer Banner Sobers
Zachary Denver
600 Third Avenue, 20th Floor
New York, NY 10016

*Lead Counsel for Lead Plaintiffs and the Settlement Class*

/s/ Michael G. Bongiorno
Michael G. Bongiorno
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007

*Counsel for Defendant Emergent BioSolutions Inc.*

/s/ Kirby D. Behre
Kirby D. Behre
**MILLER & CHEVALIER CHARTERED**
900 16th Street NW
Washington, DC 20006

*Counsel for Defendant Robert G. Kramer, Sr.*

/s/ Veronica E. Callahan
Veronica E. Callahan
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019

*Counsel for Defendant Syed T. Husain*