UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB <br><br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: <br> All Actions | |

**AMENDED ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, an action is pending before this Court captioned *In re Emergent BioSolutions Inc. Sec. Litig.*, Case No. 8:21-cv-00955-DLB (the "Action");

WHEREAS, Lead Plaintiffs, the Nova Scotia Health Employees' Pension Plan ("NSHEPP") and City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale") ("Lead Plaintiffs") , on behalf of themselves and all Settlement Class Members, and Defendants Emergent BioSolutions Inc. ("Emergent"), Robert G. Kramer, Sr. ("Kramer"), Syed T. Husain ("Husain"), and former Defendant Richard S. Lindahl ("Lindahl") ("Settling Defendants") (altogether, the "Parties") have applied under Fed. R. Civ. P. 23(e) for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation of Settlement, dated September 12, 2024 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action between the Parties and for dismissal of the Action with prejudice against all Settling Defendants upon the terms and conditions set forth therein; and

WHEREAS, the Court has read and considered the Stipulation and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and hereby preliminarily approves the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing. Unless otherwise defined, all terms used herein shall have the same meanings as set forth in the Stipulation.

2. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for purposes of settlement only, the following Settlement Class: All Persons who purchased, or otherwise acquired, the common stock of Emergent (NYSE: EBS) between March 10, 2020 and November 4, 2021, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are:

    (a) Settling Defendants; members of their immediate families and their affiliates, any entity in which Settling Defendants had a controlling or partnership interest during the Settlement Class Period; any person serving as an Officer or director of Emergent during the Settlement Class Period; the judges presiding over the action and the immediate family members of such judges; and the successors, heirs, and assigns of any excluded person; and

    (b) Persons who submit valid and timely requests for exclusion from the Settlement Class.

3. The "Settlement Fairness Hearing" shall be held before this Court on February 27, 2025 at 10 a.m., at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Suite 445, Greenbelt, MD 20770, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Stipulation should be entered; to determine

whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel for their efforts, and any compensatory awards that should be awarded to Lead Plaintiffs for their service to the Settlement Class; to hear any objections by Settlement Class Members to the Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Lead Plaintiffs; and to consider such other matters as the Court may deem appropriate.

4. Pursuant to Fed. R. Civ. P. 23(c), the Court appoints for settlement purposes only the firm of Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within seven (7) days after the Court enters a Preliminary Approval Order, Emergent shall assist the Claims Administrator in obtaining, from Emergent's transfer agent, records of ownership sufficient to identify Settlement Class Members;

(b) The Court hereby approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing, and the Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms annexed to the Settlement Stipulation, and directs that no more than twenty-one (21) days after entry of this Order granting preliminary approval, Lead Counsel, through the Claims Administrator, shall cause a copy of the Notice in the form set forth in Stipulation Exhibit B2 (the "Notice") to be mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and to be posted in the form of Exhibits B1, B2, and D, adjusted as needed to conform with this Order, on its website at www.strategicclaims.net/emergent;

(c) The Court hereby approves, as to form and content, the proposed form Publication Notice, substantially in the form of Exhibit C to the Stipulation, and directs that no

3

more than twenty-one (21) days after entry of this Order granting preliminary approval, Lead Counsel, through the Claims Administrator, shall cause the Publication Notice to be published once over a newswire service that distributes nationally in the United States; and

    (d)    Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

5.    Brokers and other nominees who purchased or acquired Emergent common stock (NYSE: EBS) for the benefit of another Person during the Settlement Class Period shall be directed to send the Notice to such beneficial owners of Emergent common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners. Additional copies of the Notice shall be made available to any nominee requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees solely for their actual, reasonable out-of-pocket expenses, up to $.03 per notice mailed plus postage or $.03 per name, address, and email provided to Claims Administrator, reasonably incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

6.    The form and content of the notice program described herein, and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation:

    (a)    Meet the requirements of Fed. R. Civ. P. 23, § 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation

4

Reform Act of 1995, the United States Constitution (including the Due Process Clause), the Rules of Court, and any other applicable law;

   (b) Constitute the best notice practicable to Settlement Class Members under the circumstances of this Action;

   (c) Are reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Fairness Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Settlement Class; and

   (d) Are reasonable and constitute due, adequate and sufficient notice to all Persons entitled thereto.

