**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB |
| | CLASS ACTION |
| THIS DOCUMENT RELATES TO: All Actions | |

**DECLARATION OF STEFAN COWELL ON BEHALF OF**
**NOVA SCOTIA HEALTH EMPLOYEES' PENSION PLAN**

Pursuant to 28 U.S.C. §1746, I, Stefan Cowell, hereby declare as follows:

1.      Nova Scotia Health Employees' Pension Plan ("NSHEPP") is one of two institutional investors appointed by the Court to serve as a lead plaintiff in this Action.[1]  I am the Chief Executive Officer of NSHEPP, and I am fully authorized to execute this declaration on its behalf.

2.      In my capacity as Chief Executive Officer I have actively participated in the leadership, oversight, administration, and decision-making of NSHEPP and can describe its involvement in and oversight of this Action.  The following facts are true and correct to the best of my knowledge, and if called upon to testify, I could and would testify competently thereto.

3.      I respectfully submit this declaration in support of: (i) approval of the Settlement in this Action, which is fully documented in the Stipulation dated September 12, 2024; (ii) approval of Lead Counsel's application for an award of attorneys' fees and expenses; and (iii) approval of NSHEPP's application for an award of $37,499.25 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

4.      NSHEPP is a comprehensive, defined benefit pension plan established in 1961 and jointly sponsored by Health Association Nova Scotia and four unions.  NSHEPP is one of the largest registered pension plans in the Canadian Province of Nova Scotia, serving over 56,000 people, including 38,000 active members who work for 93 participating employers at over 150 sites throughout Nova Scotia, as well as 16,000 pensioners who receive a monthly income from NSHEPP and over 1,700 former employees who have elected a deferred pension.  NSHEPP's oversight and administration is well-defined, multitiered, and robust.  It is administered by a Board

---

[1]     Unless otherwise defined, all capitalized terms herein have the same meaning as assigned in the Stipulation and Agreement of Settlement (ECF 185-3) ("Stipulation").

of eight Trustees, half selected by Health Association Nova Scotia and half selected by the four unions to which its members belong.  The Board of Trustees is responsible for NSHEPP's overall operation, with day-to-day operations overseen by myself as Chief Executive Officer.  As of December 2023, NSHEPP had over CAD $10.9 billion in assets, which it invests in a diversified manner, including over 40% in equities.

5.      NSHEPP is experienced in the prosecution of complex securities claims, both as a court-appointed lead plaintiff in securities class actions and in an individual capacity in securities opt-out litigation.  NSHEPP's other relevant cases include the following, in which Pomerantz LLP, whose services NSHEPP has engaged since October 2013, is our legal counsel:

•      NSHEPP serves as court-appointed lead plaintiff overseeing all securities fraud claims arising under the Exchange Act §10(b) against McDermott, its CEO / President, and its CFO.  NSHEPP has overseen hard-fought litigation of class-wide claims exceeding $1 billion successfully through a corporate bankruptcy, two motions to dismiss, and all of fact discovery. NSHEPP secured partial class certification, which is being reviewed on the parties-cross-appeals. *See Edwards v. McDermott Int'l, Inc., et al.*, No. 4:18-cv-04330 (S.D. Tex.).

•      NSHEPP is court-appointed lead plaintiff overseeing all securities claims against MINISO, certain of its officers, its U.S. representatives, and, for certain claims, its underwriters. NSHEPP expects to further amend its pleadings, after forthcoming rulings of the court.  *See In re MINISO Group Holding Limited Securities Litigation,* 1:22-cv-09864 (S.D.N.Y.).

•      NSHEPP is court-appointed lead plaintiff overseeing all securities claims against Comerica and certain of its officers.  NSHEPP's amended complaint was dismissed on loss causation grounds, which it is now appealing.  *See Ramos v. Comerica Incorporated, et al.,* 2:23-cv-06843-SB-JPR (C.D. Cal.).

• NSHEPP successfully pursued individual claims within Multidistrict Litigation 2185 to recover investment losses in BP common stock stemming from BP's 2010 Gulf of Mexico oil spill. Its claims and those of other Pomeranz LLP clients survived multiple motions to dismiss, which set ground-breaking precedent. NSHEPP secured a confidential, favorable monetary settlement in Q1 2021. *See Nova Scotia Health Employees' Pension Plan* v. *BP, plc, et al.*, No. 4:13-cv-03397 (S.D. Tex.); *In re BP p.l.c. Securities Litigation*, 4:10-md-02185 (S.D. Tex.).

