**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: <br><br> All Actions | |

**DECLARATION OF LYNN WENGUER ON BEHALF OF THE CITY OF FORT LAUDERDALE POLICE & FIREFIGHTERS' RETIREMENT SYSTEM**

Pursuant to 28 U.S.C. §1746, I, Lynn Wenguer, hereby declare as follows:

1.      The City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale") is one of two institutional investors appointed by the Court to serve as a lead plaintiff in this Action.[1]  I am the Executive Director and Plan Administrator of Fort Lauderdale, and I am fully authorized to execute this declaration on its behalf.

2.      In my capacity as Executive Director and Plan Administrator, I have actively participated in leadership, oversight, administration, and decision-making of Fort Lauderdale and can describe its involvement in and oversight of this Action.  The following facts are true and correct to the best of my knowledge, and if called upon to testify, I could and would testify competently thereto.

3.      I respectfully submit this declaration in support of: (i) approval of the Settlement in this Action, which is fully documented in the Stipulation dated September 12, 2024; (ii) approval of Lead Counsel's application for an award of attorneys' fees and expenses; and (iii) approval of Fort Lauderdale's application for an award of $3,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

4.      Fort Lauderdale is a defined benefit pension plan for the police officers and firefighters in the City of Fort Lauderdale.  The plan is administered by the seven-member Fort Lauderdale Police and Firefighters' Board of Trustees, whose mission is the efficient stewardship of the statutory pension benefits and the safeguarding of the retirement security for roughly 2,000 participants, which as of December 2023 included 728 active members and 1,009 retirees / beneficiaries.  I oversee the day-to-day operations as the Executive Director and Plan

---

[1]     Unless otherwise defined, all capitalized terms herein have the same meaning as assigned in the Stipulation and Agreement of Settlement (ECF 185-3) ("Stipulation").

Administrator with the help of my colleagues. As of December 2023, Fort Lauderdale had over $1.03 billion in assets, which it invests in a diversified manner, including over 45% in equities.

5. Fort Lauderdale is experienced in the prosecution of complex securities claims. Fort Lauderdale served as court-appointed co-lead plaintiff overseeing securities fraud claims against Home Loan Servicing Solutions, Ltd. and its CEO and CFO. Fort Lauderdale, together with its other co-lead plaintiffs, oversaw class-wide claims through multiple amended complaints, past a motion to dismiss, and through initial discovery efforts, before achieving a $6 million settlement. *See In re Home Loan Servicing Solutions, Ltd. Sec. Litig.*, No. 0:16-cv-60165 (S.D. Fla.). Fort Lauderdale is also currently acting as an additional named plaintiff in the litigation *AMI – Government Employees Provident Fund Management Co. Ltd. v. Alphabet Inc., et al.*, No. 3:23-cv-01186 (N.D. Cal.) where Pomerantz LLP serves as Lead Counsel. Fort Lauderdale has engaged the services of Pomerantz LLP in some capacity since August 2018.

6. As Executive Director and Plan Administrator of Fort Lauderdale, I understand that the Private Securities Litigation Reform Act of 1995 was intended to encourage institutional investors and others with meaningful losses to participate in securities class actions. As a sophisticated institutional investor, Court-appointed lead plaintiff, Court-certified Class Representative, and proposed Settlement Class Representative in this case, I ensured that Fort Lauderdale understood and fulfilled its responsibilities by vigorously prosecuting this Action on behalf of the Settlement Class and carefully monitoring its progress and the efforts of our chosen lead counsel at Pomerantz LLP, as well as our additional counsel Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), with whom Fort Lauderdale personnel stayed in regular contact. Ultimately, Fort Lauderdale agreed to settle the Action after balancing the risks and benefits.

7.      In considering whether to agree to the $40 million Settlement, Fort Lauderdale weighed its significant amount against the risks and uncertainties of continued litigation.  After consulting with counsel, Fort Lauderdale understood that even if it prevailed on summary judgment and at trial, Defendants would likely appeal which would, at a minimum, substantially delay any recovery by the Settlement Class.  Moreover, the Settlement provides an immediate and significant recovery to the Settlement Class.  Fort Lauderdale believes that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  This decision was carefully considered and benefited from explanation by our counsel.

8.      Throughout the litigation, Fort Lauderdale was kept fully informed regarding case developments, procedural matters, strategic concerns, and resolution considerations.  Counsel provided regular written updates which were reviewed by myself and the Board of Trustees and counsel answered questions as they arose.  Counsel also engaged Fort Lauderdale on strategic issues and litigation filings by both telephone and email.  Through these efforts, Fort Lauderdale was kept fully informed with an opportunity to review pleadings and Court orders, to benefit from counsel's analysis, to ask questions, and, particularly as regards settlement, exercise decisional authority.

9.      Recognizing that the award of fees and expenses is a decision for the Court, based on Fort Lauderdale's monitoring of the litigation and its assessment of the quality and quantity of work done and result obtained, Fort Lauderdale supports Lead Counsel's request for reimbursement of $278,526.00 in litigation expenses and its request for a 30% attorneys' fee as fair and reasonable, as this Settlement would not have been possible without the diligent and aggressive prosecutorial efforts of Lead Counsel.  Indeed, Lead Counsel's 30% attorneys' fee request is below the 33.4% amount set forth in Fort Lauderdale's retainer agreement.

10.    On the advice of our counsel, Fort Lauderdale and I understand that the Court may grant a lead plaintiff's request for a compensatory award of reasonable costs and expenses incurred in representing the class.  Here, Fort Lauderdale personnel devoted an estimated combined 30 hours over three years to prosecuting this Action, all of which were performed by the Executive Director.  Based on an hourly rate of $100 for this non-hourly role, this time aggregates to $3,000. In addition, Fort Lauderdale utilized municipal technology staff and resources to initiate the process of imaging and exporting email accounts for search, review, and production by our counsel in discovery, a process that was underway when the litigation was settled.  Given the foregoing, Fort Lauderdale and I respectfully believe that Fort Lauderdale's requested $3,000 compensatory award is reasonable.

11.    The time spent by my colleagues and I on the prosecution of this Action is time that would have otherwise been spent focused on the myriad other business that we regularly oversee and our other professional endeavors.  As summarized above, the time spent was directly related to Fort Lauderdale's involvement in the Action and its thoughtful and attentive fulfillment of its role as a Court-appointed lead plaintiff, Court-certified Class Representative, and proposed Settlement Class representative.

12.    For all these reasons, Fort Lauderdale respectfully requests that the Court (i) grant final approval of the Settlement; (ii) award Lead Counsel its requested attorneys' fees and reimbursement of its litigation expenses; and (iii) award Fort Lauderdale $3,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Fort Lauderdale, FL on February 6, 2025.

5

Lynn Wenguer
Executive Director
Plan Administrator
Fort Lauderdale Police & Firefighters' Retirement
System