**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**DECLARATION OF ROBERT D. KLAUSNER, ESQ. IN SUPPORT OF BOTH
(I) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
CERTIFICATION OF THE SETTLEMENT CLASS,
AND APPROVAL OF PLAN OF ALLOCATION; AND
(II) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR
AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
<u>AND COMPENSATORY AWARDS FOR LEAD PLAINTIFFS</u>**

Pursuant to 28 U.S.C. §1746, I, Robert D. Klausner, hereby declare as follows:

1.      I am over twenty-one years of age and I am fully competent to make this Declaration.  I have personal knowledge of the facts set forth in this Declaration, and if called upon, could and would testify completely thereto.

2.      I am a principal of the law firm Klausner, Kaufman, Jensen & Levinson ("Klausner Kaufman"), additional counsel for Fort Lauderdale.[1]  My office is located at 7080 Northwest 4th Street, Plantation, FL 33317.  I make this Declaration in support of Lead Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards for Lead Plaintiffs.

3.      I am a member of good standing of the Bar of the State of Florida.  I am also a member in good standing admitted to practice in the States of Texas and Wisconsin, the United States District Courts for the Southern District of Florida, the Middle District of Florida, and the Northern District of Texas, the U.S. Court of Appeals in the First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Eleventh Circuits, the U.S. Court of Federal Claims, and the Supreme Court of the United States.

4.      Klausner Kaufman specializes in the representation of retirement and benefit systems, and as such is experienced in the areas of securities litigation and class actions.  My firm is outside counsel for Fort Lauderdale Police & Fire Pension Fund ("Fort Lauderdale"), and served in such capacity in this Action.  A true and correct copy of Klausner Kaufman's resume is attached as Exhibit 1.

---

[1]      Unless otherwise defined, all capitalized terms herein have the same meaning as assigned in the Stipulation and Agreement of Settlement (ECF 185-3) ("Stipulation").

2

5.      This Action was pursued on a fully contingent basis.  Klausner Kaufman has not received any payment for its services in prosecuting this litigation, nor has it been reimbursed its out-of-pocket expenses incurred in the prosecution of the litigation.

6.      The total number of hours expended by Klausner Kaufman in litigating against the Defendants in this Action from its inception and in securing and advancing the Settlement is 39.90 hours.  Based upon Klausner Kaufman's current billing-rate structure, Klausner Kaufman's total lodestar is $29,925.00.  Neither the time nor the lodestar set out in this paragraph include time spent preparing the fee application or this Declaration in support thereof.  During the course of Fort Lauderdale's involvement in this litigation, my firm worked closely with Lead Counsel, Pomerantz LLP in providing client communications and coordinating with Fort Lauderdale. My firm performed the following tasks, among others: reviewed and commented on substantive pleadings; participated in the settlement negotiation process; and consulted with Fort Lauderdale in formulating their decision-making throughout the case, including their review of the proposed Settlement.

7.      The schedule annexed hereto as Exhibit 2 is a summary that reflects the amount of time spent by each attorney and professional support staff at Klausner Kaufman's current billing rates.  The schedule was prepared from daily time records prepared and maintained by Klausner Kaufman, which are available at the Court's request for *in camera* review – to protect any attorney-client privilege or work-product protection – if the Court so desires as part of its consideration.

8.      The current hourly rates for the attorney and professional support staff at Klausner Kaufman are reasonable and customary current rates charged for each such individual's time. Klausner Kaufman's lodestar figures are based upon the firm's current normal billing rates for similar litigations, which do not include charges for expensed time.  Any expensed items are billed

3

separately, and such charges are not duplicated in Klausner Kaufman's billing rates. My own billing rate and those of my colleagues at Klausner Kaufman are routinely approved by courts nationwide granting final approval of class-action settlements. *See, e.g., In re Schering-Plough Corp. Enhance Sec. Litig.*, 2013 WL 5505744, at \*20 n.16, \*50 (D.N.J. Oct. 1, 2013); *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liab. Litig.*, 2019 WL 2077847, at \*2 n.3 (N.D. Cal. May 10, 2019); *In re Citigroup Inc. Bond Litig.*, 988 F. Supp. 2d 371, 375 n.3 (S.D.N.Y. 2013).

9.    Klausner Kaufman has not incurred out-of-pocket expenses in connection with the prosecution of this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Plantation, FL on January 20, 2025.

Robert D. Klausner

4