# EXHIBIT A



**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB <br><br> CLASS ACTION |
| THIS DOCUMENT RELATES TO: <br> All Actions | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR**
**ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

If you purchased or otherwise acquired the common stock of Emergent BioSolutions Inc. ("Emergent") (NYSE: EBS) between March 10, 2020 and November 4, 2021, both dates inclusive (the "Settlement Class Period"), you could be entitled to a payment from a class action settlement (the "Settlement").

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*

- The Court will hold a Settlement Hearing on February 27, 2025 to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide a gross amount of forty million dollars ($40,000,000.00) (the "Settlement Amount"), plus interest earned thereon, minus attorneys' fees, costs, administrative expenses, and any compensatory award to Lead Plaintiffs, and net of any taxes, to pay claims of investors who purchased or otherwise acquired Emergent common stock during the Settlement Class Period.

- The Settlement represents an average recovery of $1.95 per share of Emergent common stock for the approximately 20.5 million estimated shares that Lead Plaintiffs allege were damaged and declined in value as a result of Settling Defendants' alleged misconduct during the Settlement Class Period. This estimate solely reflects the average recovery per damaged share of Emergent common stock before the deductions outlined in the first bullet-pointed paragraph of this section, above. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will be affected by the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Emergent common stock, and the total number of valid claims filed. See the Plan of Allocation below for more details.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release Form ("Proof of Claim") by February 4, 2025.

- Lead Counsel for the Settlement Class intend to ask the Court to award them fees of up to thirty percent (30%) of the Settlement Amount and reimbursement of up to five hundred thousand dollars ($500,000.00) in out-of-pocket litigation expenses, plus interest earned on such fees and expenses. Since the Action's inception in April 2021, Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a wholly contingent-fee basis (meaning that they have not yet been paid anything) and advanced the expenses of the litigation out of their own pockets in the expectation that, if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel also intend to ask the Court to grant Lead Plaintiffs an award not to exceed eighty thousand dollars ($80,000.00) total. Collectively, the attorneys' fees and litigation expenses and the award to Lead Plaintiffs are estimated to average $0.61 per damaged share of Emergent common stock. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim submitted. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after the deduction of attorneys' fees and expenses and award to Lead Plaintiffs to be approved by the Court, is an average of $1.34 per damaged share of Emergent common stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sales price and the number of valid Proof of Claims filed.

- The Settling Defendants are Emergent, Individual Defendants Robert G. Kramer, Sr. ("Kramer"), Syed T. Husain ("Husain"), and former Defendant Richard S. Lindahl ("Lindahl").

- Upon the Effective Date of the Settlement, the Released Settlement Class Claims will be fully, finally, and forever released as to Settling Defendants, Released Defendant Parties, and all of the Released Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Settling Defendants and Released Parties shall release all of the Released Defendant Claims as against Lead Plaintiffs, Lead Counsel, and all Settlement Class members.

- The Settlement resolves the lawsuit concerning whether Settling Defendants violated U.S. federal securities laws by allegedly issuing materially false and misleading statements.  Settling Defendants and Lead Plaintiffs disagree on liability and damages.  Settling Defendants deny the lawsuit's allegations and all charges of wrongdoing, fault or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Lead Plaintiffs believe that their claims have merit and that, if they prevailed on all their claims and the Court accepted their theory of damages, they would have been able to collect a substantial amount of money, assuming that the full amount of the judgment was collectable.  The Parties disagree on how much money could have been won if the Lead Plaintiffs won at trial.
- Your legal rights will be affected whether you act or do not act.  If you do not act, you may permanently forfeit your right to recover on any claim you might have.  Therefore, you should read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment.  Proof of Claims must be received no later than February 4, 2025. |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Settling Defendants or any other Released Parties about the legal claims in this lawsuit.  Requests for Exclusion must be received no later than February 6, 2025. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses or the Lead Plaintiffs' compensatory award.  You still will be a member of the Settlement Class.  Objections must be received by the Court, Lead Counsel, and Settling Defendants' counsel by February 6, 2025. |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement no later than February 6, 2025 at the hearing on February 27, 2025. |
| **DO NOTHING** | Get no payment.  Give up your rights. |

### INQUIRIES

For further information regarding the Action or this Notice or to review the Stipulation of Settlement dated September 12, 2024 (the "Stipulation"), please contact the Claims Administrator toll-free at (866) 274-4004; info@strategicclaims.net; or at In re Emergent BioSolutions Inc. Securities Settlement, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063.  You may also contact representatives of Lead Counsel for the Settlement Class by contacting Matthew L. Tuccillo, Pomerantz LLP, 600 Third Ave., 20th Floor, New York, NY 10016, (212) 661-1100.  **Please do not contact the Court or Settling Defendants regarding this Notice**.

### BASIC INFORMATION

| 1. | **Why did I get this notice package?** |
|---|---|

You or someone in your family may have purchased the common stock of Emergent (NYSE: EBS) between March 10, 2020 and November 4, 2021 (the "Settlement Class Period").

