**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**LEAD PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, AND APPROVAL OF PLAN OF ALLOCATION (ECF 190)**

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 3

        A.      The Settlement Class Received Notice As The Court Ordered .............................. 3

        B.      The Settlement Class's Reaction Overwhelmingly Supports Final Approval ........ 5

III.    CONCLUSION ...................................................................................................... 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Erny ex rel. India Globalization Cap., Inc. v. MuKunda*,
  2020 WL 3639978 (D. Md. July 6, 2020)....................................................................5

*In re Jiffy Lube Sec. Litig.*,
  927 F.2d 155 (4th Cir. 1991) ...................................................................................5

*In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg. Sales
  Pracs.*,
  2018 WL 11203065 (E.D. Va. Oct. 9, 2018)
  *aff'd*, 952 F.3d 471 (4th Cir. 2020) ........................................................................5

*In re MicroStrategy, Inc. Sec. Litig.*,
  148 F. Supp. 2d 654 ...............................................................................................6

*In re Mills Corp. Sec. Litig.*,
  265 F.R.D. 246 (E.D. Va. 2009) ..............................................................................5

*Phillips v. Triad Guar. Inc.*,
  2016 WL 1175152 (M.D.N.C. Mar. 23, 2016)...........................................................6

*Strang v. JHM Mortg. Sec. Ltd. P'ship*,
  890 F. Supp. 499 (E.D. Va. 1995) ...........................................................................6

*Winingear v. City of Norfolk*,
  2014 WL 3500996 (E.D. Va. July 14, 2014))............................................................5

**Statutes**

Class Action Fairness Act, 28 U.S.C. § 1715(b) ...............................................................6

Freedom of Information Act .............................................................................................1

Private Securities Litigation Reform Act of 1995 ...........................................................5

**Rules**

Fed. R. Civ. P. 23............................................................................................................4

ii

Pursuant to this Court's Amended Order Preliminarily Approving Settlement and Providing for Notice (ECF 189) ("Preliminary Approval Order"), Lead Plaintiffs Nova Scotia Health Employees' Pension Plan ("NSHEPP") and City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale"), for themselves and on behalf of the Settlement Class, respectfully submit this Reply Memorandum in further support of their Unopposed Motion for Final Approval of Class Action Settlement, Certification of the Settlement Class, and Approval of Plan of Allocation filed on February 6, 2025 (ECF 190) ("Final Approval Motion").[1]

## I.      INTRODUCTION

Lead Plaintiffs and Lead Counsel have successfully achieved a Settlement of this difficult securities class action to fully resolve all claims in this Action.  As previously detailed in the Memorandum on this Final Approval Motion (ECF 190-1) ("Opening Brief"), the Settlement is the product of extensive work by Lead Counsel: Lead Counsel fully investigated the claims; identified and interviewed former Emergent employees; reviewed extensive Congressional reports and related materials; consulted with experts; prepared the FAC; litigated a wide-ranging motion to dismiss and motions for judicial notice; propounded discovery demands on Defendants; served subpoenas on third-parties; pursued foreign and domestic FOIA requests; reviewed approximately 120,000 documents; prepared for depositions; briefed a successful motion to certify the class, supported by an expert report; and engaged in intensive, protracted settlement negotiations, including a full-day, in-person mediation session, a follow-up videoconference session, and months of subsequent discussions in writing and by phone.  Following an agreement in principle to negotiate the terms of the Settlement, Lead Counsel negotiated and executed the Memorandum of Understanding, and later the Stipulation and its exhibits, and sought and obtained this Court's

---

[1]      Unless otherwise defined, all capitalized terms herein have the meanings assigned in the Stipulation and Agreement of Settlement (ECF 185-3) ("Stipulation") and its exhibits.

preliminary Settlement approval.  *See* Tuccillo Decl. (ECF 194) ¶¶4-37.

Pursuant to the Preliminary Approval Order, the Claims Administrator, Strategic Claims Services ("Strategic"), published the Notice of Pendency and Proposed Settlement of Class Action ("Publication Notice") electronically over *Globe Newswire* on October 25, 2024.  *See* Craig Decl. (ECF 197) ¶9.  As of February 19, 2025, ***130,184 notices*** (either via mailed Postcard Notice or e-mailed Notice and Proof of Claim link) were sent to potential Settlement Class members by Strategic or nominees, directing recipients to the Settlement Webpage (www.strategic.net/Emergent).  *Id.* ¶¶7, 11; Reply Declaration of Margery Craig ("Craig Reply Decl.") ¶4.  The Settlement Webpage is accessible 24 hours a day, 7 days a week and contains information related to the current status of the case, including important dates and deadlines, as well as links to important case documents, such as downloadable versions of the Notice and Proof of Claim, the Postcard Notice, the Preliminary Approval Order, and the Stipulation with exhibits.  Craig Reply Decl. ¶6.  As of February 19, 2025, the webpage has received 27,679 page views from 4,713 unique users.  *Id.*

