**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB <br><br> <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: <br><br> All Actions | |

**LEAD PLAINTIFFS' REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF THEIR UNOPPOSED MOTION FOR AWARD**
**OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND**
**<u>COMPENSATORY AWARDS FOR LEAD PLAINTIFFS (ECF 191)</u>**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................ 1

II.   ARGUMENT.................................................................................................... 4

      A.   The Settlement Class Received Notice As The Court Ordered ............................. 4

      B.   Reaction To The Settlement Overwhelmingly Supports The Fee Motion ............. 5

III.  CONCLUSION.................................................................................................. 6

i

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*In re Genworth Fin. Sec. Litig.*,
   210 F. Supp. 3d 837 (E.D. Va. 2016) ............................................................................................5

*Phillips v. Triad Guar. Inc.*,
   2016 WL 2636289 (M.D.N.C. May 9, 2016) .............................................................................5

### Statutes

Class Action Fairness Act, 28 U.S.C. § 1715(b) ........................................................................6

Freedom of Information Act .......................................................................................................2

Private Securities Litigation Reform Act of 1995 ..................................................................5, 6

### Rules

Fed. R. Civ. P. 23......................................................................................................................5

Pursuant to this Court's Amended Order Preliminarily Approving Settlement and Providing for Notice (ECF 189) ("Preliminary Approval Order"), Lead Plaintiffs Nova Scotia Health Employees' Pension Plan ("NSHEPP") and City of Fort Lauderdale Police & Firefighters' Retirement System ("Fort Lauderdale"), for themselves and on behalf of the Settlement Class, respectfully submit this Reply Memorandum in further support of their Unopposed Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards for Lead Plaintiffs filed on February 6, 2025 (ECF 191) ("Fee Motion").[1]

## I.    INTRODUCTION

Through over three years of hard-fought litigation of this complex securities class action, Lead Plaintiffs and their counsel doggedly pursued a recovery for investors in Emergent stock and achieved the $40 million Settlement on their behalf to fully resolve the Action.  As previously detailed in the opening Memorandum of Law in Support of the Fee Motion (ECF 191-1) ("Opening Brief"), Plaintiffs' counsel's significant efforts to secure the Settlement, done on a fully contingent basis and at great risk of non-payment, necessitated the expenditure of $8,414,263.49 in uncompensated lodestar[2] and $278,526.00 in unreimbursed expenses.  Opening Brief at 2-3. Throughout this Action, Lead Counsel devoted any and all resources necessary to fully litigate Settlement Class members' claims.  Lead Counsel fully investigated the claims; identified and interviewed former Emergent employees; reviewed extensive Congressional reports and related materials; consulted with experts; prepared the FAC; litigated a wide-ranging motion to dismiss and motions for judicial notice; propounded discovery demands on Defendants; served subpoenas

---

[1]    Unless otherwise defined, all capitalized terms herein have the meanings assigned in the Stipulation and Agreement of Settlement (ECF 185-3) ("Stipulation") and its exhibits.

[2]    Plaintiffs' counsel's total lodestar excludes any time spent preparing the Fee Motion papers or this Reply and reflects manual time write-offs by the Partner in charge of this Action detailed in the Opening Brief.

on third-parties; pursued foreign and domestic FOIA requests; reviewed approximately 120,000 documents; prepared for depositions; briefed a successful motion to certify the class, supported by an expert report; and engaged in intensive, protracted settlement negotiations, including a full-day, in-person mediation session, a follow-up videoconference session, and months of subsequent discussions in writing and by phone. Following an agreement in principle to negotiate the terms of the Settlement, Lead Counsel negotiated and executed the Memorandum of Understanding, and later the Stipulation and its exhibits, and sought and obtained this Court's preliminary Settlement approval. *See* Tuccillo Decl. (ECF 194) ¶¶4-37.

Pursuant to the Preliminary Approval Order, the Claims Administrator, Strategic Claims Services ("Strategic"), published the Notice of Pendency and Proposed Settlement of Class Action ("Publication Notice") electronically over *Globe Newswire* on October 25, 2024. *See* Craig Decl. (ECF 197) ¶9. As of February 19, 2025, 130,184 notices (either via mailed Postcard Notice or e-mailed Notice and Proof of Claim link) were sent to potential Settlement Class members by Strategic or nominees which all directed recipients to the Settlement Webpage (www.strategic.net/Emergent). *Id.* ¶¶7, 11; Reply Declaration of Margery Craig ("Craig Reply Decl.") ¶4. The Settlement Webpage is accessible 24 hours a day, 7 days a week and contains information related to the current status of the case, including important dates and deadlines, as well as links to important case documents, such as downloadable versions of the Notice and Proof of Claim, the Postcard Notice, the Preliminary Approval Order, and the Stipulation with exhibits. *See* Craig Reply Decl. ¶6. As of February 19, 2025, the webpage has received 27,679 page views from 4,713 unique users. *Id.*

