**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE EMERGENT BIOSOLUTIONS INC. SECURITIES LITIGATION | Civil No. 8:21-cv-00955-DLB<br><br>CLASS ACTION |
| THIS DOCUMENT RELATES TO:<br><br>All Actions | |

**ORDER**

On the 27th day of February, 2025, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation of Settlement dated September 12, 2024 (ECF 185-3) (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Lead Plaintiffs and the Settlement Class against Emergent BioSolutions Inc. ("Emergent"), Robert G. Kramer, Sr. ("Kramer"), Syed T. Husain ("Husain"), and Richard S. Lindahl ("Lindahl") (collectively, the "Settling Defendants") as a settlement of this litigation (the "Settlement"); (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; (3) whether to finally certify the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (4) whether to approve Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund; and (5) whether to approve Lead Plaintiffs' application for a compensatory award to be paid from the Settlement Fund.

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Amended Order Preliminarily Approving Settlement and Providing For Notice (ECF 189)

("Preliminary Approval Order") was sent to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court; and

It appearing that the Stipulation, all forms of the Notice, and the Proof of Claim were posted on the Claims Administrator's website and all other appropriate actions by the Claims Administrator were taken;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2.      The Court has jurisdiction over the subject matter of the Action, Lead Plaintiffs, all Settlement Class Members, and the Settling Defendants.

3.      In the Preliminary Approval Order the Court preliminarily certified, for purposes of the Settlement only, the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all persons who purchased, or otherwise acquired, the common stock of Emergent (NYSE: EBS) between March 10, 2020 and November 4, 2021, both dates inclusive (the "Settlement Class Period"). The Settlement Class preliminarily certified is hereby finally certified. Excluded from the Settlement Class are Settling Defendants; members of their immediate families and their affiliates; any entity in which Settling Defendants had a controlling partnership interest during the Settlement Class Period; any person serving as an Officer or director of Emergent during the Settlement Class Period; the judges presiding over the

Action and the immediate family members of such judges; and the successors, heirs, and assigns or any excluded person. Also excluded are those persons or entities who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order (set forth in Exhibit A hereto) and those who both timely and clearly demonstrated desire for exclusion despite making an invalid request (set forth in Exhibit B hereto).

4.      The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit A or Exhibit B to this Order and Final Judgment.

5.      The Settlement, whereby Emergent (on behalf of itself and all other Settling Defendants) caused to be paid per the terms of the Stipulation an aggregate gross payment amount of forty million dollars ($40,000,000.00), is approved as fair, reasonable and adequate, and in the

best interests of the Settlement Class.  The Court finds that there was no collusion in connection with the Stipulation; the Stipulation was the product of informed, arm's length negotiations among competent, able counsel representing the Parties' interests; and the record is sufficiently developed and complete to have enabled the Lead Plaintiffs, Lead Counsel, Settling Defendants, and their counsel to have adequately evaluated and considered their positions before deciding to settle.  Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6.    Except with respect to any persons who have validly and timely requested exclusion from the Settlement Class (as listed on Exhibit A and Exhibit B hereto), this Action and all claims contained therein, are dismissed with prejudice as to the Settling Defendants.

7.    Lead Plaintiffs, all Settlement Class Members, and Released Plaintiff Parties (regardless of whether they submitted a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their successors, heirs, executors, administrators, and assigns, hereby release, waive, and forever discharge all of the Released Settlement Class Claims against Settling Defendants, the Released Defendant Parties,  and other Released Parties.  Lead Plaintiffs, Settlement Class Members, and Released Plaintiff Parties hereby are permanently and  forever enjoined from prosecuting the Released Settlement Class Claims, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

a.    "Released Settlement Class Claims" means, as defined in the Stipulation, any and all claims and causes of action of every nature and description, including both known claims and Unknown Claims, asserted or unasserted, class or individual in nature, mature or not mature, liquidated or unliquidated, accrued or not accrued, whether arising under any federal, state, local, administrative,

statutory, common or foreign law, or any other law, rule, or regulation, at law or in equity that Lead Plaintiffs, Lead Counsel or any other Released Plaintiff Parties: (i) directly or indirectly asserted in the FAC; (ii) could have been or in the future might be asserted in any court or forum that arise out of, are based on, or relate to the allegations, transactions, facts, events, matters, occurrences, representations, statements, acts, disclosures, omissions set forth in the FAC; and (iii) that arise out of, are based on, or relate to, the purchase, acquisition, sale, or disposition of shares of Emergent common stock on the New York Stock Exchange (NYSE: EBS) during the Settlement Class Period.

b.  "Released Parties" means (a) the Settling Defendants and the Released Defendant Parties for the Released Settlement Class Claims, and (b) Lead Plaintiffs, Lead Counsel, or any other Released Plaintiff Parties for the Released Defendant Claims.

