IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

_____
                                        )
IN RE EMERGENT BIOSOLUTIONS INC.        )   Case No. 8:21-cv-00955-DLB
SECURITIES LITIGATION                   )
_____)

                                   Greenbelt, Maryland
                                   February 27, 2025
                                   10:07 a.m.


                      FAIRNESS HEARING
          BEFORE THE HONORABLE DEBORAH L. BOARDMAN
                United States District Judge


                 A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFFS:

     POMERANTZ LLP
     600 Third Avenue
     New York, New York  10016
     BY:  MATTHEW L. TUCILLO, ESQUIRE
          (212) 661-1100
          mltuccillo@pomlaw.com

     COHEN MILSTEIN SELLERS & TOLL PLLC
     1100 New York Avenue, N.W., Suite 800
     Washington, D.C.  20005
     (202)408-4600
     BY:  DANIEL S. SOMMERS, ESQUIRE
          (202) 408-4600
          dsommers@cohenmilstein.com

                    (Continued)


                 Patricia Klepp, RMR
             Federal Official Court Reporter
             6500 Cherrywood Lane, Suite 200
               Greenbelt, Maryland  20770
                    (301) 344-3228


        Produced by Stenographic Computer-Aided Transcription

A P P E A R A N C E S (Cont'd)

ON BEHALF OF THE DEFENDANTS:

    WILMER CUTLER PICKERING HALE AND DORR LLP
    250 Greenwich Street
    New York, New York  10007
    BY:  MICHAEL G. BONGIORNO, ESQUIRE
         (212) 937-7220
         michael.bongiorno@wilmerhale.com

    MILES & STOCKBRIDGE P.C.
    100 Light Street
    Baltimore, Maryland  21202
    BY:  ARIANA K. DeJAN-LENOIR, ESQUIRE
         (410) 385-3468
         adejanlenoir@milesstockbridge.com

    ARNOLD & PORTER KAYE SCHOLER LLP
    250 West 55th Street
    New York, New York  10019
    BY:  AARON F. MINER, ESQUIRE
         (212) 836-8000
         aaron.miner@arnoldporter.com

P R O C E E D I N G S

(Call to order of the Court.)

THE COURTROOM DEPUTY:  All rise.  The United States District Court for the District of Maryland is now in session, the Honorable Deborah L. Boardman presiding.

THE COURT:  Okay.  Good morning, everyone.  Please be seated.  Would you call the case.

THE COURTROOM DEPUTY:  Yes, ma'am.

The matter now pending before this Court is DLB-21-0955, in the matter of Emergent Biosolutions Incorporated Securities Litigation.  We are here today for the purpose of a fairness hearing.

Counsel, please identify yourselves for the record.

MR. SOMMERS:  Good morning, Your Honor.

Daniel Sommers from Cohen Milstein, liaison counsel on behalf of the lead plaintiffs.  With me is Matthew Tuccillo from the Pomerantz firm, the lead counsel, and Mr. Tuccillo will be addressing the pending motions this morning.

THE COURT:  Okay.  Good morning, gentlemen.

MR. TUCCILLO:  Good morning.

MR. BONGIORNO:  Good morning, Your Honor.

Mike Bongiorno for Emergent, from Wilmer Hale.

MS. DeJAN-LENOIR:  Good morning, Your Honor.

Ariana DeJan-Lenoir from Miles & Stockbridge on behalf of Defendant Robert Kramer, Defendant Syed Husain, and

Defendant Emergent.

MR. MINER:  Good morning, Your Honor.

Aaron Miner of Arnold & Porter, also on behalf of Defendant Husain.

THE COURT:  All right.  Good morning.  Everyone's using very low voices.  You need to speak up and speak into a microphone.  Thank you.

Okay.  So we're here today on the unopposed motion of the lead plaintiffs for final approval of class action settlement, certification of the settlement class, and approval of plan of allocation.  That's ECF 190.  We are also here on the lead plaintiffs' unopposed motion for award of attorneys' fees, expenses, and compensatory awards for the lead plaintiffs.  That's ECF 191.

Okay.  I've reviewed those filings, all of the attachments, and the declarations.  I don't know that I need argument, but is there any additional information that I need before I read my ruling into the record, which will be to grant both motions?

MR. TUCCILLO:  Thank you, Your Honor, only --

THE COURT:  Yeah, thank you for moving that closer.  All right.

MR. TUCCILLO:  We left off in our reply papers that we would update the Court if there were any additional claims.  There have been 9 additional claims received between the reply

papers and including yesterday.  Our proposed order already accounts for this.  It's ECF 202-1, paragraph 12.  It says that notwithstanding anything in the preliminary approval order, that there was a bar date of February 4th --

(Court reporter requesting clarification.)

MR. TUCCILLO:  That there was a bar date, a date barring claims received after February 4th.  Paragraph 12 says, Claims received after that will be accepted if they are received no later than February 26th, 2025, which was yesterday.  And so the total is 9.

THE COURT:  Okay.  I will try to remember to add the 9 when I get to the number.  If I forget, please let me know, but --

MR. TUCCILLO:  Sure.

THE COURT:  All right.  Anything else?  Were there any other opt-outs --

MR. TUCCILLO:  No.

THE COURT:  -- other than the 5 that you've identified?

MR. TUCCILLO:  No, Your Honor.  There were zero objections the whole time.  The opt-out number never changed. Of those 5, 2 were legitimate, 3 were illegitimate.  We nevertheless included all 5 as exhibits to the proposed order and recommend they simply be allowed to opt out.

THE COURT:  Okay, thanks.

Bongiorno.  Isn't that good morning --

MR. BONGIORNO:  Good morning.

THE COURT:  -- Mr. Bongiorno?  Good morning.

MR. BONGIORNO:  It's good day, good day.

THE COURT:  Okay, okay.  Right.  I speak only English, but --

MR. BONGIORNO:  Same here, but --

THE COURT:  All right.  So Mr. Bongiorno, from your perspective, is there anything else to add?

MR. BONGIORNO:  No, Your Honor.

THE COURT:  Okay, all right.

From either counsel at table?

MR. BONGIORNO:  No, Your Honor.

MS. DeJAN-LENOIR:  No, Your Honor.

THE COURT:  Okay, thank you.

All right.  I am going to read my -- the reason for granting these motions into the record.  This could take a minute, all right?

Thank you for your patience.

A class complaint was filed on April 19, 2021 by Palm Tran, Incorporated - Amalgamated Transit Union Local 1577 Pension Plan, Individually and on Behalf of Others Similarly Situated against Emergent BioSolutions Incorporated, Robert G. Kramer, Sr., Richard S. Lindahl, and Syed T. Husain.  Nova Scotia Health Employees' Pension Plan and the City of

Fort Lauderdale Police and Firefighters' Retirement System brought the securities class action against Emergent BioSolutions and the three Emergent officers.

Emergent is a biopharmaceutical company that was tasked by the federal government in the early days of the pandemic to develop and manufacture drug substances for COVID-19 vaccines.  The lead plaintiffs on behalf of a class of shareholders who acquired Emergent stock between March 10th, 2020 and November 4th, 2021, asserted violations of Section 10(b) and 20(a) of the Securities and Exchange Act of 1934 and a regulation promulgated thereunder, Rule 10b-5.

Generally, they allege that the defendant defrauded them by misrepresenting Emergent's drug substance manufacturing capabilities at a facility located in Baltimore, Maryland and, after news broke of a contamination incident at the facility, by misrepresenting the magnitude of the contamination and its causes.

The disclosures of the alleged misrepresentations caused the prices of Emergent stock to drop sharply, resulting in shareholder losses.  Six other cases were filed.  The plaintiffs moved to consolidate the cases and appoint lead plaintiffs and lead counsel.  That motion was briefed. Judge Grimm, who previously had the case, granted the motion, and the plaintiffs filed an amended complaint in the consolidated case.

The Private Securities Litigation Reform Act of 1995, PSLRA, automatically imposed a discovery stay.  The defendants filed a motion to dismiss, which the parties briefed, along with the plaintiffs' related motion for judicial notice and the plaintiffs' motion to partially lift the discovery stay.  The case was reassigned to me.  I held a hearing on the discovery motion and the notice motion, after which I denied the plaintiffs' motion to partially lift the discovery stay and granted the plaintiffs' motion for judicial notice.

I held a hearing on the motion to dismiss, and then, in September of 2023, I granted in part and denied in part the motion.  I dismissed some of the Section 10(b) claims and the claims against Mr. Lindahl.

The defendants filed an answer October 2023 and the Court issued a scheduling order in November of that year.  The parties filed stipulations and orders for discovery, confidentiality, and non-waiver of attorney-client privilege and work product, which the Court approved.  Discovery ensued.

In February of 2024, the plaintiffs moved to certify the class and appoint class representatives and class counsel. The Court granted the motion.

Meanwhile, the parties sought and the Court granted three extensions of discovery deadline.  Discovery included review of about 120,000 documents that Emergent and key third parties, like Johnson & Johnson and AstraZeneca, produced.

On September 12th, 2024, the parties signed a settlement agreement.  I have of course reviewed it.  The settlement class fund is $40 million in cash.  That includes $12 million in attorneys' fees, $270,526 in expenses or costs, a class representative incentive award of $37,499.25 to Nova Scotia, and $3,000 to Fort Lauderdale, the two lead plaintiffs.

Under the agreement, the defendants deny liability entirely, but due to the risk and cost of litigation, they have agreed to the settlement.  Per the settlement, all claims will be dismissed with prejudice.

On September 12th, 2024, Plaintiffs filed an unopposed motion for preliminary approval of the class action settlement.  On October 4th of 2024, I entered an order granting preliminary approval of the class action settlement.  I determined that the proposed class could be certified pursuant to Rule 23 for settlement purposes, and I approved the proposed notice to the class.

Notices were sent, a notice of pendency and proposed settlement of class action was published electronically over GlobeNewswire on October 25th, 2024, and as of February 19th, 2025, 130,184 notices were sent using post cards or a handful of email notices to potential class members.

Mr. Tuccillo has identified that -- correctly that no objections have been received to date.  2 valid and 3 invalid

requests for exclusion were received.  All 5 will be honored.
And I will identify the number of claimants later.

Okay.  And then we have the motion for final approval of settlement, the motion for fees, and the exhibits.

Before I go on, did I leave anything important out from the procedural history?

MR. TUCCILLO:  No, Your Honor.

MR. BONGIORNO:  No, Your Honor.

THE COURT:  All right.  I hope you're listening, because I will take breaks to ask if I've missed anything.

All right, thanks.

Let me start with Rule 23(a).  The requirements of that rule are met.  Under Rule 23, the numerosity requirement is met.  Although the exact number of members of the settlement class is unknown, 20.5 million shares were damaged in the settlement class period. More than 130,000 postcard notices were mailed, and 64,000 -- I have 35 claims; perhaps it's now 44 claims if we're adding the 9 were submitted to date.  There is no doubt that numerosity is met in this securities class action. The commonality requirement is also met.

Plaintiffs' claims and the claims of class members allege the same misrepresentations and omissions and raise common questions, including whether the defendants' alleged actions violated the Exchange Act and whether they acted with scienter, whether the settlement class members were damaged by

Defendants' violations, and the proper measure of damages.

Commonality is met.  So is the typicality requirement.

The plaintiffs claim Defendants made misstatements and omissions with scienter, causing artificial inflation of Emergent's stock during the settlement class period, when they purchased or acquired shares, which damaged them when corrective events removed that fraud inflation.  This claim is not only typical of the proposed class but identical.

The adequacy of representation requirement focuses on class counsel's competence and experience, also on whether there are any conflicts of interest between the named parties and the class they represent.  The lawyers have told me there is no conflict.

Let me just confirm for the record.  Is there any conflict between you and any of the class members that you are aware of?

MR. TUCCILLO:  No, Your Honor.

THE COURT:  Okay.

I have read the declarations of Plaintiffs' counsel, Matthew Tuccillo, at ECF 194 and 204; Daniel Sommers, ECF 195; Robert Klausner, ECF 196.  Counsel regularly represents investors in securities litigation and complex securities class actions.  Pomerantz's practice seems to focus exclusively on representing investors.  Counsel have investigated the case, the defendants, the law, and the facts.  The Pomerantz firm has

previously been found to be adequate class counsel and serve as lead counsel in numerous securities litigation cases.

The plaintiffs have no interest antagonistic to the class members. Their interests are identical.  Rule 23(a) requirements have been met.

Have I missed anything from the plaintiffs' perspective with respect to Rule 23(a)?

MR. TUCCILLO:  No, Your Honor.

MR. BONGIORNO:  No, Your Honor.

THE COURT:  Thanks.

MS. DeJAN-LENOIR:  No, Your Honor.

MR. MINER:  No, Your Honor.