7. Other than the costs incurred by Settling Defendants (if any) in providing the names and addresses of record holders of Emergent common stock (NYSE: EBS) during the Settlement Class Period to the Claims Administrator, all fees, costs, and expenses incurred in identifying and notifying members of the Settlement Class shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Parties bear any responsibility for such fees, costs, or expenses.

8. All Settlement Class Members (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and judgments in the Action concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable, to the Settlement Class, regardless of whether such Persons seek or obtain by any

5

means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

9.  Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be received no later than February 4, 2025. Any Settlement Class Member who does not submit a Proof of Claim within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator but shall not incur any liability for declining to do so.

10. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of ¶9; (ii) it must be accompanied by adequate supporting documentation for the transactions in Emergent common stock (NYSE: EBS) reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included therein; (iv) it must be complete and contain no material deletions or modifications of any of the printed matter contained therein; and (v) it must be signed under penalty of perjury. As part of the Proof of Claim, each claimant shall submit to

6

the jurisdiction of the Court with respect to the claim submitted and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with any Proof of Claim, nor shall any discovery from or of Lead Plaintiffs or Defendants, or of their counsel or the Claims Administrator, be allowed on any topic.

11. Any Settlement Class Member may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

12. Any Settlement Class Member may, upon request, be excluded or "opt out" from the Settlement Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), which complies with the requirements set forth in the notice and is received no later than twenty-one (21) days before the Settlement Fairness Hearing. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any Judgment. A Settlement Class Member may submit a written revocation of a Request for Exclusion up until five (5) days prior to the date of the Settlement Fairness Hearing and still be eligible to receive payments pursuant to the Stipulation provided the Settlement Class Member also submits a valid Proof of Claim prior to the Settlement Fairness Hearing. Lead Counsel shall cause to be provided to Defendants' counsel copies of any written revocation of requests for exclusion, as expeditiously as possible and in all cases no later than seven (7) days of receipt of such written revocations.

13. Any Settlement Class Member and any other interested Person may appear at the Settlement Fairness Hearing in person or by counsel and be heard, to the extent allowed by the

Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no Person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than twenty-one (21) days before the Settlement Fairness Hearing, such Person files with the Court a statement of objection setting forth: (i) whether the person is a Settlement Class Member; (ii) the part(s) of the Stipulation to which the Settlement Class Member or interested Person objects; and (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member or interested Person wishes to bring to the Court's attention and any evidence the Settlement Class Member or interested Person wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Emergent common stock (NYSE: EBS) purchased and sold during the Settlement Class Period, and the prices and dates of such transactions. Objection materials must be sent to the following:

<u>LEAD COUNSEL</u>:

Matthew L. Tuccillo
Jennifer Banner Sobers
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016


<u>SETTLING DEFENDANTS' COUNSEL</u>
Michael G. Bongiorno
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007


Kirby D. Behre
MILLER & CHEVALIER CHARTERED
900 16th Street NW
Washington, DC 20006

Veronica E. Callahan
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019

COURT

Clerk of the Court
United States District Court District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

14. Any member of the Settlement Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the Fee and Expense Award, and to the compensatory award, unless otherwise ordered by the Court.

15. Attendance at the Settlement Fairness Hearing is not necessary. Persons wishing to be heard orally in opposition to approval of the Settlement, the Plan of Allocation, or Fee and Expense Application are required to indicate in their written objection their intention to appear at the Settlement Fairness Hearing. Settlement Class Members do not need to appear at the Settlement Fairness Hearing or take any action if they do not oppose any aspect of the Settlement.