6. As CEO of NSHEPP, I understand that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to participate in securities class actions, as NSHEPP has previously, as noted above. As a sophisticated institutional investor, Court-appointed lead plaintiff, Court-certified Class Representative, and proposed Settlement Class Representative in this case, I ensured that NSHEPP understood and fulfilled its responsibilities by vigorously prosecuting this Action on behalf of the Settlement Class and carefully monitoring its progress and the efforts of our chosen counsel at Pomerantz LLP, with whom I stayed in regular and close contact. Ultimately, NSHEPP authorized our counsel to pursue a potential resolution via a mediation and ensuring negotiations, and NSHEPP agreed to settle the Action after balancing the risks and benefits.

7. In considering whether to agree to the $40 million Settlement, NSHEPP weighed its significant amount against the risks and uncertainties of continued litigation. After consulting with counsel, NSHEPP understood that even if it prevailed on summary judgment and at trial, Defendants would likely appeal, which would, at a minimum, substantially delay any recovery by the Settlement Class. Moreover, the Settlement provides an immediate and significant recovery to the Settlement Class. NSHEPP believes that the Settlement is fair, reasonable, adequate, and in

4

the best interests of the Settlement Class.  This decision was carefully considered and benefited from explanation by our counsel.

8.  Throughout the litigation, NSHEPP was kept fully informed regarding case developments, procedural matters, strategic concerns, and resolution considerations.  Counsel at Pomerantz LLP provided regular written updates which were reviewed by NSHEPP's CFO and me, and counsel answered questions as they arose.  Counsel also engaged NSHEPP on strategic issues and litigation filings by both telephone and email.  Through these efforts, NSHEPP was kept fully informed with an opportunity to review pleadings and Court orders, to benefit from counsel's analysis, to ask questions, and, particularly as regards settlement, exercise decisional authority.

9.  Recognizing that the award of fees and expenses is a decision for the Court, based on NSHEPP's monitoring of the litigation and its assessment of the quality and quantity of work done, and result obtained, NSHEPP supports Lead Counsel's request for reimbursement of $278,526.00 in litigation expenses and its request for a 30% attorneys' fee as fair and reasonable, as this Settlement would not have been possible without the diligent and aggressive prosecutorial efforts of Lead Counsel.  Indeed, the 30% attorneys' fee request conforms to the amount set forth in NSHEPP's retainer agreement.

10.  On the advice of our counsel, NSHEPP and I understand that the Court may grant a lead plaintiff's request for a compensatory award of reasonable costs and expenses incurred in representing the class.  Here, as reflected by records maintained by our counsel at Pomerantz LLP, NSHEPP personnel devoted a combined 230.90 hours over three years to prosecuting this Action. These hours break down as follows: 35.80 CEO hours; 33.70 CFO hours; 4.80 Board member hours; 149.55 IT hours, and 7.05 other staff hours.  Based on estimated hourly rates for these non-hourly roles, this time aggregates to roughly $37,499.25.  In addition, NSHEPP utilized technology

5

vendor services to image and export email accounts for search, review, and production by our counsel in discovery.  These services were covered by NSHEPP's pre-existing technology services contracts, and NSHEPP is not asking for reimbursement of any related costs.  Given the foregoing, NSHEPP and I respectfully believe that NSHEPP's requested $37,499.25 compensatory award is reasonable.

11.      The time spent by my colleagues and I on the prosecution of this Action is time that would have otherwise been spent focused on the myriad other items of pension business that we regularly oversee and our other professional endeavors.  As summarized above, the time spent was directly related to NSHEPP's involvement in the Action and its thoughtful and attentive fulfillment of its role as a Court-appointed lead plaintiff, Court-certified Class Representative, and proposed Settlement Class Representative.

12.      For all these reasons, NSHEPP respectfully requests that the Court (i) grant final approval of the Settlement; (ii) award Lead Counsel its requested attorneys' fees and reimbursement of its litigation expenses; and (iii) award NSHEPP $37,499.25 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Halifax, Nova Scotia on February 6, 2025.

/s/ Stefan Cowell

Stefan Cowell
Chief Executive Officer
Nova Scotia Health Employees' Pension Plan

6