The Court directed that notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class-action lawsuit and about all of their options before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after objections and appeals—if any—are resolved, the Claims Administrator appointed by the Court will make the payments provided for in the Settlement.

| 2. | **What is this lawsuit about?** |
|---|---|

This case is known as *In re Emergent BioSolutions Inc. Sec. Litig.*, Case No. 8:21-cv-00955-DLB (the "Action"), and it was filed in the United States District Court for the District of Maryland, where it has been overseen by the Honorable Deborah L. Boardman.

This Action brings claims against Settling Defendants for alleged violations of provisions of the Securities Exchange Act of 1934 (the "Exchange Act").  The First Amended Class Action Complaint ("FAC") alleges, among other things, that between March 10, 2020 and November 4, 2021, Settling Defendants made misrepresentations and/or omissions of material fact in public statements to the investing public regarding Emergent's Bayview facility's capabilities and

Emergent's manufacturing of bulk drug substance for J&J and AstraZeneca COVID-19 vaccines during the global pandemic.  It further alleges that, as a result, Emergent's common stock price was artificially inflated, which resulted in damage to Settlement Class Members.  Settling Defendants have consistently denied and continue to deny all these allegations and deny they have committed any act or omission giving rise to any liability or violation of the law.

| 3. | **Why is this a class action?** |
|---|---|

Classes are generally used in lawsuits that affect a large number of individuals.  A class action consolidates into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct in the same period of time, thus removing the need for members of the class to file their own individual lawsuits to separately seek to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those class members, if any, who specifically choose to exclude themselves from the class.

The court previously entered an order largely granting Lead Plaintiffs' motion for class certification, which certified a class of investors who purchased or otherwise acquired Emergent common stock during the period between July 6, 2020 and November 4, 2021, inclusive.  This order largely certified the class as it had been in the FAC, omitting only the period from March 10, 2020 through July 5, 2020.  The Settlement encompasses the full class as it was pled in the FAC.

As part of the preliminary approval process, Lead Plaintiffs will ask the Court to certify a class for settlement purposes only.  The proposed Settlement Class will encompass the full class as pled in the FAC and shall consist of all persons or entities who purchased, or otherwise acquired, the common stock of Emergent (NYSE: EBS) between March 10, 2020 and November 4, 2021, both dates inclusive.  Excluded from the Settlement Class are Settling Defendants; the officers and directors of Emergent during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendants have or had a controlling interest.  Per the terms of the Stipulation, Settling Defendants shall assist in identifying the persons and entities to be excluded from the Settlement Class.

| 4. | **Why is there a settlement?** |
|---|---|

This Action has not gone to trial, and the Court has not decided in favor of either side.  Instead, legal counsel for all the parties participated in an all-day mediation before an experienced mediator and, after further extensive negotiations over several months, the Parties agreed to and memorialized the Settlement to avoid the costs and risks of further litigation.

After largely overcoming a motion to dismiss the lawsuit, Lead Plaintiffs and Lead Counsel have engaged in substantial discovery to date.  They have obtained over 115,000 documents from Defendants and thousands of  documents from third parties, including J&J and AstraZeneca.  They have also made multiple productions of their own documents.  Lead Plaintiffs and Lead Counsel believe that sufficient discovery had been accomplished to permit an informed decision on whether to settle.

Lead Plaintiffs and Lead Counsel believe that the Settlement is in the Settlement Class Members' best interest and provides them with a substantial benefit now, instead of engaging in years of further uncertain and expensive litigation; depositions of Lead Plaintiffs, Defendants and other fact witnesses; likely discovery disputes; the Parties' cross-motions for summary judgment; pre-trial motions and a lengthy trial; likely appeals; and attempts to enforce any judgment — much of which could result in Lead Plaintiffs and the Settlement Class members receiving no recovery at all.  By settling the Action with the Settling Defendants at this point, Lead Plaintiffs are not admitting that the Action lacked merit, or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Amount had litigation continued.  Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Lead Plaintiffs or the Settlement Class Members that any of their claims lack merit; that any defenses asserted by any of the Settling Defendants in the Action have any merit; or that damages recoverable in the Action would not have exceeded the Settlement Fund.

Settling Defendants have denied, and continue to deny, all allegations made and claims brought by Lead Plaintiffs, maintain that they have meritorious defenses, and believe they would prevail at trial.  Nonetheless, Settling Defendants have concluded that further litigation of this Action would be protracted and expensive, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action.  Settling Defendants have, therefore, determined that it is desirable and beneficial to fully and finally settle the Released Claims on the terms set forth in the Stipulation.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. A trial is a risky proposition.  The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony.  The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail on each claim alleged against the Settling Defendants.  Among their many other disagreements are: (1) whether the Settling Defendants

violated the securities laws or otherwise engaged in wrongdoing; (2) whether the misrepresentations and omissions alleged by Lead Plaintiffs were material, false, misleading or otherwise actionable; (3) the extent (if any) that the alleged misrepresentations and omissions influenced Emergent's common stock price during the Settlement Class Period; and (4) the method for determining whether, and the extent to which, purchasers of Emergent common stock suffered injury and damages that could be recovered at trial.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the Settlement? |
|---|---|

The Settlement Class includes all persons or entities who purchased or otherwise acquired the common stock of Emergent (NYSE: EBS) between March 10, 2020 and November 4, 2021, both dates inclusive.

| 6. | Are there exceptions to being included? |
|---|---|

Yes.  You are not a member of the Settlement Class if you did not purchase or otherwise acquire Emergent common stock on or between the dates listed above.  If you purchased or otherwise acquired Emergent common stock some other time, or did not purchase it at all, you are not included within the Settlement Class.