After this thorough notice program, there have been ***no objections*** to final approval of the Settlement; ***no objections*** to the requested 30% attorneys' fees, plus interest; ***no objections*** to the requested reimbursement of expenses; and ***no objections*** to the requested compensatory awards to Lead Plaintiffs.  Craig Reply Decl. ¶8; Reply Declaration of Matthew L. Tuccillo ¶4.  Strategic also received only two valid, and three invalid, requests for exclusion from potential Settlement Class Members, all of which Lead Plaintiffs respectfully request the Court honor.  Craig Reply Decl. ¶7; Opening Brief at 7.  By contrast, 64,505 Proofs of Claim were received from Settlement Class Members – 64,035 timely and 470 untimely, which Lead Plaintiffs respectfully request the Court permit. Craig Reply Decl. ¶9. The deadlines for exclusion requests, objections, and claim

submissions have passed.  *Id.* ¶¶7-9.[2]  Pursuant to the Preliminary Approval Order, February 6, 2025 was the deadline for any objections, whether as to the Settlement terms or as to the request for fees, expenses, or the compensatory awards.  Preliminary Approval Order at 8-9.

Given the obstacles to recovery, the substantial time and expense that continued litigation would require, the low likelihood that continued litigation would have increased the Settlement Class's recovery, and the positive reaction of potential Settlement Class Members to the Settlement after the robust Court-ordered notice program, Lead Plaintiffs believe that the Settlement is a good result for the Settlement Class and provides a fair and reasonable resolution of the claims at issue in this Action.  Lead Plaintiff thus respectfully request that the Final Approval Motion be granted.[3]

## II.    ARGUMENT

### A.    The Settlement Class Received Notice As The Court Ordered

As explained above, pursuant to the Preliminary Approval Order, ***130,184*** Court-approved Short-Form Notices (including a small number of emailed links) were sent to potential Settlement Class Members, brokers, or nominee holders.  *See* Craig Reply Decl. ¶4.[4]  The Short-Form Notices directed potential Settlement Class members to the Settlement Webpage, where copies of the Long-Form Notice, the Stipulation and its exhibits, the Preliminary Approval Order, and the Proof of Claim form were posted alongside the deadlines ordered by the Court.  Craig Decl. ¶11, Ex. C at 2.  In addition, the Court-approved Publication Notice was published on *Globe Newswire* on October 25, 2024.  *Id.* ¶9.  Strategic also sent a letter to 2,306 banks, brokerage companies, mutual

---

[2]    Although the governing deadlines to file objections or to receive requests for exclusion have passed, Lead Plaintiffs will update the Court if any valid exclusion requests or objections are received before the final approval hearing on February 27, 2025.

[3]    As explained in the Final Approval Motion, Lead Plaintiffs submit the Proposed Order for the Final Approval Motion herewith.

[4]    In Lead Plaintiffs' original filings supporting the Final Approval Motion on February 6, 2025, they provided preliminary results of the notice program as of February 3, 2025 because the claims submission, exclusion, and objection deadlines were so close to the opening filing deadline.  This Reply and the Craig Reply Decl. provide post-deadline results.

funds, insurance companies, pension funds, and money managers, alerting them to the Settlement and Settlement-related notices. *Id.* ¶4; Craig Reply Decl. ¶3. Following this mailing, Strategic received 47,701 names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by Strategic. Craig Decl. ¶5. Strategic also received requests from two nominees for Postcard Notices so they could forward the notices to 80,845 of their clients. *Id.* Two other nominees informed Strategic they had mailed a total of 1,582 Postcard Notices to their clients. *Id.* This notice program resulted in 130,171 total Postcard Notices mailed to potential Settlement Class Members. *Id.* Strategic also received 13 email addresses for potential Settlement Class members for whom no physical mailing address was available, and sent emails containing the link to the Notice and Proof of Claim to each (*id.* at 6), resulting in ***130,184*** notices mailed or emailed total. *Id.* at 7. Strategic also sent the Depository Trust Company a notice packet, which was published on its Legal Notice System on October 25, 2024. *Id.* ¶3. These notice efforts resulted in 27,679 page views on the Settlement Website, from 4,713 unique users as of February 19, 2025. Craig Reply Decl. ¶6. This robust notice program fulfilled the mandate of the Preliminary Approval Order and Fed. R. Civ. P. 23 and resulted in submission of ***64,505 Proofs of Claim*** – an approximately ***49.6% response rate*** from the mailings. *Id.* ¶9.

The 64,505 Proofs of Claim represent an almost six-fold increase over the 11,001 claims Strategic had confirmed as of February 3, 2025. The revised response rate further attests to the success of the notice program which satisfied Rule 23(c)(2)(B) and due process concerns. *See* Opening Brief at 21-23. The 49.6% response rate is significantly higher than the 8.45% rate reported in the Opening Brief, which was already comparable to rates from other class action notice programs (Opening Brief at 22 & n.16) and supports approving the Settlement.