After this thorough notice program, there have been no objections to final approval of the Settlement; no objections to the requested 30% attorneys' fees, plus interest; no objections to the

2

requested reimbursement of expenses (even at a reported figure of $500,000.00, which is nearly double the $278,526.00 that the Fee Motion actually seeks); and no objections to the requested compensatory awards to Lead Plaintiffs (even at a reported figure of $80,000, which is nearly double the $40,499.25 that the Fee Motion actually seeks).  Craig Reply Decl. ¶8; Reply Declaration of Matthew L. Tuccillo ("Tuccillo Reply Decl.") ¶4.  Strategic also received *only two valid requests for exclusion* from potential Settlement Class Members, and three invalid ones, all of which Lead Plaintiffs respectfully request the Court honor.  Craig Reply Decl. ¶7; Final Approval Opening Brief (ECF 190-1).  By contrast, 64,505 Proofs of Claim were received from Settlement Class Members (64,035 timely and 470 untimely).  Craig Reply Decl. ¶9.

The deadlines for exclusion requests, objections, and claim submissions have passed.  *Id.* ¶¶7-9.[3]  Pursuant to the Preliminary Approval Order, February 6, 2025 was the deadline for any objections, whether as to the Settlement terms or as to the request for fees, expenses, or the compensatory awards.  Preliminary Approval Order at 8-9.

Thus, the Settlement Class has spoken, and it overwhelmingly supports the requested fee of 30% of the Settlement Fund, or twelve million dollars ($12,000,000.00), plus interest, full reimbursement of expenses in the amount of $278.526.00, and compensatory awards to NSHEPP and Fort Lauderdale in the amounts of $37,499.25 and $3,000.00 respectively.  Lead Plaintiffs thus respectfully request that the Fee Motion be granted.[4]

---

[3]    Although the governing deadlines to file objections or to receive requests for exclusion have passed, Lead Plaintiffs will update the Court if any valid exclusion requests or objections are received before the final approval hearing on February 27, 2025.

[4]    As explained in the Fee Motion, Lead Plaintiffs submit a revised Proposed Order related to the Fee Motion appended to the contemporaneously-filed final approval reply brief.

II.     **ARGUMENT**

   A.     **The Settlement Class Received Notice As The Court Ordered**

As explained above, pursuant to the Preliminary Approval Order, 130,184 Court-approved Short-Form Notices (including a small number of emailed Notice and Proof of Claim links) were sent to potential Settlement Class Members, brokers, or nominee holders. *See* Craig Reply Decl. ¶4.[5] The Short-Form Notices directed potential Settlement Class members to the Settlement Webpage, where copies of the Long-Form Notice, the Stipulation and its exhibits, the Preliminary Approval Order, and the Proof of Claim form were posted alongside the deadlines ordered by the Court. Craig Decl. ¶11, Ex. C at 2. In addition, the Court-approved Publication Notice was published on *Globe Newswire* on October 25, 2024. *Id.* ¶9. Strategic also sent a letter to 2,306 banks, brokerage companies, mutual funds, insurance companies, pension funds, and money managers, alerting them to the Settlement and Settlement-related notices. *Id.* ¶4. Following this mailing, Strategic received 47,701 names and addresses of potential Settlement Class Members from individuals or nominees requesting that a Postcard Notice be mailed by Strategic. *Id.* ¶5. Strategic also received requests from two nominees for Postcard Notices so they could forward the notices to 80,845 of their clients. *Id.* Two other nominees informed Strategic they had mailed a total of 1,582 Postcard Notices to their clients. *Id.* This notice program resulted in 130,171 total Postcard Notices mailed to potential Settlement Class Members. *Id.* Strategic also received 13 email addresses for potential Settlement Class members for whom no physical mailing address was available and sent emails containing the link to the Notice and Proof of Claim to each (*id.* at 6), resulting in ***130,184 total*** notices mailed or emailed. *Id.* at 7; Craig Reply Decl. ¶4. Strategic

---

[5]     In Lead Plaintiffs' original filings supporting the Fee Motion on February 6, 2025, they provided preliminary results of the notice program as of February 3, 2025 because the claims submission, exclusion, and objection deadlines were so close to the opening filing deadline. This Reply and the Craig Reply Decl. provide post-deadline results.

4

also sent the Depository Trust Company a notice packet, which was published on its Legal Notice System on October 25, 2024.  Craig Decl. ¶3.  These notice efforts resulted in 27,679 page views on the Settlement Webpage, from 4,713 unique users as of February 19, 2025.  Craig Reply Decl. ¶6.  This robust notice program fulfilled the mandate of the Preliminary Approval Order and Fed. R. Civ. P. 23 and resulted in **submission of 64,505 Proofs of Claim** – an approximately **49.6% response rate** from the mailings.  *Id.* ¶9.