8.    Settling Defendants and other Released Defendant Parties, hereby fully, finally, and forever release, relinquish, and discharge each and every one of the Released Defendant Claims against Lead Plaintiffs, Lead Counsel, and other Released Plaintiff Parties. Settling Defendants and the other Released Defendant Parties are hereby permanently and forever enjoined from prosecuting the Released Defendant Claims, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

a.  "Released Defendant Claims" means, as defined in the Stipulation, any and all claims and causes of action of every nature and description, whether known or Unknown Claims, that the Released Defendant Parties could have raised in the Action against the Released Plaintiff Parties, whether arising under state,

5

federal, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate to  the commencement, prosecution, and settlement of the Action (except for any derivative claims concerning the facts alleged in the FAC, and claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11, or any other fee or cost-shifting claim.

9.      Lead Plaintiffs' counsel are awarded attorneys' fees in the amount of 30% of the Settlement Fund, or $12,000,000.00, plus interest, and expenses in the amount of $278,526.00, such amounts to be paid from the Settlement Fund upon entry of this Order.  In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel shall within thirty (30) calendar days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel.

10.     Lead Plaintiff Nova Scotia Health Employees' Pension Plan is awarded the sum of $37,499.25 and Lead Plaintiff City of Fort Lauderdale Police & Firefighters' Retirement System is awarded the sum of $3,000.00, as reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

11.     The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

12.     Notwithstanding the deadline in ¶9 of the Preliminary Approval Order, the Court grants Lead Plaintiffs' request that valid Proofs of Claim received after the original February 4, 2025 deadline will not be barred from sharing in the distribution of the Net Settlement Fund, provided they are received no later than February 26, 2025.  Any Proofs of Claim received after that date will be barred and rejected as untimely and will not be permitted to share in the distribution of the Net Settlement Fund.

13.     The Court finds that all Parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

14.     Neither this Order and Final Judgment, the Preliminary Approval Order,  the Stipulation (including the exhibits thereto), the Memorandum of Understanding ("MOU"), nor any of the negotiations, documents or proceedings connected with them shall be deemed to be, or be, argued to be offered or received:

a.  Against any of the Settling Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or other Released Defendant Parties with respect to the truth of any fact alleged by the Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Settling Defendants or the Released Defendant Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants or other Released Defendant Parties;

b.  Against any of the Settling Defendants, the Released Defendant Parties, the Lead Plaintiffs, any Settlement Class Member, or the other Released Parties as

evidence of, or construed as evidence of, any presumption, concession, or admission by any of them with respect to any liability, negligence, fault, or wrongdoing as against any of them in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Released Defendant Parties, the Lead Plaintiffs, any Settlement Class Member, and the other Released Parties may refer to it to effectuate the liability protection granted them hereunder;

c.  Against any of the Settling Defendants or other Released Defendant Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount which could or would have been received after trial of the Action against them;

d.  Against the Lead Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund; and/or

e.  Against the Lead Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Lead Plaintiffs in the First Amended Class Action Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith,

dilatory motive, or inadequate prosecution of the claims or the Action or any

non-compliance with Fed. R. Civ. P. or any similar rule or ethical obligation.

15.     Notwithstanding the foregoing Paragraph 14, the Parties and other Released Parties

may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order,

and/or any Proof of Claim Form: (a) to effectuate the liability protections granted hereunder or

thereunder, including without limitation, to support a defense or counterclaim based on principles

of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or

any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain

a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and

any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and

Final Judgment.

16.     Without affecting the finality of this Order and Final Judgment in any way,

exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action,

including the administration, interpretation, effectuation or enforcement of the Stipulation or

Settlement and this Order and Final Judgment, and including any application for fees and expenses

incurred in connection with administering and distributing the Settlement proceeds to the

Settlement Class Members.

17.     Without further order of the Court, the Parties may agree to reasonable extensions

of time to carry out any of the provisions in the Stipulation.

18.     There is no just reason for delay in the entry of this Order and Final Judgment and

immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

19.     The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the compensatory award to Lead Plaintiffs, or the Plan of Allocation.

20.     In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in ¶¶2.5, 2.8, 2.10, 2.11, 2.12, 2.13, 2.14, 7.2, 8.2, 8.3, 8.4, 9.1, 9.4, 9.5, 9.14, 9.15, 9.16, 9.18 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in ¶23 thereof, and this Order and Final Judgment, except for ¶¶12, and 18-20 shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and all Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact,  or terms of  the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, all Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

21.     In the event the Settlement and Judgment do not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Fund, including interest earned, shall be returned to Settling Defendants or any other person or entity who or which paid any portion of the Settlement Fund, *pro rata* as had been paid by them respectively, per their instructions, except for any monies paid or any then-accrued costs yet-to-be-paid for Notice & Administration Costs, Taxes, and Tax Expenses.  Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary

to cause the Escrow Agent to make the foregoing repayments.  Lead Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.

22.    If, instead, the Settlement and Judgment become Final, once they become Final, there shall be no reversion whatsoever of any monies held in the Notice & Administration Account or Settlement Account to any of the Settling Defendants or any other person or entity who or which paid any portion of the Settlement Amount.

23.    Any Court orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Dated: February 27, 2025

THE HON. DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

1. Kim A. Overhiser
2. Stacey Tomaka

**<u>EXHIBIT B</u>**

1. Alberto Medina
2. Catherine Lee
3. Susan Lohman