THE COURT:  Okay.  Thank you.

All right.  Plaintiffs seek certification of the class under Rule 23(b)(3).

I find that under Rule 23(b)(3), the common questions of law and fact predominate over questions affecting only individual members and that a class action is a superior method for the fair and efficient handling of the claims.  With respect to predominance, it is alleged that the defendants made the same misrepresentations and/or omissions with respect to the plaintiffs and the class members.  The relevant facts, meaning the defendants' allegedly false and misleading statements, materiality, scienter, reliance, and causation are the same. The common questions of fact and law predominate.

And the class action is superior because people with claims may never get relief if they do not choose to pursue their claims individually, and individually, they certainly have less of an incentive to pursue their claims and may not succeed. It's more economic and efficient to resolve thousands of claims through this one.

Predominance and superiority requirements are met.

I will next address under, Rule 30 -- excuse me, 23(c)(2) whether there has been sufficient notice to the class and whether it comports with due process.

First, the Court previously approved the notice and the notice program.  The notice clearly and concisely stated in plain, easily understood language the nature of the action, the definition of the class certified, the class claims and issues, that the class member may enter an appearance through an attorney if they desire, and that the Court will exclude any member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of class judgment on members under Rule 23(c)(3).

Second, the notice given was the best notice that was practicable.  I have reviewed the declaration of Margery Craig attached to the motion for final approval and her supplemental declaration attached to the plaintiffs' reply, ECF Nos. 197 and 205.

Craig is a project manager at Strategic Claims

Services, a class action administration firm.  She identified names and addresses for potential class members, in part by identifying nominees, brokerage firms, banks, institutions, and other third parties who purchased the securities on behalf of the beneficial purchasers and owners, who could then either provide names and addresses to a firm or provide notice to the beneficial purchases owners on behalf of her firm.

Notice was through publication on GlobeNewswire, on October -- started on October 25th, 2024.  Notice of the settlement via postcards was sent to all settlement class members with identifiable addresses and long-form notice available on the settlement web page.  130,184 notices were sent.  4,187 of those sent via postcard were returned undeliverable.  New addresses for 2,222 of those were found and postcards resent.

By the February 4th, 2025 deadline, 64,035 claims had been received.  Between that date and February 19th, 470 untimely claims were received, and since that date, there have been an additional 9 claims, for a total of 64,514 claims. No objections have been received.  2 valid, 3 invalid requests for exclusions have been received.  All 5 will be honored.

Is that the number of claimants?

MR. TUCCILLO:  I can confirm that that number is correct, Your Honor.

THE COURT:  I find that the notices were substantively

sufficient and that notice was effected in the best practicable way and through reasonable efforts.  I also find that the notice complied with due process, it was reasonably calculated under all the circumstances to apprise absent class members of the pendency of the action and afford them an opportunity to present their objections.

I next determined whether under Rule 23(e), the settlement is fair, and reasonable, and adequate.  The factors I consider are in Rule 23(e)(2) and in the Fourth Circuit's decision in Jiffy Lube.  It's In re Jiffy Lube Securities Litigation, 927 F.2nd 155 (4th Cir. 1991).

I will rely on the Jiffy Lube factors, which cover the Rule 23(e)(2) factors, to determine whether the settlement is fair, adequate, and reasonable.

For fairness, the Court considers the posture of the case at the time settlement was proposed, the extent of discovery that had been conducted, the circumstances surrounding the negotiations, and the experience of counsel in the area of class action litigation.

In early 2021, the plaintiffs researched the facts and the law and filed complaints in separate actions.  They then moved to consolidate the cases and appoint lead plaintiffs and lead counsel.  That motion was briefed and granted.  The plaintiffs filed an amended complaint for the consolidated case. The PSLRA automatically imposed a discovery stay.  The

defendants filed a motion to dismiss, which the parties briefed.

I then held a hearing on the motion to dismiss and in September of 2023 granted in part and denied it in part.  An answer was filed, a scheduling order was issued.  Significant discovery ensued.

On February 13th, 2024, almost three years after the complaint was filed, the parties engaged in an all-day, in-person mediation session with Jed Melnick, Esquire, of JAMS. They also participated in a February 22nd, 2024 Zoom session with the mediator.  The parties then participated in more or less weekly telephone negotiations over six months.

After they considered that a projected trial date might not occur for years, the risks of going to trial in a case like this, the risk of recovering nothing, the possibility of an appeal, and losing on appeal, and facing retrial, the increasing fees and costs with additional litigation, Emergent's going concern warnings and competing drains on available insurance, the parties decided to reduce their settlement agreement to writing.

The defendants deny liability.

I find that the settlement agreement was the product of an arm's-length negotiation.

Continuing with the fairness analysis, I now consider experience of counsel in the area of class action litigation. Lead plaintiffs' counsel and defense counsel are experienced in

securities class action litigation.  Counsel have litigated and resolved many other securities class actions around the country and several in this district.

Matthew Tuccillo is a partner at Pomerantz LLP.  He states in his declaration -- I'm quoting from your declaration; this is ECF 194, paragraph 51 -- "Pomerantz is one of the oldest, most experienced, and most qualified plaintiff-side securities litigation firms in the United States, with extensive experience in securities class action litigation and a reputation for achieving significant results.  Pomerantz has been appointed as lead or co-lead counsel in many complex securities class actions and has recovered substantial monies for clients and class members."

And then there's reference to a $3 billion settlement with respect to Petrobras.  More recently, it obtained a $70 million settlement in a class action against Wynn Resorts, and in this district, it obtained a settlement against Novavax. It has prosecuted hundreds of cases to successful resolution in its nearly 90-year history.

Okay.  Daniel Sommers is a partner at Cohen Milstein Sellers & Toll, PLLC, a firm that describes itself as handling groundbreaking cases resulting in landmark decisions involving antitrust, securities, consumer rights, civil rights, and other far-reaching matters.  The firm and its attorneys have been nationally recognized with four decades of experience litigating

against corporate Defendants.

Robert Klausner is a principal of the law firm of Klausner, Kaufman, Jensen & Levinson, a firm that specializes in the representation of retirement and benefit systems, and is experienced in securities litigation and class actions.

Considering all of these factors, I find that the class action settlement agreement is fair.

Let's turn to adequacy.  The Court weighs the settlement amount against the relative strength of the plaintiffs' case on the merits, the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounterer if the case goes to trial, the anticipated duration and expense of additional litigation, the solvency of the defendants, and the likelihood of recovery on a litigated judgment, and the degree of opposition to the settlement. That's from Jiffy Lube, 927 F.2nd at 159.

Here, the settlement amount is $40 million.  In 2023, the median securities fraud class action settlement was significantly lower, at $14 million.

According to the plaintiffs' experts, the settlement amount is between 3.44 and 12.75 percent of class-wide damages, which is high compared to comparable securities class action settlements throughout the United States.

The Court starts with the last factor, to which the Court must give great weight; there were no objections to the

settlement, and that was after sending notice to over 130,000 potential class members.

As for strengths, the plaintiffs survived a motion to dismiss as to Emergent and two of the individual defendants under the heightened pleading standard of the PSLRA.  As for difficulties of proof, lead plaintiffs and lead counsel understand the difficulties in proving falsity and scienter in a case like this.  Indeed, the difficulty in alleging scienter was the basis for the Court's dismissal of the claims against Mr. Lindahl.

As for additional litigation, the defendants reserve their rights to seek dismissal of loss causation and reliance grounds for class members who purchased shares after May 19, 2021 and to seek to decertify the class.

I have already discussed the risks of losing entirely at trial and on appeal, and the cost of additional litigation would be exorbitant.

As for the solvency of Emergent, Emergent has made going concern warnings in its SEC filings since the third quarter of 2022.  There is an ongoing drain of the defendants' available insurance.

Weighing these factors, the Court finds that the $40 million settlement amount is more than adequate, it's above average compensation under circumstances where the plaintiffs stood to recover less, if anything, due to difficulties of proof

and solvency, and no one has objected.

The plaintiffs ask for approval not only of the settlement amount but also the plan of allocation, which is set forth in the long-form notice.  That was posted by Strategic on the settlement web page to which the postcards and publication notice point.  The plan of allocation was developed in consultation with damages experts.  The plan accounts for recognized losses for each purchase or acquisition of Emergent shares during the settlement class period that a claimant listed on the claim form and supported with adequate documentation.

The plan accounts for higher recovery risks for shares purchased between March 10th, 2020 and July 5th, 2020, the early period with respect to which the Court granted the Rule 12(b)(6) motion and which was omitted from the class certification order.  The plan does so by applying a 25 percent discount to the recognized loss arising from those transactions.  The sum of each authorized claimant's recognized losses for all of their purchases or acquisitions of common stock during the settlement class period is the basis for determining their pro rata recovery from the net settlement fund by comparison against the total recognized losses for all authorized claims.

The Court finds that the plan of allocation is fair, and reasonable, and adequate.  It's a fair, and reasonable, and adequate method to equitably allocate the net settlement fund among settlement class members who suffered losses due to the

alleged misconduct.

Ultimately, the Court finds that the settlement, including the plan of allocation, is fair, reasonable, and adequate under Rule 23(e).

Mr. Tuccillo, have I missed anything with respect to 23(e)?

MR. TUCCILLO:  No, Your Honor.

THE COURT:  Mr. Bongiorno?

MR. BONGIORNO:  No, Your Honor.

THE COURT:  Ms. DeJan-Lenoir?

MS. DeJAN-LENOIR:  No, Your Honor.

THE COURT:  Mr. Miner?

MR. MINER:  No, Your Honor.

THE COURT:  Okay.

The settlement agreement provides for dismissal on the merits with prejudice.  I will enter an order finally certifying the settlement class, finding that the class representatives and class counsel have adequately represented the class, approving the settlement agreement, and dismissing the claims with prejudice.

All right.  Let's turn to fees.

Thank you for your continued patience.

The plaintiffs have filed an unopposed motion for attorneys' fees, costs, expenses, and class representative incentive awards.  That's ECF 191.

Let me start with the attorneys' fees.  Counsel are seeking $12 million of the $40 million settlement fund in fees.  That's 30 percent of the fund.  In Whitaker v. Navy Federal Credit Union, 2010 WL 3928616 (D. Md. Oct. 4, 2010), the Court described two methods of awarding fees in a Rule 23(b)(3) class settlement.

First, the Court must determine the best method of calculating attorneys' fees to appropriately compensate class counsel.  There are two primary methods, the lodestar method and the percentage of recovery method.

The lodestar method requires the multiplication of the number of hours worked by a reasonable hourly rate, the product of which this Court can then adjust by employing a multiplier.

The percentage of recovery method involves an award based on a percentage of the class recovery, set by weighing a number of factors by the Court.

I will start with the percentage of recovery method.  The PSLRA, the common fund statute, authorizes using the percentage of recovery method.  The Court considers usually seven factors from Gunter v. Ridgewood Energy Corp., 223 F.3d 190 (3d Cir. 2000) or 12 factors from Johnson v. Georgia Highway Express, Inc., 488 F.2nd 714 (5th Cir. 1974).

And I will list the factors for the record.

The Gunter factors are:  The size of the fund created and the number of persons benefited; the presence or absence of

substantial objections by members of the class to the settlement terms and/or fees requested by counsel; the skill and efficiency of the attorneys involved; the complexity and duration of a litigation; the risk of nonpayment; the amount of time devoted to the case by the plaintiffs' counsel; and awards in similar cases.

The Johnson factors are longer.  They are:  The time and labor required; the novelty and difficulty of the issues; the skill required to perform the legal service adequately; the preclusion of other employment by the attorney because he accepted the case; the customary fee for similar work in the community; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the undesirability of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

I have discussed many of these factors here today.  I will not go through all of them.  Many of them overlap.  The 30 percent fee recovery is comparable to similar cases.

In Hoffman v. First Student 2010 WL 1176641 (D. Md. March 23, 2010), the Court awarded attorneys' fees based on the percentage of recovery method.  There, a common fund was available, and under the terms of the settlement, counsel was permitted to recover one third of the damages award.

Other informative cases include In re Buspirone Patent Antitrust Litigation, it's a Southern District of New York case, in which the Court -- April 11, 2003, in which the Court awarded class counsel in an early settlement one third of the class action settlement of 200 million.

In re Vitamins Antitrust Litigation, 2001 WL 34312839 (D.D.C. July 16, 2001), in which the Court awarded counsel 34.6 percent of a $365 million settlement.  That was early in the case.

Let me continue with a few other examples.

In Re Combustion, Inc., 968 F. Supp. 1116 (W.D. La. 1997).  There, the Court awarded counsel 36 percent of a $127 million settlement.

In Re Cardizem CD Antitrust Litigation (E.D. Mich. Nov. 26, 2002).  The Court awarded counsel 30 percent of a $110 million fund.