16. The Court reserves the right to alter the time or the date of the Settlement Fairness Hearing without further notice to the Settlement Class Members, provided that the time or the date of the Settlement Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶3 above and any new date / time will be promptly posted on the Claims Administrator's website upon being ordered, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement,

with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court. There shall be no distribution of any part of the Net Settlement Fund to the Settlement Class until the Plan of Allocation is finally approved, the Court issues the Settlement Fund Distribution Order, and until the Order and Final Judgment becomes Final.

18. Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Fund, to pay from the Settlement Fund any taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

19. All papers in support of the Settlement, Plan of Allocation, and any Fee and Expense Application shall be filed and served no later than twenty-one (21) days before the Settlement Fairness Hearing, and any reply papers shall be filed and served no later than seven (7) calendar days before the Settlement Fairness Hearing.

20. The Settling Defendants, their counsel, and their insurers shall have no responsibility for the Plan of Allocation or any Fee and Expense Application by Lead Counsel or compensatory awards to the Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

21. At or after the Settlement Fairness Hearing, the Court shall determine whether the Plan of Allocation, any Fee and Expense Application proposed by Lead Counsel, and any compensatory awards sought by Lead Plaintiffs should be approved.

22. Except for the obligation to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Emergent's shareholder transfer records, in no event shall the Settling Defendants or any of the Released Defendant Parties have any responsibility for the administration of the Settlement, and neither the Settling Defendants nor any of the other Released Defendant Parties shall have any obligation or liability to the Lead Plaintiffs, Lead Counsel, or other Released Plaintiff Parties, or the Settlement Class in connection with such administration.

23. All reasonable expenses incurred in identifying and notifying Settlement Class Members and administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶2.7 of the Stipulation.

24. This Order and the Stipulation, whether the Settlement contemplated by the Stipulation is finally approved, consummated or not, and any statement made or proceedings taken pursuant to them are not, shall not be deemed to be, and may not be argued to be offered or received:

(a) Against any of the Settling Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or other Released Defendant Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could

have been asserted against any of the Settling Defendants or the Released Defendant Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants or other Released Defendant Parties;

(b) Against any of the Settling Defendants, the Released Defendant Parties, the Lead Plaintiffs, any Settlement Class Members, or the other Released Parties, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Released Defendant Parties, the Lead Plaintiffs, any Settlement Class Member, or the other Released Parties, with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Released Defendant Parties, the Lead Plaintiffs, any Settlement Class Member, or the other Released Parties, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Released Defendant Parties, the Lead Plaintiffs, any Settlement Class Member, and the other Released Parties may refer to the Order or the Stipulation to effectuate the liability protection granted them hereunder;

(c) Against any of the Settling Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

(d) Against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by the Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses

asserted by the Settling Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and

    (e)  Against the Lead Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiffs in the First Amended Class Action Complaint or the Action, or of any lack of merit to the claims or the Action, or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action or any non-compliance with Fed. R. Civ. P. 11 or any similar rule or ethical obligation.

  25.  The Settling Defendants, the Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, other Released Parties, and each of their counsel may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

  26.  All proceedings in the Action are stayed, save for those related to and necessary for the Court's consideration of and decisions regarding the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, Released Plaintiff Parties, and any Settlement Class Member, either directly, representatively, or in any other capacity, shall not commence or prosecute against any of the Settling Defendants, Released Defendant Parties, or Released Parties any action or proceeding in any court or tribunal asserting any of the Released Settlement Class Claims and, conversely, neither the Settling Defendants nor any of the other Released Parties shall, either directly, representatively, or in any other capacity, commence or

prosecute against the Lead Plaintiffs or the Settlement Class Members or their counsel any action or proceeding in any court or tribunal asserting any of the Released Defendant Claims.

27. In the event that the Settlement does not become Final and effective in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection therewith shall be null and void to the extent provided by and in accordance with the Stipulation, and without prejudice to the rights of the parties to the Stipulation before it was executed.

IT IS SO ORDERED.

DATED: October 16, 2024

THE HON. DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

14