You are also not a member of the Settlement Class if you are Settling Defendants; the officers and directors of Emergent during the Settlement Class Period; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendants have or had a controlling interest.

| 7. | What if I am still not sure if l am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004; by email at info@strategicclaims.net; or at In re Emergent BioSolutions Inc. Securities Settlement, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, for more information.  Or you can fill out and return the Proof of Claim enclosed with this Notice package, with appropriate supporting documentation, to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

In exchange for the Settlement and release of the Released Claims (defined below) as well as dismissal of the Action, Emergent (on behalf of itself and all other Settling Defendants) has agreed to pay, or cause to be paid, forty million dollars ($40,000,000.00) to be divided, after payment of Court-approved attorneys' fees and expenses, the costs of claims administration including the costs of printing and mailing the notice and the cost of publishing notice, any compensatory award granted to Lead Plaintiffs, and Taxes and Tax Expenses (the "Net Settlement Fund"), *pro rata* among all Settlement Class Members who send in a valid Proof of Claim.

| 9. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including the following: how many Settlement Class Members submit timely and valid Proof of Claims; the total Recognized Losses represented by the valid Proof of Claims that the Settlement Class Members send in; your Recognized Losses, based on the number of Emergent shares you purchased during the Settlement Class Period, how much you paid for them, when you purchased them, and, if you sold them, when and for how much you sold them.

By following the instructions in the Plan of Allocation, you can calculate what is called your Recognized Loss.  It is unlikely that you will get a payment for all of your Recognized Loss.  After all Settlement Class Members have sent in their Proof of Claims, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.  See the Plan of Allocation below for more information.

## HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must submit a Proof of Claim, which is enclosed with this Notice and may also be downloaded at www.strategicclaims.net/emergent.  Read the instructions carefully, fill out the Form completely, include all the documents that the Form asks for, sign it, and mail or submit it online so that it is received no later than February 4, 2025.

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on February 27, 2025 to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proof of Claims to be processed, including the process of identifying and attempting to cure defects in Proof of Claim Forms that were submitted by Settlement Class members. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you timely exclude yourself, you will remain a Settlement Class Member and will be bound by the Release of claims against the Settling Defendants and the Released Parties. That means you cannot sue, continue to sue, or be part of any other lawsuit against the Settling Defendants, Released Defendant Parties, or the Released Parties about the Released Settlement Class Claims in this Action. It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Settling Defendants and the Released Parties. The terms of the Release are included in the Proof of Claim and Release Form that is enclosed.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, and you want to keep the right to sue the Settling Defendants and the other Released Parties on your own about the legal issues that were at issue and litigated in this Action, then you must take steps to remove yourself from the Settlement. This is called excluding yourself from — sometimes referred to as "opting out" — of the Settlement Class. If you decide to exclude yourself from the Settlement Class, and wish to file your own individual lawsuit, Settling Defendants may argue in the future that you face a time bar under applicable statutes of limitation or repose, risks that you should discuss with an appropriate legal advisor.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must send a letter by First-Class Mail (e-mail or phone call will not suffice) stating that you "request exclusion from the Settlement Class in *In re Emergent BioSolutions Inc. Sec. Litig.*, Case No. 8:21-cv-00955-DLB." Your letter must include the date(s), price(s), and number(s) of all purchases and sales of Emergent common stock during the Settlement Class Period. In addition, you must include your name, address, telephone number, and your signature. You must mail your exclusion to be received no later than February 6, 2025 to:

In re Emergent BioSolutions Inc. Securities Settlement
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
Media, PA 19063

**If you ask to be excluded, you will not get any payment**, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action.

| 14. | **If I do not exclude myself, can I sue the Settling Defendants and the other Released Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself from the Settlement Class, you give up any rights to sue the Settling Defendants, Released Defendant Parties, and the other Released Parties for the Released Settlement Class Claims. The meaning of Released Settlement Class Claims and claims that are excluded are included in the Proof of Claim that is enclosed, as well as in the Stipulation that is posted on the Claims Administrator's website. If you have a pending lawsuit against the Settling Defendants, Released Defendant Parties, or other Released Parties based on the Released Settlement Class Claims, speak to your lawyer in that case immediately. You must exclude yourself from this Action to continue your own lawsuit. Remember, the exclusion deadline is February 6, 2025.

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money from this Settlement.