As of February 19, 2025, Strategic has received 470 untimely claims, most of which were received shortly after the February 4, 2025 deadline.  The flow of claims received has significantly slowed and Strategic has only received 16 claims after February 7, 2025 and 6 claims after February 11, 2025.  Craig Reply Decl. ¶9 n.3.  Lead Plaintiffs request that the Court accept all untimely but otherwise valid claims until a bar date of February 26, 2025.  At the February 27, 2025 hearing, Lead Plaintiffs will update the Court about any additional claims received after this brief is filed but before the bar date.

B.    **The Settlement Class's Reaction Overwhelmingly Supports Final Approval**

As set forth in the Opening Brief, courts in the Fourth Circuit consider the degree of opposition to the settlement as one factor in its *Jiffy Lube* settlement adequacy analysis.  Opening Brief at 19-20; *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991).  Indeed, "the opinion of class members concerning the settlement 'is perhaps the most significant factor to be weighed in considering its adequacy.'"  *In re Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg. Sales Pracs.*, 2018 WL 11203065, at *6 (E.D. Va. Oct. 9, 2018) (quoting *Winingear v. City of Norfolk*, 2014 WL 3500996, at *3 (E.D. Va. July 14, 2014)), *aff'd*, 952 F.3d 471 (4th Cir. 2020).  "[A]n absence of objections and a small number of opt-outs weighs significantly in favor of the settlement's adequacy."  *In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 257-58 (E.D. Va. 2009).  Where, as here, there have been *zero objections* by Settlement Class Members against *64,505 claims* received, *five exclusion* requests, and *130,184 notices* sent, this factor strongly supports a finding that this Settlement is fair, adequate, and reasonable and should be approved.  *Id.* at 257-59 (in PSLRA case, *Jiffy Lube* adequacy factor is satisfied and "the Court has no hesitation in approving it as an adequate result" where notices went to over 128,000 potential class members, "not a single putative class member objected to the settlement['s adequacy,]" and only one class member objected to the proposed plan of allocation); *see also Erny ex rel. India Globalization*

*Cap., Inc. v. MuKunda*, 2020 WL 3639978, at \*3 (D. Md. July 6, 2020) ("Finally, and perhaps most importantly, this settlement remains unopposed."); *In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 667-68 ("[I]t is quite significant that, although more than 57,000 members of the class were sent the notice and proof of claim, no member . . . filed and pursued an objection" and "[a] finding of adequacy here is also bolstered by the fact that only seven class members have chosen to opt-out in response to the notice.") (citing *Strang v. JHM Mortg. Sec. Ltd. P'ship*, 890 F. Supp. 499, 502 (E.D. Va. 1995) (settlement fair and adequate where "not a single class member has objected . . . and only a small number have opted out."))[5]

Moreover, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b), and as required by paragraph 9.6 of the Stipulation of Settlement, the Settling Defendants served notice of the proposed Settlement upon the attorneys general of all fifty states and the Attorney General of the United States and provided proof of service to Lead Counsel. No recipient of such notice has objected to any aspect of the proposed Settlement.

## III.    CONCLUSION

Based on the foregoing, the argument in the Opening Brief, and the entire record supporting the Final Approval Motion, Lead Plaintiffs respectfully request that the Court grant final approval to the Settlement and the Plan of Allocation and certify the Settlement Class, by entering the updated Proposed Order submitted herewith.

---

[5]    There have also been no objections to the proposed Plan of Allocation, which for the same reasons supports a finding that the Plan of Allocation is fair and adequate.  *See Phillips v. Triad Guar. Inc.*, 2016 WL 1175152, at \*4 (M.D.N.C. Mar. 23, 2016) ("The allocation of the settlement proceeds, as well as the lack of objection to the Plan of Allocation, lead the Court to find that the Plan of Allocation is fair and adequate.").

DATED: February 20, 2025                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Matthew L. Tuccillo*
Matthew L. Tuccillo (admitted *pro hac vice*)
Jeremy A. Lieberman (admitted *pro hac vice*)
Jennifer Banner Sobers (admitted *pro hac vice*)
Zachary Denver (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: mltuccillo@pomlaw.com
jalieberman@pomlaw.com
jbsobers@pomlaw.com
zdenver@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs and
the Class*

**KLAUSNER, KAUFMAN, JENSEN &
LEVINSON**
Robert D. Klausner
Stuart Kaufman
7080 NW 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
Email: bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Fort
Lauderdale Police & Firefighter's Retirement
System*

7

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (Md. Bar No. 15824)
Daniel S. Sommers (Md. Bar No. 15822)
S. Douglas Bunch
1100 New York Avenue N.W.
Suite 800, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

By: */s/ Matthew L. Tuccillo*
Matthew L. Tuccillo