  **B.**  **Reaction To The Settlement Overwhelmingly Supports The Fee Motion**

  The Court-approved Notice program alerted Settlement Class Members that Lead Plaintiffs would seek (i) an attorneys' fee award of 30% of the Settlement Fund, plus interest, the amount now sought in the Fee Motion; (ii) reimbursement of expense up to $500,000.00, roughly double the amount actually sought in the Fee Motion, $278,526.00; and (iii) compensatory awards of up to $80,000, roughly double the amount actually sought in the Fee Motion, $40,499.25 in the aggregate.  *See* Craig Decl. Ex. C (Postcard Notice), at 2; Opening Brief at 3-4.  The Notice was mailed or emailed to 130,184 potential Settlement Class Members, 64,505 of whom submitted Proofs of Claim, and five of whom sought exclusions (valid or invalid).  Craig Reply Decl. ¶¶7, 9.  **_Zero_** Settlement Class members raised any objections whatsoever to the requested attorneys' fees, reimbursement of expenses, or compensatory awards to Lead Plaintiffs.  *Id.* ¶8; Tuccillo Reply Decl. ¶4.  The Settlement Class's overwhelming support for the Settlement and for Co-Lead Counsel's request for attorneys' fees, reimbursement of expenses, and Lead Plaintiffs' compensatory awards strongly justifies both final approval of the Settlement and granting the requested fees, expenses, and compensatory awards in full.  *See, e.g.*, *Phillips v. Triad Guar. Inc.*, 2016 WL 2636289, at *7-9 (M.D.N.C. May 9, 2016) (in PSLRA case, granting fee request of 30% of $1.6 million settlement fund and $105,516.13 in expenses where there had been no objections because it "demonstrates the class members' approval of the fees request"); *In re Genworth Fin.*

*Sec. Litig.*, 210 F. Supp. 3d 837, 843-46 (E.D. Va. 2016) (in PSLRA case, granting fee request of 28% of $219 million settlement fund, $3,835,741.96 in attorneys' costs, and a combined $23,128.73 in compensatory awards, in part because "[a] lack of objections by class members as to fees requested by counsel weighs in favor of the reasonableness of the fees").

Moreover, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b), and as required by paragraph 9.6 of the Stipulation of Settlement, the Settling Defendants served notice of the proposed Settlement upon the attorneys general of all fifty states and the Attorney General of the United States and provided proof of service to Lead Counsel. No recipient of such notice has objected to any aspect of the proposed Settlement, including the requested attorneys' fees, reimbursement of expenses, and compensatory awards.

## III.    CONCLUSION

Based on the foregoing, Lead Plaintiffs' Opening Brief, and the entire record, Lead Plaintiffs respectfully requests that the Court, by entry of the proposed order submitted with the contemporaneously-filed final approval motion, (a) award attorneys' fees of 30% of the Settlement Fund ($12,000,000.00), plus interest; (b) order full reimbursement of expenses in the amount of $278,526.00; and (c) order compensatory awards of $37,499.25 to NSHEPP and $3,000.00 to Fort Lauderdale.

DATED: February 20, 2025                    Respectfully submitted,

                                            **POMERANTZ LLP**

                                            */s/ Matthew L. Tuccillo*
                                            Matthew L. Tuccillo (admitted *pro hac vice*)
                                            Jeremy A. Lieberman (admitted *pro hac vice*)
                                            Jennifer Banner Sobers (admitted *pro hac vice*)
                                            Zachary Denver (admitted *pro hac vice*)
                                            600 Third Avenue, 20th Floor
                                            New York, New York 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (917) 463-1044

Email: mltuccillo@pomlaw.com
jalieberman@pomlaw.com
jbsobers@pomlaw.com
zdenver@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (admitted *pro hac vice*)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Lead Counsel for Lead Plaintiffs and the Class*

**KLAUSNER, KAUFMAN, JENSEN & LEVINSON**
Robert D. Klausner
Stuart Kaufman
7080 NW 4th Street
Plantation, FL 33317
Telephone: (954) 916-1202
Facsimile: (954) 916-1232
Email: bob@robertdklausner.com
stu@robertdklausner.com

*Additional Counsel for City of Fort Lauderdale Police & Firefighter's Retirement System*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

Steven J. Toll (Md. Bar No. 15824)
Daniel S. Sommers (Md. Bar No. 15822)
S. Douglas Bunch
1100 New York Avenue N.W.
Suite 800, East Tower
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
Email: stoll@cohenmilstein.com
dsommers@cohenmilstein.com
dbunch@cohenmilstein.com

*Liaison Counsel for Lead Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2025, I caused the foregoing to be electronically filed with the Clerk of Court via CM/ECF, which will send a notice of electronic filing to all registered users.

By: */s/ Matthew L. Tuccillo*
Matthew L. Tuccillo