Kurzweil v. Philip Morris (S.D. N.Y. Nov. 30, 1999), in which the Court awarded counsel 30 percent of about a $124 million settlement fund.

The examples go on and on.  These are just a handful. In this case, counsel is asking this Court to reward 30 percent of a $40 million settlement fund, for a total of $12 million in fees.  That amount compared to recoveries in similar cases is fair and reasonable.

As for the other Gunter and Johnson factors, they,

too, indicate the fee is fair and reasonable. Counsel worked over 11 thousand hours on this case over the course of almost four years. They briefed several motions, engaged in protracted discovery and half a year of settlement negotiations. To be sure, their hourly rate is much higher than this Court's guidelines, but it's in keeping with fees in other markets. Counsel have considerable experience and showed their abilities throughout this litigation. They have not received any payment yet.

I find that $12 million in attorneys' fees or 30 percent of the recovery is fair and reasonable. If I took the lodestar approach, I would similarly find that the fees are fair and reasonable.

As I just mentioned, counsel's hourly rates exceed the guidelines in Appendix B of this Court's local rules. The highest recommended hourly rate in the guidelines for the most experienced attorney is $475 an hour and for support staff $150 an hour. I think all counsel in this room are charging much more than that.

In any event, I have reviewed the declarations of Plaintiffs' counsel, and I find that the attorneys have extensive class action litigation experience, extensive experience representing investors in these types of cases, and their fees are consistent with the markets in which they are in.

The Pomerantz attorneys worked 10,859.15 hours, which

they would bill at $8,048,431.75.  Their staff worked

189.2 hours, which would be billed at $67,983.

Cohen Milstein attorneys worked 229 hours, which they would bill at 247,963.75.  Their staff worked 41.75 hours, which would be billed at $15,460.

Mr. Klausner worked 45.9 hours, which he would bill at $34,425.

Before calculating fees, counsel wrote off 5 percent of the total time that Pomerantz's partner in charge billed, reduced four other partner-level billing attorneys' rates by about $100 an hour, and wrote off two low-billing attorneys.

The total does not include time preparing the fee application or the time they will spend administering the claims.  The amount that counsel seeks is 1.426 times the lodestar amount.  There are no objections to the $12 million in fees.

In Jones v. Dominion Resource Services, 601 F. Supp. 2d 756 at 766, the Court in the Southern District of West Virginia in 2009 observed, Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate reasonable attorneys' fees.  The Court cited several cases, which I will not repeat here.

Judge Chuang in this Court previously approved fees in conjunction with a class action settlement where the hourly fees exceeded this Court's guidelines and the total fees sought

exceeded the lodestar amount.

In In re 2U, Inc. Securities Class Action, that's Civil Action TDC 19-3455, Pomerantz was lead counsel.  They sought fees of $12,358,000, which was 33.4 percent of the $37 million settlement amount.  The lodestar amount was only 6.8 million.

The amount they sought was slightly more than 1.8 times the lodestar amount.  Counsel argued it was appropriate for the fee award to exceed the lodestar amount in consideration of counsel's delayed payment.  They would receive nothing until the end of protracted litigation and the risk of no payment, the resolution was not reached, or the defendant became insolvent.  Counsel argued that the fees of two to three times the lodestar amount are routinely awarded in the Fourth Circuit.  At a fairness hearing, Judge Chuang found the fees fair and reasonable and granted the requested fees of 33.4 percent of the settlement amount.

Here, the 1.426 multiplier is less than multipliers that Courts in the Fourth Circuit have approved, and the 30 percent of the total settlement fund is consistent with or less than other percentages approved in similar class action litigation.

Cross-checking the fee request against the lodestar amount shows that $12 million in attorneys' fees is fair and reasonable.  I approve the fee application.

Finally, I find that counsel's costs of $278,526 are fair and reasonable and that the compensatory award to the representative plaintiff, Nova Scotia Health Employees' Pension Plan, in the amount of $37,499.25 is reasonable and fair and that the $3,000 compensatory reward to the representative plaintiff, Fort Lauderdale Police and Firefighters Retirement System is fair and reasonable.

Mr. Tuccillo, did I miss anything?

MR. TUCCILLO:  No, Your Honor.

THE COURT:  Mr. Bongiorno?

MR. BONGIORNO:  No, Your Honor.

THE COURT:  Okay.

Ms. DeJan-Lenoir?

MS. DeJAN-LENOIR:  No, Your Honor.

THE COURT:  And Mr. Miner?

MS. DeJAN-LENOIR:  No, Your Honor.

THE COURT:  Okay.

So I just want to make sure that the proposed order that's submitted at ECF 202-1 is -- I've reviewed it, it looks correct with me, it's consistent with my ruling, but I want to make sure that is the one that the parties believe I should enter.  Is that correct?

MR. TUCCILLO:  Yes, Your Honor.

THE COURT:  Okay.  Any modifications to that order?

MR. TUCCILLO:  No, because as I stated previously,

paragraph 12 already accounted for claims coming in through yesterday, so it's already included in the text.

THE COURT:  Okay, all right.  Okay.  I will enter that order.

Is there anything else that I've missed or that we need to discuss today on the record from the plaintiffs' perspective?

MR. TUCCILLO:  Your Honor, I would simply point out that typically, at this stage, the courts often, you know, close the case file.

THE COURT:  Right.

MR. TUCCILLO:  We do have one step left.  That step is a distribution motion.  My current anticipation is probably six months or less, but basically, it's the delta between the moment we're at now and processing all, you know, 65,000 some-odd claims, which involve sometimes a cure process if a claim is, you know, seemingly correct but may be deficient in the paperwork, et cetera.  So at the end of that, we will simply file a distribution motion.  It's really often straightforward, but it is delayed from today.

THE COURT:  Okay.  I did see that, and that is fine, but I would like to put a date for a status; I don't just want to have it hang out there.  So what date do you propose?

MR. TUCCILLO:  I would say, reliably, six months, but we might be able to do it quicker.

THE COURT:  Okay.  Let me just pick a date here.

How about August 29th?  It's a Friday.  That's about six months out.

MR. TUCCILLO:  My only request would be maybe one week later than that, simply because of the start of school, et cetera.

THE COURT:  All right.  September 5th is fine.  I just want --

MR. TUCCILLO:  Thank you.

THE COURT:  -- either the motion filed by then or a status report telling me you need more time to file the motion, okay?

MR. TUCCILLO:  Sure, and if we're ready earlier, should we simply file the motion?

THE COURT:  Absolutely.

MR. TUCCILLO:  Yeah, okay.

THE COURT:  All right.  Okay.

Anything else from the perspective of the defendants, please.

MR. BONGIORNO:  No, Your Honor.

MS. DeJAN-LENOIR:  No, Your Honor.  Thank you.

MR. MINER:  Nothing from us.  Thank you, Your Honor.

THE COURT:  All right.  Thank you all for coming in today and for your excellent work on this case.

Take care.

THE COURTROOM DEPUTY:  All rise.  This Honorable Court now stands adjourned.  Thank you.

(The proceedings were adjourned at 10:59 a.m.)

*       *       *

CERTIFICATE OF OFFICIAL REPORTER

I, Patricia Klepp, Registered Merit Reporter, in and for the United States District Court for the District of Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 3rd day of April, 2025.


_____/s/_____
PATRICIA KLEPP, RMR
Official Court Reporter

MR. BONGIORNO:
[11] 3/21 6/2 6/4 6/7
6/10 6/13 10/8 12/9
21/9 28/11 30/20
MR. MINER: [4] 4/2
12/12 21/13 30/22
MR. SOMMERS: [1]
3/14
MR. TUCCILLO: [22]
3/20 4/20 4/23 5/6
5/14 5/17 5/20 10/7
11/17 12/8 14/23 21/7
28/9 28/23 28/25 29/8
29/12 29/24 30/4 30/9
30/13 30/16
MS. DeJAN-LENOIR:
[7] 3/23 6/14 12/11
21/11 28/14 28/16
30/21
THE COURT: [36]
THE COURTROOM
DEPUTY: [3] 3/3 3/8
31/1

**$**

**$100 [1]** 26/11
**$110 [1]** 24/16
**$110 million [1]** 24/16
**$12 [6]** 9/4 22/2 24/22
25/10 26/15 27/24
**$12 million [5]** 9/4
24/22 25/10 26/15
27/24
**$12 million of [1]** 22/2
**$12,358,000 [1]** 27/4
**$124 [1]** 24/19
**$124 million [1]** 24/19
**$127 [1]** 24/13
**$127 million [1]** 24/13
**$14 [1]** 18/19
**$14 million [1]** 18/19
**$15,460 [1]** 26/5
**$150 [1]** 25/17
**$270,526 [1]** 9/4
**$278,526 [1]** 28/1
**$3 [1]** 17/14
**$3 billion [1]** 17/14
**$3,000 [2]** 9/6 28/5
**$34,425 [1]** 26/7
**$365 [1]** 24/8
**$365 million [1]** 24/8
**$37 [1]** 27/5
**$37 million [1]** 27/5
**$37,499.25 [2]** 9/5
28/4
**$40 [5]** 9/3 18/17
19/23 22/2 24/22
**$40 million [5]** 9/3
18/17 19/23 22/2
24/22
**$475 [1]** 25/17
**$67,983 [1]** 26/2
**$70 [1]** 17/16
**$70 million [1]** 17/16
**$8,048,431.75 [1]** 26/1

**/**

**/s [1]** 32/11

**0**

**0955 [1]** 3/10

**1**

**1.426 [2]** 26/14 27/18
**1.8 times [1]** 27/8
**10 [2]** 7/10 8/12
**10,859.15 hours [1]**
25/25
**100 [1]** 2/7
**10007 [1]** 2/4
**10016 [1]** 1/13
**10019 [1]** 2/11
**10:07 [1]** 1/6
**10:59 [1]** 31/3
**10b-5 [1]** 7/11
**10th [2]** 7/8 20/12
**11 [1]** 24/3
**11 thousand hours [1]**
25/2
**1100 [2]** 1/14 1/16
**1116 [1]** 24/11
**1176641 [1]** 23/21
**12 [5]** 5/2 5/7 20/13
22/21 29/1
**12.75 percent [1]**
18/21
**120,000 [1]** 8/24
**130,000 [2]** 10/16 19/1
**130,184 [2]** 9/22 14/12
**13th [1]** 16/6
**155 [1]** 15/11
**1577 [1]** 6/21
**159 [1]** 18/16
**16 [1]** 24/7
**189.2 hours [1]** 26/2
**19 [3]** 6/20 7/6 19/13
**19-3455 [1]** 27/3
**190 [2]** 4/11 22/21
**191 [2]** 4/14 21/25
**1934 [1]** 7/11
**194 [2]** 11/20 17/6
**195 [1]** 11/20
**196 [1]** 11/21
**197 [1]** 13/23
**1974 [1]** 22/22
**1991 [1]** 15/11
**1995 [1]** 8/1
**1997 [1]** 24/12
**1999 [1]** 24/17
**19th [2]** 9/21 14/17

**2**

**2,222 [1]** 14/14
**20 [1]** 7/10
**20.5 million [1]** 10/15
**200 [1]** 1/24
**200 million [1]** 24/5
**2000 [1]** 22/21
**20005 [1]** 1/17
**2001 [2]** 24/6 24/7
**2002 [1]** 24/15
**2003 [1]** 24/3
**2009 [1]** 26/19

**2010 [4]** 22/4 22/4
23/21 29/22
**202 [2]** 1/17 1/18
**202-1 [2]** 5/2 28/19
**2020 [3]** 7/9 20/12
20/12
**2021 [4]** 6/20 7/9
15/20 19/14
**2022 [1]** 19/20
**2023 [4]** 8/11 8/14
16/3 18/17
**2024 [8]** 8/19 9/1 9/12
9/14 9/21 14/9 16/6
16/9
**2025 [5]** 1/6 5/9 9/22
14/16 32/9
**204 [1]** 11/20
**205 [1]** 13/24
**20770 [1]** 1/24
**212 [3]** 1/14 2/5 2/12
**21202 [1]** 2/7
**223 F.3d 190 [1]** 22/21
**229 hours [1]** 26/3
**22nd [1]** 16/9
**23 [16]** 9/16 10/12
10/13 12/4 12/7 12/15
12/16 13/9 13/19 15/7
15/9 15/13 21/4 21/6
22/5 23/22
**247,963.75 [1]** 26/4
**25 percent [1]** 20/15
**250 [2]** 2/3 2/10
**25th [2]** 9/21 14/9
**26 [1]** 24/15
**26th [1]** 5/9
**27 [1]** 1/6
**28 [1]** 32/4
**29th [1]** 30/2
**2d [1]** 26/18
**2U [1]** 27/2