### THE LAWYERS REPRESENTING YOU

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Pomerantz LLP shall represent the Settlement Class Members, including you. These lawyers are called Lead Counsel. You will not be personally liable for the fees and expenses incurred by these lawyers, which will be paid from the Settlement Fund, as approved by the Court. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | **How will the lawyers be paid?** |
|---|---|

Lead Counsel have litigated this Action since April 2021 on a wholly contingent basis, meaning that they have not been paid any attorneys' fees for the time devoted to the lawsuit, nor have they been reimbursed their out-of-pocket expenses incurred during that time period.  As such, as part of the Settlement approval process, Lead Counsel will move the Court for an award of attorneys' fees in an amount not greater than thirty percent (30%) of the Settlement Fund and for out-of-pocket expenses in an amount not to exceed five hundred thousand dollars ($500,000.00) in connection with the litigation, plus interest earned on such fees and expenses.  The Court will decide whether to grant this request, and, if it is granted, how much to award Lead Counsel.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

Lead Counsel shall file a formal motion with the Court for approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and the request for a compensatory award to both Lead Plaintiffs of up to eighty thousand dollars ($80,000.00) total, no later than February 6, 2025.

Lead Counsel believes that the requested attorneys' fees are warranted in light of their efforts, and those of other counsel in support, on a wholly contingent basis, to litigate and ultimately resolve the litigation.  Lead Counsel's litigation efforts included work to investigate the underlying claims, to obtain confidential witness statements with a private investigator's assistance, to assess Emergent's common stock price movements and damages issues with a damages expert's assistance, to pursue an array of FOIA and other access to information requests with U.S. and foreign regulatory entities, to file a first amended complaint, to litigate a motion to partially lift a statutory discovery stay, to litigate a motion for judicial notice of Congressional investigation materials, to litigate Settling Defendants' motion to dismiss, to negotiate and file a Rule 26(f) report, to serve initial disclosures, to propound multiple requests for documents and interrogatories in discovery, to obtain and review over 115,000 documents produced by Defendants, to subpoena a half-dozen third parties, to obtain and review thousands of documents produced by third parties, to file a class certification motion, with extensive supporting documentation and an expert report, which the Court granted, to propound requests for admission on Defendants, to prepare and serve a motion to compel further responses to those requests for admission, to prepare deposition subpoenas and examination outlines for a dozen former Emergent employees, to serve notice of their depositions on Defendants, to subpoena a third party for deposition, and to make multiple productions of Lead Plaintiffs' documents.  Lead Counsel's efforts to resolve the litigation included work to prepare a written mediation statement, to mediate the dispute for a full day before an experienced mediator, to conduct a follow up Zoom session with the mediator, and to hold numerous telephonic sessions during which the possibility of a settlement, as well as its contours and timing, were discussed with Defendants' counsel on a weekly basis over several months.  Lead Counsel thereafter worked to memorialize the Settlement in a Memorandum of Understanding, then a detailed Stipulation with supporting documents including a proposed proof of claim form and proposed notices, and to submit the Settlement to the Court for necessary approvals.  Lead Counsel's final approval motion will argue that the Settlement should be granted final approval with a judgment entered.  Lead Counsel's motion for an award of attorneys' fees and expenses will argue that requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type and are reasonable when compared against Lead Counsel's actual time devoted to the litigation of the Action at the applicable billing rates of Lead Counsel's attorneys and paralegals.  It will also argue that Lead Plaintiffs should receive a compensatory award stemming from their time and energies overseeing and directing the litigation.  The Court determines what to award Lead Counsel as fees and expenses and Lead Plaintiffs as compensatory awards from the Settlement Fund, and it may award more or less than the amounts requested, in its discretion.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Settlement Class Member, you can object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee, cost, and expense application. You can write to the Court setting out your objection.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in *In re Emergent BioSolutions Inc. Sec. Litig.*, Case No. 8:21-cv-00955-DLB (D. Md.).  Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of Emergent shares that you purchased or otherwise acquired and sold or otherwise disposed of during the Settlement Class Period, and state the reasons why you object to the proposed Settlement. If you object to either the Settlement, requested attorneys' fees or reimbursement of expenses, or Lead Plaintiffs' compensatory awards, you subject yourself to the jurisdiction of the Court in this matter, and Lead Plaintiffs, acting through Lead Counsel, will have the right to take your deposition prior to the Settlement Fairness Hearing.  If you refuse to have your deposition testimony taken upon Lead Plaintiffs' request, your objection will be deemed invalid.  Your objection must be filed with the Court **and** mailed or delivered to **each** of the following addresses such that it is received no later than February 6, 2025:

| COURT | LEAD COUNSEL | SETTLING DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Maryland<br>6500 Cherrywood Lane<br>Greenbelt, MD 20770 | Matthew L. Tuccillo<br>Jennifer Banner Sobers<br>**POMERANTZ LLP**<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016 | Michael G. Bongiorno<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br><br>Kirby D. Behre<br>**MILLER & CHEVALIER CHARTERED**<br>900 16th Street NW<br>Washington, DC 20006<br><br>Veronica E. Callahan<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>250 West 55th Street<br>New York, NY 10019 |

| 19. | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to seek a payment from the Settlement Fund. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to do so.

| 20. | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing on February 27, 2025, at 10:00 a.m., at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Suite 445, Greenbelt, MD 20770 for the following reasons: to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class Members and should be approved by the Court; to determine whether a proposed Order and Final Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine the amount of fees, costs, and expenses that should be awarded to Lead Counsel and any compensatory awards to Lead Plaintiffs for their service to the Settlement Class; and to consider such other matters as the Court may deem appropriate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing.