**3**

**3.44 [1]** 18/21
**30 [2]** 13/8 24/17
**30 percent [7]** 22/3
23/20 24/15 24/18
24/21 25/11 27/20
**301 [1]** 1/25
**3228 [1]** 1/25
**33.4 percent [2]** 27/4
27/17
**34.6 percent [1]** 24/8
**34312839 [1]** 24/6
**344-3228 [1]** 1/25
**3455 [1]** 27/3
**3468 [1]** 2/8
**35 [1]** 10/17
**36 percent [1]** 24/12
**385-3468 [1]** 2/8
**3928616 [1]** 22/4
**3d [1]** 22/21
**3rd [1]** 32/9

**4**

**4,187 [1]** 14/13
**4.5 [1]** 26/20
**408-4600 [2]** 1/17 1/18

**41.75 hours [1]** 26/4
**440 [1] /2/3**
**44 claims [1]** 10/18
**45.9 hours [1]** 26/6
**4600 [2]** 1/17 1/18
**470 untimely [1]**
14/18
**488 [1]** 22/22
**4th [5]** 5/4 5/7 7/9 9/14
14/16
**4th Cir [1]** 15/11

**5**

**5 percent [1]** 26/8
**51 [1]** 17/6
**55th [1]** 2/10
**5th [3]** 20/12 22/22
30/7

**6**

**6.8 million [1]** 27/6
**600 [1]** 1/13
**601 [1]** 26/17
**64,000 [1]** 10/17
**64,035 [1]** 14/16
**64,514 [1]** 14/19
**65,000 [1]** 29/15
**6500 [1]** 1/24
**661-1100 [1]** 1/14

**7**

**714 [1]** 22/22
**7220 [1]** 2/5
**753 [1]** 32/4
**756 [1]** 26/18
**766 [1]** 26/18

**8**

**800 [1]** 1/16
**8000 [1]** 2/12
**836-8000 [1]** 2/12
**8:21-cv-00955-DLB [1]**
1/3

**9**

**90-year [1]** 17/19
**927 [2]** 15/11 18/16
**937-7220 [1]** 2/5
**968 [1]** 24/11

**A**

**a.m [2]** 1/6 31/3
**AARON [2]** 2/11 4/3
**Aaron Miner [1]** 4/3
**aaron.miner [1]** 2/12
**abilities [1]** 25/7
**ability [1]** 23/15
**able [1]** 29/25
**about [5]** 8/24 24/18
26/11 30/2 30/2
**above [2]** 19/23 32/6
**above-entitled [1]**
32/6
**absence [1]** 22/25
**absent [1]** 15/4
**Absolutely [1]** 30/15
**accepted [2]** 5/8
23/11

**According [1]** 18/20
**accounted [1]** 29/1
**accounts [3]** 5/2 20/7
20/11
**achieving [1]** 17/10
**acquired [2]** 7/8 11/6
**acquisition [1]** 20/8
**acquisitions [1]** 20/18
**Act [3]** 7/10 8/1 10/24
**acted [1]** 10/24
**action [25]** 4/9 7/2
9/13 9/15 9/20 10/20
12/18 13/1 13/13 14/1
15/5 15/19 16/24 17/1
17/9 17/16 18/7 18/18
18/22 24/5 25/22
26/24 27/2 27/3 27/21
**actions [6]** 10/24
11/23 15/21 17/2
17/12 18/5
**add [2]** 5/11 6/9
**adding [1]** 10/18
**additional [8]** 4/17
4/24 4/25 14/19 16/16
18/13 19/11 19/16
**address [1]** 13/8
**addresses [4]** 14/2
14/6 14/11 14/14
**addressing [1]** 3/18
**adejanlenoir [1]** 2/9
**adequacy [2]** 11/9
18/8
**adequate [8]** 12/1
15/8 15/14 19/23
20/10 20/23 20/24
21/4
**adequately [2]** 21/18
23/9
**adjourned [2]** 31/2
31/3
**adjust [1]** 22/13
**administering [1]**
26/13
**administration [1]**
14/1
**affecting [1]** 12/17
**afford [1]** 15/5
**after [8]** 5/7 5/8 7/15
8/7 16/6 16/12 19/1
19/13
**against [10]** 6/23 7/2
8/13 17/16 17/17 18/1
18/9 19/9 20/20 27/23
**agreed [1]** 9/10
**agreement [7]** 9/2 9/8
16/18 16/21 18/7
21/15 21/19
**all [32]** 3/3 4/5 4/15
4/22 5/15 5/23 6/8
6/11 6/16 6/18 9/10
10/1 10/9 10/11 12/14
14/10 14/21 15/4 16/7
18/6 20/17 20/21
21/21 23/19 25/18
29/3 29/15 30/7 30/17
30/23 30/23 31/1
**all right [6]** 6/16 6/18

Case 8:21-cv-00955-DLB   Document 215   Filed 05/02/25   Page 34 of 40

## A

**all right [4]** 18/11 21/21 30/7 30/23
**all-day [1]** 16/7
**allege [2]** 7/12 10/22
**alleged [4]** 7/18 10/23 12/20 21/1
**allegedly [1]** 12/23
**alleging [1]** 19/8
**allocate [1]** 20/24
**allocation [5]** 4/11 20/3 20/6 20/22 21/3
**allowed [1]** 5/24
**almost [2]** 16/6 25/2
**along [1]** 8/3
**already [4]** 5/1 19/15 29/1 29/2
**also [7]** 4/3 4/11 10/20 11/10 15/2 16/9 20/3
**Although [1]** 10/14
**am [1]** 6/16
**Amalgamated [1]** 6/21
**amended [2]** 7/24 15/24
**among [1]** 20/25
**amount [20]** 18/9 18/17 18/21 19/23 20/3 23/4 23/14 24/23 26/14 26/15 27/1 27/5 27/5 27/7 27/8 27/9 27/14 27/17 27/24 28/4
**analysis [1]** 16/23
**answer [2]** 8/14 16/4
**antagonistic [1]** 12/3
**anticipated [1]** 18/12
**anticipation [1]** 29/13
**antitrust [4]** 17/23 24/2 24/6 24/14
**any [11]** 4/17 4/24 5/15 11/11 11/14 11/15 13/16 18/10 25/8 25/20 28/24
**anything [11]** 5/3 5/15 6/9 10/5 10/10 12/6 19/25 21/5 28/8 29/5 30/18
**appeal [3]** 16/15 16/15 19/16
**appearance [1]** 13/15
**Appendix [1]** 25/15
**application [2]** 26/13 27/25
**applying [1]** 20/15
**appoint [3]** 7/21 8/20 15/22
**appointed [1]** 17/11
**apprise [1]** 15/4
**approach [1]** 25/12
**appropriate [1]** 27/9
**appropriately [1]** 22/8
**approval [8]** 4/9 4/10 5/3 9/13 9/15 10/3 13/22 20/2
**approve [1]** 27/25
**approved [6]** 8/18 9/17 13/11 26/23

27/19 27/21
**approving [1]** 21/18
**April [3]** 6/20 24/3 32/9
**April 11 [1]** 24/3
**April 19 [1]** 6/20
**are [25]** 3/11 4/11 5/8 10/13 11/11 11/15 12/4 12/24 13/7 15/9 16/25 18/11 22/1 22/9 22/24 23/7 23/7 24/20 25/12 25/18 25/24 25/24 26/15 27/14 28/1
**area [2]** 15/18 16/24
**argued [2]** 27/8 27/13
**argument [1]** 4/17
**ARIANA [2]** 2/8 3/24
**arising [1]** 20/16
**arm's [1]** 16/22
**arm's-length [1]** 16/22
**ARNOLD [2]** 2/10 4/3
**arnoldporter.com [1]** 2/12
**around [1]** 17/2
**artificial [1]** 11/4
**as [13]** 5/23 9/21 12/1 17/11 17/21 19/3 19/4 19/5 19/11 19/18 24/25 25/14 28/25
**ask [2]** 10/10 20/2
**asking [1]** 24/21
**asserted [1]** 7/9
**AstraZeneca [1]** 8/25
**attached [2]** 13/22 13/23
**attachments [1]** 4/16
**attorney [4]** 8/17 13/16 23/10 25/17
**attorney-client [1]** 8/17
**attorneys [7]** 17/24 23/3 23/15 25/21 25/25 26/3 26/11
**attorneys' [10]** 4/12 9/4 21/24 22/1 22/8 23/22 25/10 26/10 26/21 27/24
**August [1]** 30/2
**August 29th [1]** 30/2
**authorized [2]** 20/17 20/21
**authorizes [1]** 22/18
**automatically [2]** 8/2 15/25
**available [4]** 14/12 16/17 19/21 23/24
**Avenue [2]** 1/13 1/16
**average [1]** 19/24
**award [6]** 4/12 9/5 22/14 23/25 27/9 28/2
**awarded [7]** 23/22 24/3 24/7 24/12 24/15 24/18 27/14
**awarding [1]** 22/5
**awards [4]** 4/13 21/25

23/5 23/17
**aware [1]** 11/16

## B

**Baltimore [2]** 2/7 7/14
**banks [1]** 14/3
**bar [2]** 5/4 5/6
**barring [1]** 5/7
**based [2]** 22/15 23/22
**basically [1]** 29/14
**basis [2]** 19/9 20/19
**be [17]** 3/6 3/17 4/18 5/8 5/24 9/11 9/16 10/1 12/1 14/21 19/17 25/4 26/2 26/5 29/17 29/25 30/4
**became [1]** 27/13
**because [5]** 10/10 13/1 23/10 28/25 30/5
**been [12]** 4/25 9/25 12/1 12/5 13/9 14/17 14/19 14/20 14/21 15/17 17/11 17/24
**before [5]** 1/8 3/9 4/18 10/5 26/8
**behalf [9]** 1/11 2/2 3/16 3/24 4/3 6/22 7/7 14/4 14/7
**believe [1]** 28/21
**beneficial [2]** 14/5 14/7
**benefit [1]** 18/4
**benefited [1]** 22/25
**best [3]** 13/20 15/1 22/7
**between [9]** 4/25 7/8 11/11 11/15 14/17 18/21 20/12 26/20 29/14
**bill [3]** 26/1 26/4 26/6
**billed [3]** 26/2 26/5 26/9
**billing [2]** 26/10 26/11
**billion [1]** 17/14
**binding [1]** 13/18
**biopharmaceutical [1]** 7/4
**BIOSOLUTIONS [4]** 1/3 3/10 6/23 7/3
**BOARDMAN [2]** 1/8 3/5
**BONGIORNO [7]** 2/4 3/22 6/1 6/3 6/8 21/8 28/10
**both [1]** 4/19
**breaks [1]** 10/10
**briefed [5]** 7/22 8/3 15/23 16/1 25/3
**broke [1]** 7/15
**brokerage [1]** 14/3
**brought [1]** 7/2
**Buspirone [1]** 24/1

## C

**calculated [1]** 15/3
**calculating [2]** 22/8 26/8

**call [2]** 3/2 3/7
**came [2]** 24/23 29/13
**capabilities [1]** 7/14
**Cardizem [1]** 24/14
**cards [1]** 9/22
**care [1]** 30/25
**case [21]** 1/3 3/7 7/23 7/25 8/6 11/24 15/16 15/24 16/13 18/10 18/12 19/8 23/5 23/11 23/16 24/2 24/9 24/21 25/2 29/10 30/24
**cases [13]** 7/20 7/21 12/2 15/22 17/18 17/22 23/6 23/17 23/20 24/1 24/23 25/23 26/21
**cash [1]** 9/3
**causation [2]** 12/24 19/12
**caused [1]** 7/19
**causes [1]** 7/17
**causing [1]** 11/4
**CD [1]** 24/14
**certainly [1]** 13/3
**CERTIFICATE [1]** 31/5
**certification [3]** 4/10 12/14 20/14
**certified [2]** 9/16 13/14
**certify [2]** 8/19 32/4
**certifying [1]** 21/16
**cetera [2]** 29/18 30/6
**changed [1]** 5/21
**charge [1]** 26/9
**charging [1]** 25/18
**checking [1]** 27/23
**Cherrywood [1]** 1/24
**choose [1]** 13/2
**Chuang [2]** 26/23 27/15
**Cir [3]** 15/11 22/21 22/22
**Circuit [2]** 27/15 27/19
**Circuit's [1]** 15/9
**circumstances [4]** 15/4 15/17 19/24 23/13
**cited [1]** 26/21
**City [1]** 6/25
**civil [2]** 17/23 27/3
**claim [4]** 11/3 11/7 20/10 29/17
**claimant [1]** 20/9
**claimant's [1]** 20/17
**claimants [2]** 10/2 14/22
**claims [28]** 4/24 4/25 5/7 5/8 8/12 8/13 9/10 10/17 10/18 10/21 10/21 12/19 13/2 13/3 13/4 13/5 13/14 13/25 14/16 14/18 14/19 14/19 19/9 20/21 21/19 26/14 29/1 29/16