At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and whether to grant, and, if so, the amount, of any awards to Lead Counsel and to Lead Plaintiffs. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members, though any revised dates or times will be promptly posted to the Claims Administrator's website.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Lead Counsel will answer questions the Court may have and has extensive experience handling settlement-related hearings of this nature. But you are welcome to come at your own expense. If you send an objection, you do not have to come attend the hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement saying that it is your "intention to appear in *In re*

*Emergent BioSolutions Inc. Sec. Litig.*, Case No. 8:21-cv-00955-DLB." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, all of your claims against the Settling Defendants, Released Defendant Parties, and the Released Parties will be released, but you will not receive any money from this Settlement, because it is necessary to submit a Proof of Claim, with appropriate supporting documentation, to share in the Settlement proceeds.

## GETTING MORE INFORMATION

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation. The Stipulation is the controlling document describing the proposed Settlement and its terms govern anything to the contrary in this Notice. You can get a copy of the Stipulation and obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at (866) 274-4004 or by downloading it from the Claims Administrator's website at www.strategicclaims.net/emergent.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, reference is made to the Stipulation, to the filings in support of the Settlement, to the Orders entered by the Court, and to the other Settlement-related papers filed in the Action, which will be posted on the settlement website at www.strategicclaims.net/emergent.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Emergent common stock (NYSE: EBS) purchased or otherwise acquired during the Settlement Class Period. The calculation of Recognized Loss will depend upon several factors, including when shares of Emergent common stock were purchased or otherwise acquired during the Settlement Class Period, and in what amounts, and whether those shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Emergent common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Emergent common stock during the Settlement Class Period is reflected in Table 1 below. The computation of the estimated alleged artificial inflation in the price of Emergent common stock during the Settlement Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the common stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs. As reflected in Table 1, the first such alleged misrepresentation was made on March 10, 2020, thus there was no price inflation in Emergent common stock on March 9, 2020, or earlier. Moreover, the last alleged corrective disclosure or event occurred after the close of the U.S. financial markets on November 4, 2021, thus all alleged price inflation is alleged to have been removed from Emergent's common stock on November 5, 2021.

The U.S. federal securities laws allow investors to recover for losses caused by disclosures which corrected a defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Emergent common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which its price declined due to the disclosure of information which

corrected a misleading statement or omission allegedly made by Defendants. Lead Plaintiffs and Lead Counsel have determined that such a price decline occurred on the following dates: April 1, 2021; April 5, 2021; April 19, 2021; April 22, 2021; April 30, 2021; June 11, 2021; June 18, 2021; and November 5, 2021 (the "Corrective Disclosure Dates"). Accordingly, if a share of Emergent common stock was sold before April 1, 2021 (the earliest Corrective Disclosure Date), the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Emergent common stock was both purchased or otherwise acquired and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

| Table 1<br>Artificial Inflation in Emergent Common Stock[1] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation \*\*** |
| March 10, 2020 | March 31, 2021 | $52.23 |
| April 1, 2021 | April 4, 2021 | $39.15 |
| April 5, 2021 | April 18, 2021 | $36.42 |
| April 19, 2021 | April 21, 2021 | $26.60 |
| April 22, 2021 | April 29, 2021 | $24.43 |
| April 30, 2021 | June 10, 2021 | $22.54 |
| June 11, 2021 | June 17, 2021 | $20.88 |
| June 18, 2021 | November 4, 2021 | $19.37 |
| November 5, 2021 | Thereafter | $0.00 |

\*\* For each day during the Settlement Class Period, the per-share price inflation in Emergent common stock shall be limited to that day's closing price.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Emergent common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Emergent common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Emergent common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

The Plan of Allocation also takes into account the Court's order, which it entered part-way through discovery, certifying a class of investors who purchased or otherwise acquired Emergent common stock during the period between July 6, 2020 and November 4, 2021. Although the order omitted purchases or acquisitions made during the period between March 10, 2020 through July 5, 2020, the Parties were engaged in ongoing discovery when a settlement was reached, the Court's order remained open to revision on motion of either Party, and Lead Plaintiffs retained appellate rights to challenge the shortening of the class period. Moreover, the Parties agreed that the Settlement Class should encompass the full class period as alleged in the operative complaint, to effectuate the full and final resolution of the claims at issue. Accordingly, the Settlement Class Period extends from March 10, 2020 through November 4, 2021, both dates inclusive, but the Recognized Loss amount for shares of Emergent common stock purchased *prior to* July 6, 2020, shall be reduced by 25% by multiplying the Recognized Loss amount for such shares (calculated pursuant to the formula below under "Calculation of Recognized Loss Per Share of Emergent Common Stock") by 0.75.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

### Calculation of Recognized Loss Per Share of Emergent Common Stock

For each share of Emergent common stock purchased or otherwise acquired during the Settlement Class Period (i.e., March 10, 2020 through November 4, 2021, inclusive), the Recognized Loss per share shall be calculated as follows:

    i.    For each share that was sold prior to April 1, 2021, the Recognized Loss is $0.00.