**clarification [1]** 5/5
**class [47]**
**class action [15]** 4/9 14/1 15/19 16/24 17/1 17/9 17/16 18/7 18/18 18/22 24/5 25/22 26/24 27/2 27/21
**class actions [2]** 17/12 18/5
**class members [9]** 9/23 10/21 10/25 11/15 12/22 14/2 14/11 15/4 20/25
**class-wide [1]** 18/21
**clearly [1]** 13/12
**client [3]** 8/17 23/13 23/17
**clients [1]** 17/13
**close [1]** 29/9
**closer [1]** 4/21
**co [1]** 17/11
**co-lead [1]** 17/11
**COHEN [4]** 1/16 3/15 17/20 26/3
**Cohen Milstein [1]** 3/15
**cohenmilstein.com [1]** 1/19
**Combustion [1]** 24/11
**coming [2]** 29/1 30/23
**common [6]** 10/23 12/16 12/25 20/18 22/18 23/23
**commonality [2]** 10/20 11/2
**community [1]** 23/12
**company [1]** 7/4
**comparable [2]** 18/22 23/20
**compared [2]** 18/22 24/23
**comparison [1]** 20/20
**compensate [1]** 22/8
**compensation [1]** 19/24
**compensatory [3]** 4/13 28/2 28/5
**competence [1]** 11/10
**competing [1]** 16/17
**complaint [4]** 6/20 7/24 15/24 16/7
**complaints [1]** 15/21
**complex [2]** 11/22 17/11
**complexity [1]** 23/3
**complied [1]** 15/3
**comports [1]** 13/10
**concern [2]** 16/17 19/19
**concisely [1]** 13/12
**conducted [1]** 15/17
**Conference [1]** 32/8
**confidentiality [1]** 8/17
**confirm [2]** 11/14 14/23
**conflict [2]** 11/13

**C**

conflict... [1] 8/ 4/15

conflicts [1] 11/11

conformance [1] 32/7

conjunction [1] 26/24

consider [2] 15/9 16/23

considerable [1] 25/7

consideration [1] 27/10

considered [1] 16/12

Considering [1] 18/6

considers [2] 15/15 22/19

consistent [3] 25/24 27/20 28/20

consolidate [2] 7/21 15/22

consolidated [2] 7/25 15/24

consultation [1] 20/7

consumer [1] 17/23

Cont'd [1] 2/1

contamination [2] 7/15 7/16

contingent [1] 23/12

continue [1] 24/10

continued [2] 1/20 21/22

Continuing [1] 16/23

Corp [1] 22/20

corporate [1] 18/1

correct [5] 14/24 28/20 28/22 29/17 32/5

corrective [1] 11/6

correctly [1] 9/24

cost [2] 9/9 19/16

costs [4] 9/4 16/16 21/24 28/1

could [3] 6/17 9/16 14/5

counsel [40]

counsel's [4] 11/10 25/14 27/10 28/1

country [1] 17/2

course [2] 9/2 25/2

COURT [40]

Court's [4] 19/9 25/5 25/15 26/25

courts [3] 26/19 27/19 29/9

cover [1] 15/12

COVID [1] 7/6

COVID-19 [1] 7/6

Craig [2] 13/21 13/25

created [1] 22/24

Credit [1] 22/4

Cross [1] 27/23

Cross-checking [1] 27/23

cure [1] 29/16

current [1] 29/13

customary [1] 23/11

CUTLER [1] 2/3

cv [1] 1/3

**D**

D.C [1] 1/17

D.D.C [1] 24/7

damaged [3] 10/15 10/25 11/6

damages [4] 11/1 18/21 20/7 23/25

DANIEL [4] 1/18 3/15 11/20 17/20

Daniel Sommers [1] 3/15

date [11] 5/4 5/6 5/6 9/25 10/18 14/17 14/18 16/12 29/22 29/23 30/1

Dated [1] 32/9

day [4] 6/4 6/4 16/7 32/9

days [1] 7/5

deadline [2] 8/23 14/16

DEBORAH [2] 1/8 3/5

decades [1] 17/25

decertify [1] 19/14

decided [1] 16/18

decision [1] 15/10

decisions [1] 17/22

declaration [4] 13/21 13/23 17/5 17/5

declarations [3] 4/16 11/19 25/20

defendant [6] 3/25 3/25 4/1 4/4 7/12 27/12

Defendant Emergent [1] 4/1

defendants [14] 2/2 8/2 8/14 9/8 11/3 11/25 12/20 16/1 16/20 18/1 18/14 19/4 19/11 30/18

defendants' [4] 10/23 11/1 12/23 19/20

defense [1] 16/25

defenses [1] 18/11

deficient [1] 29/17

definition [1] 13/14

defrauded [1] 7/12

degree [1] 18/15

DeJAN [4] 2/8 3/24 21/10 28/13

DeJAN-LENOIR [2] 2/8 3/24

delayed [2] 27/10 29/20

delta [1] 29/14

demonstrate [1] 26/20

denied [3] 8/7 8/11 16/3

deny [2] 9/8 16/20

described [1] 22/5

describes [1] 17/21

desire [1] 13/16

determine [2] 15/13 22/7

determined [2] 9/15

**D... cont.**

determining [1] 20/19

develop [1] 7/6

developed [1] 20/6

devoted [1] 23/4

did [3] 10/5 28/8 29/21

difficulties [4] 18/11 19/6 19/7 19/25

difficulty [2] 19/8 23/8

disclosures [1] 7/18

discount [1] 20/15

discovery [12] 8/2 8/5 8/6 8/8 8/16 8/18 8/23 8/23 15/17 15/25 16/5 25/4

discuss [1] 29/6

discussed [2] 19/15 23/18

dismiss [5] 8/3 8/10 16/1 16/2 19/4

dismissal [3] 19/9 19/12 21/15

dismissed [2] 8/12 9/11

dismissing [1] 21/19

distribution [2] 29/13 29/19

district [11] 1/1 1/1 1/9 3/4 3/4 17/3 17/17 24/2 26/18 32/3 32/3

DIVISION [1] 1/2

DLB [2] 1/3 3/10

DLB-21-0955 [1] 3/10

do [5] 13/2 29/12 29/23 29/25 32/4

documentation [1] 20/10

documents [1] 8/24

does [2] 20/15 26/12

Dominion [1] 26/17

don't [2] 4/16 29/22

DORR [1] 2/3

doubt [1] 10/19

drain [1] 19/20

drains [1] 16/17

drop [1] 7/19

drug [2] 7/6 7/13

dsommers [1] 1/19

due [5] 9/9 13/10 15/3 19/25 20/25

due process [2] 13/10 15/3

duration [2] 18/13 23/3

during [3] 11/5 20/9 20/18

**E**

E.D [1] 24/14

each [2] 20/8 20/17

earlier [1] 30/13

early [5] 7/5 15/20 20/12 24/4 24/8

easily [1] 13/13

ECF [10] 4/11 4/14 5/2 11/20 11/20 11/21 13/23 17/6 21/25

**E... cont.**

28/19

ECF Nos [1] 13/23

economic [1] 13/5

effect [1] 13/18

effected [1] 15/1

efficiency [1] 23/2

efficient [2] 12/19 13/5

efforts [1] 15/2

either [3] 6/12 14/5 30/10

electronically [1] 9/20

else [4] 5/15 6/9 29/5 30/18

email [1] 9/23

EMERGENT [15] 1/3 3/10 3/22 4/1 6/23 7/2 7/3 7/4 7/8 7/19 8/24 19/4 19/18 19/18 20/8

Emergent's [3] 7/13 11/5 16/16

Employees' [2] 6/25 28/3

employing [1] 22/13

employment [1] 23/10

encounterer [1] 18/12

end [2] 27/11 29/18

Energy [1] 22/20

engaged [2] 16/7 25/3

English [1] 6/5

ensued [2] 8/18 16/5

enter [4] 13/15 21/16 28/22 29/3

entered [1] 9/14

entirely [2] 9/9 19/15

entitled [1] 32/6

equitably [1] 20/24

ESQUIRE [6] 1/14 1/18 2/4 2/8 2/11 16/8

et [2] 29/18 30/6

et cetera [2] 29/18 30/6

event [1] 25/20

events [1] 11/7

everyone [1] 3/6

Everyone's [1] 4/5

exact [1] 10/14

examples [2] 24/10 24/20

exceed [2] 25/14 27/9

exceeded [2] 26/25 27/1

excellent [1] 30/24

Exchange [2] 7/10 10/24

exclude [1] 13/16

exclusion [3] 10/1 13/17 13/18

exclusions [1] 14/21

exclusively [1] 11/23

excuse [1] 13/8

exhibits [2] 5/23 10/4

existence [1] 18/10

exorbitant [1] 19/17

expense [1] 18/13

expenses [3] 4/13 9/4 21/24

**E... cont.**

experience [9] 11/10 15/18 16/24 17/9 17/25 23/14 25/7 25/22 25/23

experienced [4] 16/25 17/7 18/5 25/17

experts [2] 18/20 20/7

Express [1] 22/22

extensions [1] 8/23

extensive [3] 17/8 25/22 25/22

extent [1] 15/16

**F**

F. [1] 24/11

F. Supp [1] 24/11

F.2nd [3] 15/11 18/16 22/22

F.3d [1] 22/21

facility [2] 7/14 7/15

facing [1] 16/15

fact [2] 12/17 12/25

factor [1] 18/24

factors [13] 15/8 15/12 15/13 18/6 19/22 22/16 22/20 22/21 22/23 22/24 23/7 23/18 24/25

facts [3] 11/25 12/22 15/20

fair [16] 12/19 15/8 15/14 18/7 20/22 20/23 21/3 24/24 25/1 25/11 25/13 27/16 27/24 28/2 28/4 28/7

fairness [5] 1/8 3/12 15/15 16/23 27/15

falling [1] 26/20

false [1] 12/23

falsity [1] 19/7

far [1] 17/24

far-reaching [1] 17/24

February [10] 1/6 5/4 5/7 5/9 8/19 9/21 14/16 14/17 16/6 16/9

February 13th [1] 16/6

February 19th [2] 9/21 14/17

February 22nd [1] 16/9

February 26th [1] 5/9

February 4th [2] 5/7 14/16

federal [3] 1/23 7/5 22/3

fee [8] 23/11 23/12 23/20 25/1 26/12 27/9 27/23 27/25

fees [28] 4/12 9/4 10/4 16/16 21/21 21/24 22/1 22/2 22/5 22/8 23/2 23/22 24/23 25/6 25/10 25/12 25/24 26/8 26/16 26/21 26/23 26/24 26/25 27/4 27/13 27/16

**F**

fees... [2] 27/13 27/14
few [1] 24/10
file [4] 29/10 29/19 30/11 30/14
filed [14] 6/20 7/20 7/24 8/3 8/14 8/16 9/12 15/21 15/24 16/1 16/4 16/7 21/23 30/10
filings [2] 4/15 19/19
final [3] 4/9 10/3 13/22
finally [2] 21/16 28/1
find [9] 12/16 14/25 15/2 16/21 18/6 25/10 25/12 25/21 28/1
finding [1] 21/17
finds [3] 19/22 20/22 21/2
fine [2] 29/21 30/7
Firefighters [1] 28/6
Firefighters' [1] 7/1
firm [9] 3/17 11/25 14/1 14/6 14/7 17/21 17/24 18/2 18/3
firms [2] 14/3 17/8
First [3] 13/11 22/7 23/21
fixed [1] 23/12
focus [1] 11/23
focuses [1] 11/9
foregoing [1] 32/5
forget [1] 5/12
form [3] 14/11 20/4 20/10
format [1] 32/7
Fort [3] 7/1 9/6 28/6
Fort Lauderdale [3] 7/1 9/6 28/6
forth [1] 20/4
found [3] 12/1 14/14 27/15
four [3] 17/25 25/3 26/10
four decades [1] 17/25
four years [1] 25/3
Fourth [3] 15/9 27/15 27/19
Fourth Circuit [2] 27/15 27/19
Fourth Circuit's [1] 15/9
fraud [2] 11/7 18/18
Friday [1] 30/2
fund [12] 9/3 20/20 20/24 22/2 22/3 22/18 22/24 23/23 24/16 24/19 24/22 27/20