---

[1] Any transactions in Emergent common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

ii. For each share that was sold during the period April 1, 2021 through November 4, 2021, inclusive, the Recognized Loss is the amount of per-share price inflation on the date of purchase as appears in Table 1 above *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above.

iii. For each share that was sold during the period November 5, 2021 through February 2, 2022, inclusive (*i.e.*, sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

    a. the amount of per-share price inflation on the date of purchase as appears in Table 1; or

    b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as appears in Table 2 below.

iv. For each share that was still held as of the close of trading on February 2, 2022, the Recognized Loss is *the lesser of*:

    a. the amount of per-share price inflation on the date of purchase as appears in Table 1; or

    b. the purchase price *minus* the average closing price Emergent common stock during the 90-Day Lookback Period, which is $43.57.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value | Sale/Disposition Date | 90-Day Lookback Value |
| 11/5/2021 | $33.11 | 12/7/2021 | $39.90 | 1/6/2022 | $41.98 |
| 11/8/2021 | $33.82 | 12/8/2021 | $39.96 | 1/7/2022 | $42.14 |
| 11/9/2021 | $34.24 | 12/9/2021 | $39.96 | 1/10/2022 | $42.32 |
| 11/10/2021 | $34.46 | 12/10/2021 | $39.97 | 1/11/2022 | $42.50 |
| 11/11/2021 | $34.65 | 12/13/2021 | $39.99 | 1/12/2022 | $42.63 |
| 11/12/2021 | $35.03 | 12/14/2021 | $40.02 | 1/13/2022 | $42.78 |
| 11/15/2021 | $35.44 | 12/15/2021 | $40.10 | 1/14/2022 | $42.97 |
| 11/16/2021 | $36.12 | 12/16/2021 | $40.18 | 1/18/2022 | $43.05 |
| 11/17/2021 | $36.65 | 12/17/2021 | $40.34 | 1/19/2022 | $43.10 |
| 11/18/2021 | $36.93 | 12/20/2021 | $40.47 | 1/20/2022 | $43.17 |
| 11/19/2021 | $37.21 | 12/21/2021 | $40.64 | 1/21/2022 | $43.24 |
| 11/22/2021 | $37.43 | 12/22/2021 | $40.76 | 1/24/2022 | $43.30 |
| 11/23/2021 | $37.83 | 12/23/2021 | $40.90 | 1/25/2022 | $43.35 |
| 11/24/2021 | $38.21 | 12/27/2021 | $41.04 | 1/26/2022 | $43.38 |
| 11/26/2021 | $38.61 | 12/28/2021 | $41.15 | 1/27/2022 | $43.40 |
| 11/29/2021 | $38.83 | 12/29/2021 | $41.27 | 1/28/2022 | $43.43 |
| 11/30/2021 | $39.14 | 12/30/2021 | $41.37 | 1/31/2022 | $43.49 |
| 12/1/2021 | $39.39 | 12/31/2021 | $41.42 | 2/1/2022 | $43.55 |
| 12/2/2021 | $39.57 | 1/3/2022 | $41.59 | 2/2/2022 | $43.57 |
| 12/3/2021 | $39.68 | 1/4/2022 | $41.72 | N/A | N/A |
| 12/6/2021 | $39.79 | 1/5/2022 | $41.83 | N/A | N/A |

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof of Claim forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Emergent common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees, taxes and commissions.

If a Settlement Class Member acquired Emergent common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Emergent shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Sales will be matched in chronological order, by trade date, first against Emergent common stock held as of the close of trading on March 9, 2020 (the last trading day before the Settlement Class Period begins) and then against the purchase of Emergent common stock during the Settlement Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of Emergent common stock.  The date of a "short sale" is deemed to be the date of sale of Emergent common stock.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has a short position in Emergent common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Emergent common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the strike price of the option.  Any Recognized Loss arising from purchases of Emergent common stock acquired during the Settlement Class Period through the exercise of an option on Emergent common stock[2] shall be computed as provided for other purchases of Emergent common stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.  No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim, with appropriate supporting documentation, will not share in the Settlement proceeds.  The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Settling Defendants, their respective counsel, Released Defendant Parties, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Proof of Claims, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Lead Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be distributed pursuant to a method approved by the Court.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Emergent common stock during the Settlement Class Period (CUSIP: 29089Q105) (NYSE: EBS) for the beneficial interest of an individual or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THE NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such common shares during such time

---

[2] The "exercise of an option" as used in this sentence includes: (1) purchases of Emergent common stock as the result of the exercise of a call option, and (2) purchases of Emergent common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

period or (b) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days of receipt mail them directly to the beneficial owners of the common stock referred to herein. If you choose to follow alternative procedure (b), upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses of the addressees for any future mailings to Settlement Class Members. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, up to $0.03 per Postcard Notice mailed plus postage or $0.03 per name, address, and email provided to Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of the Court with respect to any dispute concerning such reimbursement. These expenses will be paid upon request and submission of appropriate supporting documentation. All communications concerning the foregoing should be addressed to the Claims Administrator at:

In re Emergent BioSolutions Inc. Securities Settlement
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

Dated: October 16, 2024            BY ORDER OF THE COURT
                                               UNITED STATES DISTRICT COURT
                                               DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: | |
| All Actions | |

**PROOF OF CLAIM AND RELEASE FORM**

A. <u>**GENERAL INSTRUCTIONS & INFORMATION**</u>

1.      You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice").

2.      To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

3.      **Your completed and signed Proof of Claim must be received on or before February 4, 2025, addressed to the Claims Administrator at:**

Emergent BioSolutions Inc. Securities Settlement
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

4.      If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

5.      If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

6.      **For help completing this Proof of Claim, please contact the Claims Administrator.**

B. <u>**INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM**</u>

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.      To be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased, or otherwise acquired, the common stock of Emergent BioSolutions Inc. ("Emergent") (NYSE: EBS) between March 10, 2020 and November 4, 2021, both dates inclusive (the "Settlement Class Period"). However, because the PSLRA provides for a "90-Day Lookback Period" (described in the Plan of Allocation set forth in the Notice), you must provide documentation related to your purchases and sales of Emergent common stock during the period from March 10, 2020, through and including February 2, 2022, in order for the Claims Administrator to calculate your Recognized Loss amount under the Plan of Allocation and process your claim.

2.      The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.      All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Emergent common stock. (Brokerage firms, banks and other nominees are requested

-1-

to transmit copies of the Postcard Notice to their present or former customers who were such beneficial owners). If the Emergent common stock was owned jointly, all joint owners must complete and sign the Proof of Claim.

4.  Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.,* powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.  You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc.  Joint tenants, co-owners, or custodians of accounts under the UGMA should file a single claim.  Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.  The date of purchase and/or sale of shares of Emergent common stock is the "trade" date and not the "settlement" date.

7.  The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

8.  Exercise of option contracts will be considered to be purchases or sales of stock.  The purchase/sale date of the common stock shall be the exercise date of the option and the purchase/sale price of the common stock shall be the strike price of the option.

9.  The date of covering a "short sale" is deemed to be the date of purchase of Emergent common stock; and the date of a "share sale" is deemed to be the date of sale of Emergent common stock.  Common stock originally sold short will have a Recognized Loss of zero.

10. No cash payment will be made on a claim where the potential distribution is less than ten dollars ($10.00).

11. You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Emergent common stock for your claim to be valid.  If such documents are not available, a complete list of acceptable supporting documentation can be found on the Claims Administrator's website: www.strategicclaims.net/emergent.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

12. If your trading activity during the time period requested below exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file. For a copy of instructions and the parameters concerning an electronic submission, contact the Claims Administrator by phone: (866) 274-4004; by email: info@strategicclaims.net; or via the website: www.strategicclaims.net/emergent.

13. If you have questions or need additional Proofs of Claim, contact the Claims Administrator via the information in the preceding paragraph.  You may make photocopies of this form.

EMERGENT

## **PROOF OF CLAIM**

*The Claims Administrator must receive this form no later than February 4, 2025.*

**C. CLAIMANT IDENTIFICATION** *(Please Type or Print)*

| | | |
|---|---|---|
| Beneficial Owner's Name *(as it appears on your brokerage statement*) | | |
| Joint Beneficial Owner's Name *(as it appears on your brokerage statement)* | | |
| Record Owner's Name and Address *(if different from beneficial owner listed above)* | | |
| Street Address | | |
| | | |
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| Day Phone (Area Code – Telephone Number) | Evening Phone (Area Code – Telephone Number) | |
| Email Address | | |
| Facsimile Number | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

Specify <u>one</u> of the following:

☐ Individual(s)    ☐ Corporation    ☐ UGMA Custodian    ☐ IRA

☐ Partnership    ☐ Estate    ☐ Trust    ☐ Other: _____

-3-

**D. SCHEDULE OF TRANSACTIONS IN EMERGENT COMMON STOCK**

1.  State the total number of Emergent common shares owned at the close of trading on March 9, 2020, long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

2.  Separately list each and every **purchase** of Emergent common stock during the period March 10, 2020 **through** November 4, 2021, inclusive, and provide the following information *(must be documented)*:

| Purchase Date *(list chronologically)* Month/Day/Year | Number of Common Shares Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

3.  State the total number of Emergent common shares **purchased** during the period November 5, 2021 **through** February 2, 2022, inclusive *(if none, enter "0"; if other than zero, must be documented)*: _____

4.  Separately list each and every **sale** of Emergent common stock during the period March 10, 2020 **through** February 2, 2022, inclusive, and provide the following information *(must be documented)*:

| Sale Date *(list chronologically)* Month/Day/Year | Number of Common Shares Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* |
|---|---|---|---|
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |
| ____/____/____ | | $ | $ |

5.  State the total number of Emergent shares owned at the close of trading on February 2, 2022, long or short *(if none, enter "0"; if other than zero, must be documented)*: _____