**G**

G. [1] 6/24
generally [2] 7/12 26/19
gentlemen [1] 3/19
Georgia [1] 22/22
get [2] 5/12 13/2
give [1] 18/25

given [1] 13/20
GlobeNewswire [2] 9/21 14/8
go [3] 10/5 23/19 24/20
goes [1] 18/12
going [4] 6/16 16/13 16/16 19/19
good [13] 3/6 3/14 3/19 3/20 3/21 3/23 4/2 4/5 6/1 6/2 6/3 6/4 6/4
government [1] 7/5
grant [1] 4/18
granted [9] 7/23 8/9 8/11 8/21 8/22 15/23 16/3 20/13 27/16
granting [2] 6/17 9/14
great [1] 18/25
Greenbelt [2] 1/5 1/24
Greenwich [1] 2/3
Grimm [1] 7/23
groundbreaking [1] 17/22
grounds [1] 19/13
guidelines [4] 25/6 25/15 25/16 26/25
Gunter [3] 22/20 22/24 24/25

**H**

had [3] 7/23 14/16 15/17
HALE [2] 2/3 3/22
half [1] 25/4
handful [2] 9/22 24/20
handling [2] 12/19 17/21
hang [1] 29/23
has [8] 9/24 11/25 13/9 17/10 17/12 17/18 19/18 20/1
have [32] 4/25 9/2 9/9 9/25 10/3 10/17 11/12 11/19 11/24 12/3 12/5 12/6 13/3 13/21 14/19 14/20 14/21 17/1 17/24 19/15 21/5 21/18 21/23 23/18 25/7 25/8 25/20 25/21 26/19 27/19 29/12 29/23
he [3] 17/4 23/10 26/6
Health [2] 6/25 28/3
hearing [6] 1/8 3/12 8/6 8/10 16/2 27/15
heightened [1] 19/5
held [5] 8/6 8/10 16/2 26/19 32/6
her [2] 13/22 14/7
here [9] 3/11 4/8 4/11 6/7 18/17 23/18 26/22 27/18 30/1
hereby [1] 32/4
high [1] 18/22
higher [2] 20/11 25/5
highest [1] 25/16

Highway [1] 22/22
his [1] 27/5
history [2] 10/6 17/19
Hoffman [1] 23/21
Honor [30] 3/14 3/21 3/23 4/2 4/20 5/20 6/10 6/13 6/14 10/7 10/8 11/17 12/8 12/9 12/11 12/12 14/24 21/7 21/9 21/11 21/13 28/9 28/11 28/14 28/16 28/23 29/8 30/20 30/21 30/22
HONORABLE [3] 1/8 3/5 31/1
honored [2] 10/1 14/21
hope [1] 10/9
hour [3] 25/17 25/18 26/11
hourly [5] 22/12 25/5 25/14 25/16 26/24
hours [7] 22/12 25/2 25/25 26/2 26/3 26/4 26/6
How [1] 30/2
hundreds [1] 17/18
Husain [3] 3/25 4/4 6/24

**I**

I'm [1] 17/5
I've [4] 4/15 10/10 28/19 29/5
identical [2] 11/8 12/4
identifiable [1] 14/11
identified [3] 5/19 9/24 14/1
identify [2] 3/13 10/2
identifying [1] 14/3
illegitimate [1] 5/22
important [1] 10/5
imposed [3] 8/2 15/25 23/13
INC [4] 1/3 22/22 24/11 27/2
incentive [3] 9/5 13/4 21/25
incident [1] 7/15
include [2] 24/1 26/12
included [3] 5/23 8/23 29/2
includes [1] 9/3
including [3] 5/1 10/23 21/3
Incorporated [3] 3/10 6/21 6/23
increasing [1] 16/15
Indeed [1] 19/8
indicate [1] 25/1
individual [2] 12/18 19/4
individually [3] 6/22 13/3 13/3
inflation [2] 11/4 11/7
information [1] 4/17
informative [1] 24/1

insolvent [1] 27/13
institutions [1] 14/3
insurance [2] 16/17 19/21
interest [2] 11/11 12/3
interests [1] 12/4
invalid [2] 9/25 14/20
investigated [1] 11/24
investors [3] 11/22 11/24 25/23
involve [1] 29/16
involved [2] 23/3 23/14
involves [1] 22/14
involving [1] 17/22
is [68]
Isn't [1] 6/1
issued [2] 8/15 16/4
issues [2] 13/14 23/8
it [15] 5/2 9/2 12/20 13/10 15/3 16/3 17/15 17/17 17/18 27/8 28/19 28/19 29/20 29/23 29/25
it's [14] 5/2 6/4 10/17 13/5 15/10 19/23 20/23 24/2 25/6 28/20 29/2 29/14 29/19 30/2
its [4] 7/16 17/19 17/24 19/19
itself [1] 17/21

**J**

JAMS [1] 16/8
Jed [1] 16/8
Jensen [1] 18/3
Jiffy [4] 15/10 15/10 15/12 18/16
Jiffy Lube [4] 15/10 15/10 15/12 18/16
Johnson [5] 8/25 8/25 22/21 23/7 24/25
Jones [1] 26/17
Judge [4] 1/9 7/23 26/23 27/15
Judge Chuang [1] 27/15
Judge Grimm [1] 7/23
judgment [2] 13/18 18/15
judicial [3] 8/4 8/9 32/8
July [2] 20/12 24/7
July 16 [1] 24/7
July 5th [1] 20/12
just [7] 11/14 24/20 25/14 28/18 29/22 30/1 30/7

**K**

Kaufman [1] 18/3
KAYE [1] 2/10
keeping [1] 25/6
key [1] 8/24
Klausner [4] 11/21 18/2 18/3 26/6
Klepp [3] 1/23 32/2

32/12
know [5] 4/16 5/12 29/9 29/15 29/17
Kramer [2] 3/25 6/24
Kurzweil [1] 24/17

**L**

l2th [2] 9/1 9/12
La [1] 24/11
labor [1] 23/8
landmark [1] 17/22
Lane [1] 1/24
language [1] 13/13
last [1] 18/24
later [3] 5/9 10/2 30/5
Lauderdale [3] 7/1 9/6 28/6
law [5] 11/25 12/17 12/25 15/21 18/2
law firm [1] 18/2
lawyers [1] 11/12
lead [18] 3/16 3/17 4/9 4/12 4/13 7/7 7/21 7/22 9/6 12/2 15/22 15/23 16/25 17/11 17/11 19/6 19/6 27/3
leave [1] 10/5
left [2] 4/23 29/12
legal [1] 23/9
legitimate [1] 5/22
length [2] 16/22 23/16
LENOIR [4] 2/8 3/24 21/10 28/13
less [6] 13/4 16/11 19/25 27/18 27/21 29/14
let [6] 5/12 10/12 11/14 22/1 24/10 30/1
Let's [2] 18/8 21/21
level [1] 26/10
Levinson [1] 18/3
liability [2] 9/8 16/20
liaison [1] 3/15
lift [2] 8/5 8/8
Light [1] 2/7
like [4] 8/25 16/14 19/8 29/22
likelihood [1] 18/14
likely [1] 18/12
limitations [1] 23/13
Lindahl [3] 6/24 8/13 19/10
list [1] 22/23
listed [1] 20/9
listening [1] 10/9
litigated [2] 17/1 18/14
litigating [1] 17/25
litigation [25] 1/4 3/11 8/1 9/9 11/22 12/2 15/11 15/19 16/16 16/24 17/1 17/8 17/9 18/5 18/13 19/11 19/16 23/4 24/2 24/6 24/14 25/8 25/22 27/11 27/22
LLP [4] 1/12 2/3 2/10

**L**

**LLP...** [1] 6/4

**local** [2] 6/21 25/15
**Local 1577** [1] 6/21
**located** [1] 7/14
**lodestar** [11] 22/9 22/11 25/12 26/15 26/20 27/1 27/5 27/8 27/9 27/14 27/23
**long** [2] 14/11 20/4
**long-form** [2] 14/11 20/4
**longer** [1] 23/7
**looks** [1] 28/19
**losing** [2] 16/15 19/15
**loss** [2] 19/12 20/16
**losses** [5] 7/20 20/8 20/17 20/21 20/25
**low** [2] 4/6 26/11
**low-billing** [1] 26/11
**lower** [1] 18/19
**Lube** [4] 15/10 15/10 15/12 18/16

**M**

**ma'am** [1] 3/8
**made** [3] 11/3 12/20 19/18
**magnitude** [1] 7/16
**mailed** [1] 10/17
**make** [2] 28/18 28/21
**manager** [1] 13/25
**manner** [1] 13/17
**manufacture** [1] 7/6
**manufacturing** [1] 7/13
**many** [4] 17/2 17/11 23/18 23/19
**March** [3] 7/8 20/12 23/22
**March 10th** [2] 7/8 20/12
**March 23** [1] 23/22
**Margery** [1] 13/21
**markets** [2] 25/6 25/24
**MARYLAND** [7] 1/1 1/5 1/24 2/7 3/4 7/14 32/3
**materiality** [1] 12/24
**matter** [3] 3/9 3/10 32/7
**matters** [1] 17/24
**MATTHEW** [4] 1/14 3/16 11/20 17/4
**Matthew Tuccillo** [3] 3/16 11/20 17/4
**may** [5] 13/2 13/4 13/15 19/13 29/17
**May 19** [1] 19/13
**maybe** [1] 30/4
**Md** [2] 22/4 23/21
**me** [12] 3/16 5/12 8/6 10/12 11/12 11/14 13/8 22/1 24/10 28/20 30/1 30/11
**meaning** [1] 12/22

**Meanwhile** [1] 8/22
**measure** [1] 11/1
**median** [1] 18/18
**mediation** [1] 16/8
**mediator** [1] 16/10
**Melnick** [1] 16/8
**member** [2] 13/15 13/17
**members** [17] 9/23 10/14 10/21 10/25 11/15 12/4 12/18 12/22 13/19 14/2 14/11 15/4 17/13 19/2 19/13 20/25 23/1
**mentioned** [1] 25/14
**Merit** [1] 32/2
**merits** [2] 18/10 21/16
**met** [7] 10/13 10/14 10/19 10/20 11/2 12/5 13/7
**method** [10] 12/18 20/24 22/7 22/9 22/10 22/11 22/14 22/17 22/19 23/23
**methods** [2] 22/5 22/9
**Mich** [1] 24/14
**MICHAEL** [1] 2/4
**michael.bongiorno** [1] 2/5
**microphone** [1] 4/7
**might** [2] 16/13 29/25
**Mike** [1] 3/22
**MILES** [2] 2/6 3/24
**milesstockbridge.com** [1] 2/9
**million** [21] 9/3 9/4 10/15 17/16 18/17 18/19 19/23 22/2 22/2 24/5 24/8 24/13 24/16 24/19 24/22 24/22 25/10 26/15 27/5 27/6 27/24
**MILSTEIN** [4] 1/16 3/15 17/20 26/3
**MINER** [4] 2/11 4/3 21/12 28/15
**minute** [1] 6/18
**misconduct** [1] 21/1
**misleading** [1] 12/23
**misrepresentations** [3] 7/18 10/22 12/21
**misrepresenting** [2] 7/13 7/16
**miss** [1] 28/8
**missed** [4] 10/10 12/6 21/5 29/5
**misstatements** [1] 11/3
**mltuccillo** [1] 1/15
**modifications** [1] 28/24
**moment** [1] 29/15
**monies** [1] 17/12
**months** [4] 16/11 29/14 29/24 30/3
**more** [8] 10/16 13/5 16/10 17/15 19/23

25/19 27/7 30/11
**morning** [12] 3/6 3/14 3/18 3/19 3/20 3/21 3/23 4/2 4/5 6/1 6/2 6/3
**Morris** [1] 24/17
**most** [3] 17/7 17/7 25/16
**motion** [29] 4/8 4/12 7/22 7/23 8/3 8/4 8/5 8/7 8/7 8/8 8/9 8/10 8/12 8/21 9/13 10/3 10/4 13/22 15/23 16/1 16/2 19/3 20/14 21/23 29/13 29/19 30/10 30/11 30/14
**motions** [4] 3/18 4/19 6/17 25/3
**moved** [3] 7/21 8/19 15/22
**moving** [1] 4/21
**Mr.** [13] 3/17 6/3 6/8 8/13 9/24 19/10 21/5 21/8 21/12 26/6 28/8 28/10 28/15
**Mr. Bongiorno** [4] 6/3 6/8 21/8 28/10
**Mr. Klausner** [1] 26/6
**Mr. Lindahl** [2] 8/13 19/10
**Mr. Miner** [2] 21/12 28/15
**Mr. Tuccillo** [4] 3/17 9/24 21/5 28/8
**Ms.** [2] 21/10 28/13
**Ms. DeJan-Lenoir** [2] 21/10 28/13
**much** [2] 25/5 25/18
**multiplication** [1] 22/11
**multiplier** [2] 22/13 27/18
**multipliers** [2] 26/20 27/18
**must** [2] 18/25 22/7
**my** [5] 4/18 6/16 28/20 29/13 30/4