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION OR THE W-8 CERTIFICATION BELOW.**

**E. SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the District of Maryland for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Stipulation"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim, my/our status or the status of the Settlement Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

**F. RELEASE**

1.      By signing this Proof of Claim, and in consideration of the establishment of the Settlement Consideration, as of the effective date thereof, the undersigned claimant ("Claimant") on behalf of himself/herself/itself, his/her/its successors, heirs, executors, administrators, and assigns, hereby releases and forever discharges (a) Defendant Emergent, (b) Defendant Robert G. Kramer, Sr., (c) Defendant Syed T. Husain, (d) former Defendant Richard S. Lindahl (e) all other current and former executive Officers and directors of Emergent, (f) all other employees of Emergent, and (g) any past, present, or future affiliates, divisions, joint ventures, assigns, assignees, assignors, direct or indirect parents or subsidiaries, shareholders, controlling shareholders, successors, predecessors, parent corporations, sister corporations, subsidiaries, affiliates, principals, legatees, devisees, spouses, receivers, settlors, and entities in which a Defendant has a controlling interest, and each of their past, present, or future Officers, directors, agents, employees, independent contractors, servants, partners, partnerships, members, attorneys, controlling shareholders, advisors, financial or investment advisors, auditors, accountants, insurers (including reinsurers and co-insurers) and immediate family members, and the legal or personal representatives, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, successors-in-interest, or assigns of any of the foregoing (altogether the "Released Defendant Parties") from any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, asserted or unasserted, class or individual in nature, mature or not mature, liquidated or unliquidated, accrued or not accrued, whether arising under any federal, state, local, administrative, statutory, common or foreign law, or any other law, or rule or regulation, at law or in equity that Lead Plaintiffs, Lead Counsel, other Plaintiffs' counsel, or any Settlement Class Member (the "Released Plaintiff Parties"): (i) directly or indirectly in the FAC; (ii) could have been or in the future might be asserted in any court or forum that arise out of, are based on, or relate to the allegations, transactions, facts, events, matters, occurrences, representations, statements, acts, disclosures, or omissions set forth in the FAC; and (iii) that arise out of, are based on, or relate to, the purchase, acquisition, sale, or disposition of shares of Emergent common stock on the New York Stock Exchange (NYSE: EBS) during the Settlement Class Period (the "Released Settlement Class Claims").

2.      Conversely, Settling Defendants and the other Released Defendant Parties, hereby fully, finally, and forever release, relinquish, and discharge any and all claims and causes of action of every nature and description, whether known or Unknown Claims, whether asserted or unasserted, that the Settling Defendants or the other Released Defendant Parties could have raised in the Action against the Lead Plaintiffs, Lead Counsel or other Released Plaintiff Parties, whether arising under state, federal, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate to the commencement, prosecution or settlement of the Action (except for any derivative claims concerning the facts alleged in the FAC, and claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim (the "Released Defendant Claims").

EMERGENT

3. For purposes of these release provisions, "Unknown Claims" means and includes (i) any and all Released Settlement Class Claims that Lead Plaintiffs, Released Plaintiff Parties, or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement; and (ii) any and all Released Defendant Claims that any Settling Defendant or other Released Party does not know or suspect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, the Released Parties shall be deemed to have, and by operation of the Judgment, shall have, to the fullest extent permitted by law, expressly waived and relinquished, the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Parties acknowledge, and Settlement Class Members and the other Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Settlement Class Claims and Released Defendant Claims was separately bargained for and a material element of the Settlement.

## G. REPRESENTATIONS

I/We acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Settling Defendant (as defined in the Notice) with respect to any of the claims asserted in the Action, a member of the immediate family of any of the Settling Defendants, or anyone excluded from the Settlement Class as it is defined in the Stipulation, or a person or entity who has requested exclusion from the Settlement Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim.

## H. CERTIFICATION

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased Emergent common stock listed in the above Schedule during the period between March 10, 2020 and November 4, 2021, both dates inclusive.**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 2024 in _____.

(City)   (State/Country)

_____          _____
Signature of Claimant                                      Signature of Joint Claimant, if any


_____          _____
(Print your name here)                                     (Print your name here)



_____          _____
Signature of Person signing on behalf           Capacity of person signing on behalf of
of Claimant                                                    Claimant, if other than an individual, Executor,
                                                                      President, Custodian, etc.


_____
(Print your name here)

**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

_____
Name of U.S. Business

_____
Address of U.S. Business

_____        _____
Type of Business                                                        Tax Identification Number

   **W-8 Certification:** Under the penalties of perjury, I certify that the information provided above is true, correct and complete.

Signature(s) _____        Date: _____

_____        Date: _____

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Release and Certification (or W-8 Certification).
2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Claims Administrator's website at www.strategicclaims.net/emergent.
3. Do not send originals of stock certificates.
4. Keep copies of the completed claim form and documentation for your own records.
5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**
6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Claims Administrator at:

In re Emergent BioSolutions Inc. Securities Settlement
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

In re Emergent BioSolutions Inc. Securities Settlement
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**