**N**

**N.W** [1] 1/16
**N.Y** [1] 24/17
**named** [1] 11/11
**names** [2] 14/2 14/6
**nationally** [1] 17/25
**nature** [2] 13/13 23/16
**Navy** [1] 22/3
**nearly** [1] 17/19
**need** [5] 4/6 4/16 4/17 29/6 30/11
**negotiation** [1] 16/22
**negotiations** [3] 15/18 16/11 25/4
**net** [2] 20/20 20/24
**never** [2] 5/21 13/2
**nevertheless** [1] 5/23
**New** [9] 1/13 1/13 1/16 2/4 2/4 2/11 2/11

14/14 24/2
**New York** [1] 24/2
**news** [1] 7/15
**next** [2] 13/8 15/7
**no** [34]
**nominees** [1] 14/3
**non** [1] 8/17
**non-waiver** [1] 8/17
**nonpayment** [1] 23/4
**Nos** [1] 13/23
**not** [10] 11/7 13/2 13/4 16/13 20/2 23/19 25/8 26/12 26/22 27/12
**nothing** [3] 16/14 27/11 30/22
**notice** [20] 8/4 8/7 8/9 9/17 9/19 13/9 13/11 13/12 13/12 13/20 13/20 14/6 14/8 14/9 14/11 15/1 15/2 19/1 20/4 20/6
**notices** [6] 9/19 9/22 9/23 10/16 14/12 14/25
**notwithstanding** [1] 5/3
**Nov.** [2] 24/15 24/17
**Nov. 26** [1] 24/15
**Nov. 30** [1] 24/17
**Nova** [3] 6/25 9/6 28/3
**Nova Scotia** [3] 6/25 9/6 28/3
**Novavax** [1] 17/17
**novelty** [1] 23/8
**November** [2] 7/9 8/15
**November 4th** [1] 7/9
**now** [6] 3/4 3/9 10/17 16/23 29/15 31/2
**number** [9] 5/12 5/21 10/2 10/14 14/22 14/23 22/12 22/16 22/25
**numerosity** [2] 10/13 10/19
**numerous** [1] 12/2

**O**

**objected** [1] 20/1
**objections** [7] 5/21 9/25 14/20 15/6 18/25 23/1 26/15
**observed** [1] 26/19
**obtained** [3] 17/15 17/17 23/14
**occur** [1] 16/13
**Oct** [1] 22/4
**October** [5] 8/14 9/14 9/21 14/9 14/9
**October 2023** [1] 8/14
**October 25th** [2] 9/21 14/9
**October 4th** [1] 9/14
**odd** [1] 29/16
**off** [3] 4/23 26/8 26/11
**officers** [1] 7/3

**Official** [3] 1/23 32/1 32/2
**often** [2] 29/9 29/19
**okay** [25] 3/6 3/19 4/8 4/15 5/11 5/25 6/5 6/5 6/11 6/15 10/3 11/18 12/13 17/20 21/14 28/12 28/17 28/24 29/3 29/3 29/21 30/1 30/12 30/16 30/17
**oldest** [1] 17/7
**omissions** [3] 10/22 11/4 12/21
**omitted** [1] 20/14
**one** [8] 13/6 17/6 20/1 23/25 24/4 28/21 29/12 30/4
**ongoing** [1] 19/20
**only** [7] 4/20 6/5 11/7 12/17 20/2 27/5 30/4
**opportunity** [1] 15/5
**opposition** [1] 18/15
**opt** [3] 5/16 5/21 5/24
**opt-out** [1] 5/21
**opt-outs** [1] 5/16
**order** [12] 3/2 5/1 5/3 5/23 8/15 9/14 16/4 20/14 21/16 28/18 28/24 29/4
**orders** [1] 8/16
**other** [13] 5/16 5/18 7/20 14/4 17/2 17/23 23/10 24/1 24/10 24/25 25/6 26/10 27/21
**Others** [1] 6/22
**our** [2] 4/23 5/1
**out** [6] 5/21 5/24 10/5 29/8 29/23 30/3
**outs** [1] 5/16
**over** [6] 9/20 12/17 16/11 19/1 25/2 25/2
**overlap** [1] 23/19
**owners** [2] 14/5 14/7

**P**

**P.C** [1] 2/6
**page** [3] 14/12 20/5 32/7
**Palm** [1] 6/21
**Palm Tran** [1] 6/21
**pandemic** [1] 7/6
**papers** [2] 4/23 5/1
**paperwork** [1] 29/18
**paragraph** [4] 5/2 5/7 17/6 29/1
**paragraph 12** [3] 5/2 5/7 29/1
**paragraph 51** [1] 17/6
**part** [5] 8/11 8/11 14/2 16/3 16/3
**partially** [2] 8/5 8/8
**participated** [2] 16/9 16/10
**parties** [12] 8/3 8/16 8/22 8/25 9/1 11/11 14/4 16/1 16/7 16/10

**P**

parties [2] 16/18 28/21
partner [4] 17/4 17/20 26/9 26/10
partner-level [1] 26/10
Patent [1] 24/1
patience [2] 6/19 21/22
Patricia [3] 1/23 32/2 32/12
payment [3] 25/8 27/10 27/12
pendency [2] 9/19 15/5
pending [2] 3/9 3/18
Pension [3] 6/22 6/25 28/3
people [1] 13/1
Per [1] 9/10
percent [14] 18/21 20/15 22/3 23/20 24/8 24/12 24/15 24/18 24/21 25/11 26/8 27/4 27/17 27/20
percentage [6] 22/10 22/14 22/15 22/17 22/19 23/23
percentages [1] 27/21
perform [1] 23/9
perhaps [1] 10/17
period [5] 10/16 11/5 20/9 20/13 20/19
permitted [1] 23/25
person [1] 16/8
persons [1] 22/25
perspective [4] 6/9 12/7 29/7 30/18
Petrobras [1] 17/15
Philip [1] 24/17
pick [1] 30/1
PICKERING [1] 2/3
plain [1] 13/13
plaintiff [3] 17/7 28/3 28/6
plaintiff-side [1] 17/7
plaintiffs [24] 1/11 3/16 4/9 4/13 7/7 7/21 7/22 7/24 8/19 9/7 9/12 11/3 12/3 12/14 12/22 15/20 15/22 15/24 18/11 19/3 19/6 19/24 20/2 21/23
plaintiffs' [15] 4/12 8/4 8/5 8/8 8/9 10/21 11/19 12/6 13/23 16/25 18/10 18/20 23/5 25/21 29/6
plan [11] 4/11 6/22 6/25 20/3 20/6 20/7 20/11 20/15 20/22 21/3 28/4
pleading [1] 19/5
please [4] 3/6 3/13 5/12 30/19
PLLC [2] 1/16 17/21

point [2] 20/6 29/8
Police [2] 7/1 28/6
POMERANTZ [8] 1/12 3/17 11/25 17/4 17/6 17/10 25/25 27/3
Pomerantz's [2] 11/23 26/9
pomlaw.com [1] 1/15
PORTER [2] 2/10 4/3
possibility [1] 16/14
post [1] 9/22
postcard [2] 10/16 14/13
postcards [3] 14/10 14/15 20/5
posted [1] 20/4
posture [1] 15/15
potential [3] 9/23 14/2 19/2
practicable [2] 13/21 15/1
practice [1] 11/23
preclusion [1] 23/10
predominance [2] 12/20 13/7
predominate [2] 12/17 12/25
prejudice [3] 9/11 21/16 21/20
preliminary [3] 5/3 9/13 9/14
preparing [1] 26/12
presence [1] 22/25
present [1] 15/5
presiding [1] 3/5
previously [5] 7/23 12/1 13/11 26/23 28/25
prices [1] 7/19
primary [1] 22/9
principal [1] 18/2
Private [1] 8/1
privilege [1] 8/17
pro [1] 20/19
probably [1] 29/13
procedural [1] 10/6
proceedings [2] 31/3 32/6
process [3] 13/10 15/3 29/16
processing [1] 29/15
produced [1] 8/25
product [3] 8/18 16/21 22/12
professional [1] 23/16
program [1] 13/12
project [1] 13/25
projected [1] 16/12
promulgated [1] 7/11
proof [3] 18/11 19/6 19/25
proper [1] 11/1
propose [1] 29/23
proposed [8] 5/1 5/23 9/16 9/17 9/19 11/8 15/16 28/18
prosecuted [1] 17/18

protracted [2] 25/3 27/11
provide [2] 14/6 14/6
provides [1] 21/15
proving [1] 19/7
PSLRA [4] 8/2 15/25 19/5 22/18
publication [2] 14/8 20/5
published [1] 9/20
purchase [1] 20/8
purchased [4] 11/6 14/4 19/13 20/12
purchasers [1] 14/5
purchases [2] 14/7 20/18
purpose [1] 3/11
purposes [1] 9/17
pursuant [2] 9/16 32/4
pursue [2] 13/2 13/4
put [1] 29/22

**Q**

qualified [1] 17/7
quarter [1] 19/20
questions [4] 10/23 12/16 12/17 12/25
quicker [1] 29/25
quoting [1] 17/5

**R**

raise [1] 10/22
rata [1] 20/19
rate [3] 22/12 25/5 25/16
rates [2] 25/14 26/10
re [7] 1/3 15/10 24/1 24/6 24/11 24/14 27/2
reached [1] 27/12
reaching [1] 17/24
read [3] 4/18 6/16 11/19
ready [1] 30/13
really [1] 29/19
reason [1] 6/16
reasonable [17] 15/2 15/8 15/14 20/23 20/23 21/3 22/12 24/24 25/1 25/11 25/13 26/21 27/16 27/25 28/2 28/4 28/7
reasonably [1] 15/3
reassigned [1] 8/6
receive [1] 27/10
received [11] 4/25 5/7 5/8 5/8 9/25 10/1 14/17 14/18 14/20 14/21 25/8
recently [1] 17/15
recognized [5] 17/25 20/8 20/16 20/17 20/21
recommend [1] 5/24
recommended [1] 25/16
record [6] 3/13 4/18 6/17 11/14 22/23 29/6

recover [2] 19/25 23/25
recovered [1] 17/12
recoveries [1] 24/23
recovering [1] 16/14
recovery [11] 18/14 20/11 20/20 22/10 22/14 22/15 22/17 22/19 23/20 23/23 25/11
reduce [1] 16/18
reduced [1] 26/10
reference [1] 17/14
Reform [1] 8/1
Registered [1] 32/2
regularly [1] 11/21
regulation [1] 7/11
regulations [1] 32/8
related [1] 8/4
relationship [1] 23/16
relative [1] 18/9
relevant [1] 12/22
reliably [1] 29/24
reliance [2] 12/24 19/12
relief [1] 13/2
rely [1] 15/12
remember [1] 5/11
removed [1] 11/7
repeat [1] 26/22
reply [3] 4/23 4/25 13/23
report [1] 30/11
reported [1] 32/6
reporter [5] 1/23 5/5 32/1 32/2 32/12
represent [1] 11/12
representation [2] 11/9 18/4
representative [4] 9/5 21/24 28/3 28/5
representatives [2] 8/20 21/17
represented [1] 21/18
representing [2] 11/24 25/23
represents [1] 11/21
reputation [2] 17/10 23/15
request [2] 27/23 30/4
requested [2] 23/2 27/16
requesting [2] 5/5 13/18
requests [3] 10/1 13/17 14/20
required [2] 23/8 23/9
requirement [4] 10/13 10/20 11/2 11/9
requirements [3] 10/12 12/5 13/7
requires [1] 22/11
researched [1] 15/20
resent [1] 14/15
reserve [1] 19/11
resolution [2] 17/18 27/12

resolve [1] 13/5
resolved [1] 17/2
Resorts [1] 17/16
Resource [1] 26/17
respect [6] 12/7 12/19 12/21 17/15 20/13 21/5
resulting [2] 7/19 17/22
results [2] 17/10 23/14
retirement [3] 7/1 18/4 28/6
retrial [1] 16/15
returned [1] 14/13
review [1] 8/24
reviewed [5] 4/15 9/2 13/21 25/20 28/19
reward [2] 24/21 28/5
Richard [1] 6/24
Ridgewood [1] 22/20
right [17] 4/5 4/22 5/15 6/5 6/8 6/11 6/16 6/18 10/9 10/11 12/14 21/21 29/3 29/11 30/7 30/17 30/23
rights [3] 17/23 17/23 19/12
rise [2] 3/3 31/1
risk [4] 9/9 16/14 23/4 27/11
risks [3] 16/13 19/15 20/11
RMR [2] 1/23 32/12
Robert [4] 3/25 6/24 11/21 18/2
Robert G. Kramer [1] 6/24
Robert Kramer [1] 3/25
room [1] 25/18
routinely [1] 27/14
rule [17] 7/11 9/16 10/12 10/13 10/13 12/4 12/7 12/15 12/16 13/8 13/19 15/7 15/9 15/13 20/13 21/4 22/5
Rule 12 [1] 20/13
Rule 23 [9] 9/16 10/12 10/13 12/4 12/7 12/16 13/19 21/4 22/5
rules [1] 25/15
ruling [2] 4/18 28/20

**S**

S.D [1] 24/17
same [4] 6/7 10/22 12/20 12/24
say [1] 29/24
says [2] 5/2 5/7
scheduling [2] 8/15 16/4
SCHOLER [1] 2/10
school [1] 30/5
scienter [5] 10/25 11/4 12/24 19/7 19/8
Scotia [3] 6/25 9/6

**S**

Scotia... [1] 28/3
seated [1] 3/7
SEC [1] 19/19
Second [1] 13/20
Section [2] 7/10 8/12
Section 10 [1] 7/10
securities [21] 1/4
3/11 7/2 7/10 8/1
10/19 11/22 11/22
12/2 14/4 15/10 17/1
17/2 17/8 17/9 17/12
17/23 18/5 18/18
18/22 27/2
see [1] 29/21
seek [3] 12/14 19/12
19/14
seeking [1] 22/2
seeks [1] 26/14
seemingly [1] 29/17
seems [1] 11/23
SELLERS [2] 1/16
17/21
sending [1] 19/1
sent [5] 9/19 9/22
14/10 14/13 14/13
separate [1] 15/21
September [5] 8/11
9/1 9/12 16/3 30/7
September 5th [1]
30/7
serve [1] 12/1
service [1] 23/9
Services [2] 14/1
26/17
session [3] 3/4 16/8
16/9
set [2] 20/3 22/15
settlement [60]
settlements [1] 18/23
seven [1] 22/20
several [3] 17/3 25/3
26/21
shareholder [1] 7/20
shareholders [1] 7/8
shares [5] 10/15 11/6
19/13 20/9 20/11
sharply [1] 7/19
She [1] 14/1
should [2] 28/21
30/14
showed [1] 25/7
shows [1] 27/24
side [1] 17/7
signed [1] 9/1
significant [2] 16/4
17/10
significantly [1] 18/19
similar [6] 23/5 23/11
23/17 23/20 24/23
27/21
similarly [2] 6/22
25/12
simply [5] 5/24 29/8
29/18 30/5 30/14
since [2] 14/18 19/19
Situated [1] 6/23

six [5] 7/20 16/11
29/14 29/24 30/3
six months [4] 16/11
29/14 29/24 30/3
size [1] 22/24
skill [2] 23/2 23/9
slightly [1] 27/7
so [9] 4/8 5/9 6/8 11/2
20/15 28/18 29/2
29/18 29/23
solvency [3] 18/13
19/18 20/1
some [2] 8/12 29/16
some-odd [1] 29/16
sometimes [1] 29/16
SOMMERS [4] 1/18
3/15 11/20 17/20
sought [4] 8/22 26/25
27/4 27/7
SOUTHERN [3] 1/2
24/2 26/18
speak [3] 4/6 4/6 6/5
specializes [1] 18/3
spend [1] 26/13
Sr [1] 6/24
staff [3] 25/17 26/1
26/4
stage [1] 29/9
standard [1] 19/5
stands [1] 31/2
start [4] 10/12 22/1
22/17 30/5
started [1] 14/9
starts [1] 18/24
stated [2] 13/12 28/25
statements [1] 12/23
states [8] 1/1 1/9 3/3
17/5 17/8 18/23 32/3
32/8
status [2] 29/22 30/11
statute [1] 22/18
stay [4] 8/2 8/5 8/8
15/25
stenographically [1]
32/6
stenographically-repo
rted [1] 32/6
step [2] 29/12 29/12
stipulations [1] 8/16
stock [4] 7/8 7/19 11/5
20/18
STOCKBRIDGE [2]
2/6 3/24
stood [1] 19/25
straightforward [1]
29/19
Strategic [2] 13/25
20/4
Street [3] 2/3 2/7 2/10
strength [1] 18/9
strengths [1] 19/3
strong [1] 18/11
Student [1] 23/21
submitted [2] 10/18
28/19
substance [1] 7/13
substances [1] 7/6

substantial [2] 17/12
23/1
substantively [1]
14/25
succeed [1] 13/4
successful [1] 17/18
suffered [1] 20/25
sufficient [2] 13/9
15/1
Suite [2] 1/16 1/24
sum [1] 20/16
superior [2] 12/18
13/1
superiority [1] 13/7
Supp [2] 24/11 26/17
supplemental [1]
13/22
support [1] 25/17
supported [1] 20/10
sure [5] 5/14 25/5
28/18 28/21 30/13
surrounding [1] 15/17
survived [1] 19/3
Syed [2] 3/25 6/24
System [2] 7/1 28/7
systems [1] 18/4

**T**

table [1] 6/12
take [3] 6/17 10/10
30/25
tasked [1] 7/5
TDC [1] 27/3
telephone [1] 16/11
telling [1] 30/11
terms [2] 23/2 23/24
text [1] 29/2
than [10] 5/9 5/18
10/16 19/23 25/5
25/19 27/7 27/18
27/21 30/5
thank [12] 4/7 4/20
4/21 6/15 6/19 12/13
21/22 30/9 30/21
30/22 30/23 31/2
thank you [10] 4/7
4/20 4/21 6/15 6/19
21/22 30/9 30/21
30/22 31/2
thanks [3] 5/25 10/11
12/10
that [81]
that's [8] 4/11 4/14
18/16 21/25 22/3 27/2
28/19 30/2
their [13] 12/4 13/3
13/4 15/6 16/18 19/12
20/17 20/19 25/5 25/7
25/24 26/1 26/4
them [5] 7/13 11/6
15/5 23/19 23/19
then [9] 8/10 10/3
14/5 15/21 16/2 16/10
17/14 22/13 30/10
there [22] 4/17 4/24
4/25 5/4 5/6 5/15 5/20
6/9 10/18 11/10 11/12

11/14 13/9 14/18
18/25 19/20 22/9
23/23 24/12 26/15
29/5 29/23
there's [1] 17/14
thereunder [1] 7/11
these [6] 6/17 18/6
19/22 23/18 24/20
25/23
they [24] 5/8 5/24 7/12
9/9 10/24 11/5 11/12
13/2 13/3 13/16 15/21
16/9 16/12 23/7 24/25
25/3 25/8 25/24 26/1
26/3 26/13 27/3 27/7
27/10
think [1] 25/18
third [6] 1/13 8/24
14/4 19/19 23/25 24/4
this [26] 3/9 3/18 5/2
6/17 10/19 11/7 13/6
16/14 17/3 17/6 17/17
19/8 22/13 24/21
24/21 25/2 25/5 25/8
25/15 25/18 26/23
26/25 29/9 30/24 31/1
32/9
those [5] 4/15 5/22
14/13 14/14 20/16
thousand [1] 25/2
thousands [1] 13/5
three [4] 7/3 8/23 16/6
27/13
three years [1] 16/6
through [6] 13/6
13/15 14/8 15/2 23/19
29/1
throughout [2] 18/23
25/8
time [10] 5/21 13/17
15/16 23/4 23/7 23/12
26/9 26/12 26/13
30/11
times [3] 26/14 27/8
27/14
today [6] 3/11 4/8
23/18 29/6 29/20
30/24
told [1] 11/12
TOLL [2] 1/16 17/21
too [1] 25/1
took [1] 25/11
total [8] 5/10 14/19
20/21 24/22 26/9
26/12 26/25 27/20
Tran [1] 6/21
transactions [1] 20/16
transcript [2] 32/5
32/7
Transit [1] 6/21
trial [4] 16/12 16/13
18/12 19/16
true [1] 32/5
try [1] 5/11
Tuccillo [7] 3/16 3/17
9/24 11/20 17/4 21/5
28/8

TUCILLO [1] 1/14
turn [2] 18/8 21/21
two [6] 9/6 19/4 22/5
22/9 26/11 27/13
types [1] 25/23
typical [1] 11/8
typicality [1] 11/2
typically [1] 29/9

**U**

U.S.C [1] 32/4
Ultimately [1] 21/2
undeliverable [1]
14/14
under [12] 9/8 10/13
12/15 12/16 13/8
13/19 15/3 15/7 19/5
19/24 21/4 23/24
understand [1] 19/7
understood [1] 13/13
undesirability [1]
23/15
Union [2] 6/21 22/4
UNITED [7] 1/1 1/9 3/3
17/8 18/23 32/3 32/8
United States [2] 17/8
18/23
unknown [1] 10/15
unopposed [4] 4/8
4/12 9/12 21/23
until [1] 27/11
untimely [1] 14/18
up [1] 4/6
update [1] 4/24
us [1] 30/22
using [3] 4/6 9/22
22/18
usually [1] 22/19

**V**

vaccines [1] 7/7
valid [2] 9/25 14/20
very [1] 4/6
via [2] 14/10 14/13
violated [1] 10/24
violations [2] 7/9 11/1
Virginia [1] 26/19
Vitamins [1] 24/6
voices [1] 4/6

**W**

W.D [1] 24/11
waiver [1] 8/17
want [4] 28/18 28/20
29/22 30/8
warnings [2] 16/17
19/19
was [35]
Washington [1] 1/17
way [1] 15/2
we [11] 3/11 4/11 4/23
4/23 5/22 10/3 29/5
29/12 29/18 29/25
30/14
we're [4] 4/8 10/18
29/15 30/13
web [2] 14/12 20/5

## W

**web page [2]** 14/12
20/5
**week [1]** 30/4
**weekly [1]** 16/11
**weighing [2]** 19/22
22/15
**weighs [1]** 18/8
**weight [1]** 18/25
**were [20]** 4/24 5/15
5/20 5/22 5/22 7/20
9/19 9/22 10/1 10/15
10/16 10/18 10/25
14/12 14/13 14/14
14/18 14/25 18/25
31/3
**West [2]** 2/10 26/19
**West Virginia [1]**
26/19
**what [1]** 29/23
**when [3]** 5/12 11/5
11/6
**where [2]** 19/24 26/24
**whether [9]** 10/23
10/24 10/25 11/10
13/9 13/10 15/7 15/13
23/12
**which [28]** 4/18 5/9
8/3 8/7 8/18 11/6
15/12 16/1 18/22
18/24 20/3 20/5 20/13
20/14 22/13 24/3 24/3
24/7 24/18 25/24
25/25 26/2 26/3 26/4
26/6 26/22 27/4 29/16
**Whitaker [1]** 22/3
**who [7]** 7/8 7/23 13/17
14/4 14/5 19/13 20/25
**whole [1]** 5/21
**wide [1]** 18/21
**will [20]** 3/17 4/18 5/8
5/11 9/10 10/1 10/2
10/10 13/8 13/16
14/21 15/12 21/16
22/17 22/23 23/19
26/13 26/22 29/3
29/18
**WILMER [2]** 2/3 3/22
**Wilmer Hale [1]** 3/22
**wilmerhale.com [1]**
2/5
**WL [3]** 22/4 23/21
24/6
**work [3]** 8/18 23/11
30/24
**worked [7]** 22/12 25/1
25/25 26/1 26/3 26/4
26/6
**would [14]** 3/7 4/24
19/17 25/12 26/1 26/2
26/4 26/5 26/6 27/10
29/8 29/22 29/24 30/4
**writing [1]** 16/19
**wrote [2]** 26/8 26/11
**Wynn [1]** 17/16
**Wynn Resorts [1]**
17/16

## Y

**year [2]** 4/23 30/16
**year [3]** 8/15 17/19
25/4
**years [3]** 16/6 16/13
25/3
**Yes [2]** 3/8 28/23
**yesterday [3]** 5/1 5/9
29/2
**yet [1]** 25/9
**York [8]** 1/13 1/13
1/16 2/4 2/4 2/11 2/11
24/2
**you [21]** 3/7 4/6 4/7
4/20 4/21 6/15 6/19
11/15 11/15 12/13
21/22 29/9 29/15
29/17 29/23 30/9
30/11 30/21 30/22
30/23 31/2
**you know [2]** 29/15
29/17
**you're [1]** 10/9
**you've [1]** 5/18
**your [35]**
**Your Honor [29]** 3/14
3/21 4/2 4/20 5/20
6/10 6/13 6/14 10/7
10/8 11/17 12/8 12/9
12/11 12/12 14/24
21/7 21/9 21/11 21/13
28/9 28/11 28/14
28/16 28/23 29/8
30/20 30/21 30/22
**yourselves [1]** 3/13

## Z

**zero [1]** 5/20
**Zoom [1]** 16/9